1  CHRISTOPHER H. McGRATH (SB# 149129)
   chrismcgrath@paulhastings.com
2  OLEG CROSS (SB# 246680)
   olegcross@paulhastings.com
3  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   3579 Valley Centre Drive
4  San Diego, CA  92130
   Telephone:  (858) 720-2500
5  Facsimile:  (858) 720-2555

6  THOMAS A. ZACCARO (SB# 183241)
   thomaszaccaro@paulhastings.com
7  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   515 South Flower Street, Twenty-Fifth Floor
8  Los Angeles, CA  90074-2228
   Telephone:  (213) 683-6000
9  Facsimile:  (213) 627-0705

10 EDWARD HAN (SB# 196924)
   edwardhan@paulhastings.com
11 PAUL, HASTINGS, JANOFSKY & WALKER LLP
   55 Second Street, 24th Floor
12 San Francisco, CA  94105
   Telephone:  (415) 856-7000
13 Facsimile:  (415) 856-7100

14 *Attorneys for Defendant VeriSign, Inc.*

15                UNITED STATES DISTRICT COURT

16                NORTHERN DISTRICT OF CALIFORNIA

17                    SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS MYKITSHYN, Individually and On Behalf of All Others Similarly Situated, | Civil Action No. _____ |
| Plaintiff, | State Case No. 1-07-CV-085890 |
| vs. | CLASS ACTION |
| D. JAMES BIDZOS, WILLIAM L. CHENEVICH, DAVID J. COWAN, MICHELLE GUTHRIE, SCOTT G. KRIENS, LEN J. LAUER, ROGER H. MOORE, EDWARD A. MUELLER, GREGORY L. REYES, WILLIAM A. ROPER, JR., STRATTON D. SCLAVOS, LOUIS A. SIMPSON, VERISIGN, INC., | **NOTICE OF REMOVAL OF ACTION** [28 U.S.C. §§ 1441, 1446 and 15 U.S.C. § 78bb(f)(2)] |
| Defendants. | |

Case No. _____                               NOTICE OF REMOVAL OF ACTION

# NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant VeriSign, Inc. ("VeriSign"), by and through its counsel, submits this Notice of Removal pursuant to 15 U.S.C. §§ 77p(c) and 78bb(f)(2), and 28 U.S.C. §§ 1441(a) and (b) and 1446, removing this action from the Superior Court of the State of California, County of Santa Clara, in which the action is currently pending, to the United States District Court for the Northern District of California. Federal question jurisdiction exists under 15 U.S.C. §§ 77, *et seq.* and 78, *et seq.* and 28 U.S.C. § 1331.

VeriSign states the following facts as grounds for removal:

1. Plaintiff commenced this putative class action captioned *Mykityshyn v. Bidzos*, 1-07-CV-085890, in the Superior Court of the State of California, County of Santa Clara (referred herein as "this Action" or "State Court Action"). The Complaint in this action was filed on May 15, 2007. It was served on VeriSign's agent, C T Corporation System, on May 25, 2007. None of the other Defendants named in the Complaint have been served. *See* Cross Decl., ¶ 3 and Ex. F.

2. This action is styled as a putative shareholder class action brought under state law on behalf of all individuals who owned VeriSign common stock between April 3, 2002 and August 9, 2006, *see* Compl. ¶ 1, and received VeriSign's proxy statements containing allegedly false statements that VeriSign did not backdate their option grants. *See id.* ¶ 69. The Complaint also alleges that had they known of the alleged backdating, the shareholder class would not have approved of the amendments or adopted the VeriSign employee option plan, which added shares available under the existing plans and, as a result, the shareholder class was harmed in that its voting power and proportionate share of the Company was diluted. *See id.* ¶¶ 71-72. The Complaint further alleges that, while members of the putative class were shareholders of VeriSign, in response to the Company's announcement that there were investigations being conducted concerning its option granting practices, VeriSign's stock significantly dropped in price. *See id.* ¶ 47. The Complaint seeks damages against Defendants. *See* Compl. ("Prayer for Relief").

3. This action is being removed pursuant to the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), Pub. L. No. 105-353, 112 Stat. 3227 (1998), which became effective on November 3, 1998. SLUSA amended Section 28 of the Securities Exchange Act of 1934, 15 U.S.C. § 78bb,[1] by adding, *inter alia*, paragraph (f)(2) – "Removal of covered class actions." This paragraph provides:

> Any covered class action brought in any State court involving a covered security, as set forth in paragraph (1), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to paragraph (1).

Paragraph (f)(1), referred to in the preceding removal provision, provides:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging – (A) a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or (B) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

4. This action is a "covered class action" within the meaning of 15 U.S.C. § 78bb(f)(5)(B) because (i) Plaintiff seeks recovery of damages on behalf of himself and a prospective class of other similarly situated holders of VeriSign, Inc. ("VeriSign") common stock, and Plaintiff alleges that questions of law and fact common to the members of the class predominate over any questions affecting only individual persons or members; and (ii) damages are sought on behalf of more than 50 persons or prospective class members, and Plaintiff alleges that questions of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on an alleged misrepresentation or omission, predominate over any questions affecting only individual persons or members. *See* Compl. ¶ 27.

5. This action involves a "covered security" within the meaning of 15 U.S.C. § 78bb(f)(5)(E) because, at the time of the alleged misrepresentations were alleged to have occurred, VeriSign common stock was listed on NASDAQ.

6. As reflected in the Complaint, this action alleges, *inter alia*, misrepresentations or omissions of material fact by Defendants in connection with the purchase or sale of covered

---

[1] The Securities Act of 1933 was likewise amended by SLUSA at 15 U.S.C. § 77p.

securities, and/or that Defendants used or employed a manipulative or deceptive device or contrivance in connection with the purchase or sale of securities. Such allegations fall within the scope of SLUSA's preemption and removal provisions. 15 U.S.C. § 78bb(f)(1); *see* 15 U.S.C. § 77p(b). The Complaint alleges, *inter alia*, that Defendants made, or caused the Company to make, misrepresentations about the Company's option granting practices, and as a result of Defendants' alleged misrepresentations, VeriSign's stock price dropped. *See generally*, Compl. ¶¶ 1-69.

7.  Congress exempted from SLUSA's purview certain types of class actions "based upon the statutory or common law of the State in which the issuer is incorporated (in the case of incorporation) or organized (in the case of any other entity)." 15 U.S.C. §78bb(f)(3)(A) ("Actions under State law of State of incorporation"); *see* 15 U.S.C. § 77p(d)(1). This exemption applies only where the action is a "State law" action within the meaning of the statute and only if it involves:

>   I. the purchase or sale of securities by the issuer or an affiliate of an issuer exclusively from or to holders of equity securities of the issuer; or
>
>   II. any recommendation, position, or other communication with respect to the sale of securities of an issuer that –
>
>   >   (aa) is made by or on behalf of the issuer or an affiliate of the issuer to holders of equity securities of the issuer; and
>   >
>   >   (bb) concerns decisions of such equity holders with respect to voting their securities, acting in response to a tender or exchange offer, or exercising dissenters' or appraisal rights.

15 U.S.C § 78bb(f)(3)(A)(ii); *see* 15 U.S.C. § 77p(d)(1)(B). Plaintiff's action does not satisfy any of these requirements and therefore is not exempt from SLUSA.

8.  Jurisdiction. This is a civil action over which this Court has jurisdiction pursuant to 15 U.S.C. §§ 77p and 78bb(f) and 28 U.S.C. § 1331, without regard to the amount in controversy or citizenship of the parties, and which is properly removable pursuant to 15 U.S.C. §§ 77p(c) and 78bb(f)(2) and 28 U.S.C. §§ 1331 and 1441.

9.  This Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

10. The other Defendants named in the Complaint, D. James Bidzos, William L. Chenevich, David J. Cowan, Michelle Guthrie, Scott G. Kriens, Len J. Lauer, Roger H. Moore, Edward A. Mueller, Gregory L. Reyes, William A. Roper, Jr., Stratton D. Sclavos and Louis A. Simpson, do not join in this Notice of Removal because, as of the date of this Notice, they have not been served with Summons and Complaint. *See* Cross Decl., ¶ 3 and Ex. F.

11. Venue in this District is proper under 15 U.S.C. § 78bb(f)(2) and/or 28 U.S.C. § 1441(a) because the State Court Action is pending in a state court located within this District.

12. Intradistrict Assignment. Pursuant Civil L. Rules 3-5(b) and 3-2(c), VeriSign removes this action to the San Francisco Division of the United States District Court for the Northern District of California because of a related case pending in that Division, captioned *In re VeriSign, Inc. Derivative Litigation*, C-06-4165-PJH. VeriSign will file and serve concurrently with this Notice of Removal a Notice of Related Case.

13. By filing this Notice of Removal, VeriSign does not waive, expressly or impliedly, any defenses, claims or rights of any kind.

14. A copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Santa Clara, in conformity with 28 U.S.C. § 1446(d).

15. Written notice of the filing of this Notice of Removal will be given to all adverse parties in conformity with 28 U.S.C. § 1446(d).

16. A true and correct copy of all process, pleadings, and orders served upon VeriSign in the State Court Action are submitted, pursuant to 28 U.S.C. § 1446(a), as attached to the Declaration of Oleg Cross as Exhibits A-G.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

WHEREFORE, VeriSign removes this entire action, and all claims and causes of action included therein, from the Superior Court of the State of California, County of Santa Clara, to the United States District Court for the Northern District of California.

DATED: June 25, 2007

EDWARD HAN
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____
         EDWARD HAN

THOMAS A. ZACCARO
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street, Twenty-Fifth Floor
Los Angeles, CA 90074-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

CHRISTOPHER H. McGRATH
PAUL, HASTINGS, JANOFSKY & WALKER LLP
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 720-2500
Facsimile: (858) 720-2555

*Attorneys for Defendant VeriSign, Inc.*

LEGAL_US_W # 56514506.1

Case No. _____

-5-                                        NOTICE OF REMOVAL OF ACTION