# EXHIBIT B

# EXHIBIT B

MAY. 15. 2007   2:01PM    A & A LEGAL SERVICE 6506974640          NO. 7913   P. 2

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Patrice L. Bishop (SBN 182256)<br>STULL, STULL & BRODY<br>10940 Wilshire Boulevard, Suite 2300<br>Los Angeles, CA 90024<br>TELEPHONE NO.: (310) 209-2468    FAX NO.: (310) 209-2087<br>ATTORNEY FOR (Name): Plaintiff Thomas Mykityshyn | **FILED**<br>2007 MAY 15 PM 3: 45<br>KIRI TORRE<br>EXEC OFFICER/CLERK<br>SUPERIOR COURT OF CA<br>COUNTY OF SANTA CLARA<br>DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: same
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior

| CASE NAME: |
|---|
| THOMAS MYKITYSHYN, etc. v. D. JAMES BIDZOS, et al. |

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CV085896<br>JUDGE:<br>DEPT: |

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [✓] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Fraud (16) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | |
| **Employment** | [ ] Writ of mandate (02) | |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Type of remedies sought (check all that apply):
   a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify):
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)
Date: May 15, 2007

Patrice L. Bishop, Esq.
(TYPE OR PRINT NAME)                                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]            **CIVIL CASE COVER SHEET**            Cal. Rules of Court, rules 2.230, 3.400–3.403;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

# CIVIL LAWSUIT NOTICE

CASE NUMBER: 107 **CV085890**

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

### READ THIS ENTIRE FORM

*PLAINTIFFS* (the person(s) suing):  Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons, an Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

*DEFENDANTS* (the person(s) being sued):  You must do each of the following to protect your rights:

1. You must file a written response to the Complaint, in the clerk's office of the Court, within 30 days of the date the *Summons* and *Complaint* were served on you;

2. You must send a copy of your written response to the plaintiff; and

3. You must attend the first Case Management Conference.

   **Warning: If you do not do these three things, you may automatically lose this case.**

---

*RULES AND FORMS:*  You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms.  You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing, 39 N. First St., San Jose (408-293-8177)

For other local information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

*CASE MANAGEMENT CONFERENCE (CMC):*  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.  You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.

---

| | |
|---|---|
| Your Case Management Judge is: Hon. Jack Komar   for all purposes | DEPT: 17C |

The first CMC is scheduled as follows: (Completed by Clerk of Court)
   Date: SEP 2 5 2007   Time: 10:00am  Dept: 17C

The next CMC is scheduled as follows:  (Completed by party if the first CMC was continued or has passed)
   Date: _____   Time: _____  Dept.: _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):*  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference.  Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

Form CV-5012
Rev. 1/01/04

**CIVIL LAWSUIT NOTICE**

# EXHIBIT C

# EXHIBIT C

MAY. 15. 2007  2:01PM  A-P A LEGAL SERVICE 6506974640                    NO. 7913  P. 3



SUM-100

**SUMMONS**
*(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
2007 MAY 15  PM 3: 45
KIRI TORRE
F EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
CNTY OF SANTA CLARA
DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
D. JAMES BIDZOS,

[Additional Parties Attachment Form is attached]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
THOMAS MYKITYSHYN, on Behalf of Himself and All Others
Similarly Situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER *(Número del Caso):* **CV 085890** |
|---|---|

Superior Court of California, County of Santa Clara
191 North First Street
San Jose, CA 95113

**FILE VIA FAX**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Patrice L. Bishop (SBN 182256)                    Tel: (310) 209-2468
STULL, STULL & BRODY, 10940 Wilshire Boulevard, Suite 2300, Los Angeles, CA 90024

| DATE: MAY 15 2007 *(Fecha)* | Clerk, by Kiri Torre *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

(SEAL)

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|

MAY. 15. 2007   2:02PM   A⎯⎯⎯ LEGAL SERVICE 6506974640        NO. 7913   P. 4

SUM-200(A)

| SHORT TITLE:                              | CASE NUMBER: |
|-------------------------------------------|--------------|
| MYKITYSHYN, etc. v. BIDZOS, et al.        |              |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[ ] Plaintiff   [✓] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

WILLIAM L. CHENEVICH,
DAVID J. COWAN,
MICHELLE GUTHRIE,
SCOTT G. KRIENS,
LEN J. LAUER,
ROGER H. MOORE,
EDWARD A. MUELLER,
GREGORY L. REYES,
WILLIAM A. ROPER, JR.,
STRATTON D. SCLAVOS,
LOUIS A. SIMPSON,
VERISIGN, INC.

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

American LegalNet, Inc.
www.FormsWorkflow.com

# EXHIBIT D

# EXHIBIT D

Patrice L. Bishop (182256)
STULL, STULL & BRODY
10940 Wilshire Boulevard
Suite 2300
Los Angeles, CA. 90024
Tel:    (310) 209-2468
Fax:    (310) 209-2087

Counsel for Plaintiff

FILED    UCS

2007 JUN -6 PM 2:00

KIRI TORRE
F EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
OUNTY OF SANTA CLARA
_____DEPUTY
S. GAMBOA

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA CLARA

THOMAS MYKITYSHYN, on Behalf of
Himself and All Others Similarly Situated,

               Plaintiff,

    v.

D. JAMES BIDZOS,
WILLIAM L. CHENEVICH,
DAVID J. COWAN,
MICHELLE GUTHRIE,
SCOTT G. KRIENS,
LEN J. LAUER,
ROGER H. MOORE,
EDWARD A. MUELLER,
GREGORY L. REYES,
WILLIAM A. ROPER, JR.,
STRATTON D. SCLAVOS,
LOUIS A. SIMPSON,
VERISIGN, INC.,

               Defendants.

CASE NO. 1:07CV085890

**CLASS ACTION**

**PROOF OF SERVICE OF SUMMONS
ON DEFENDANT VERISIGN, INC.**

**PROOF OF SERVICE OF SUMMONS ON DEFENDANT VERISIGN, INC.**
W:\STULL\VERISIGN3\PLD\Caption.wpd

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | 11-84257 | FOR COURT USE ONLY |
|---|---|---|

PATRICE L. BISHOP, Bar No.: 182256
STULL, STULL & BRODY                    a
10940 WILSHIRE BL., SUITE 2300
LOS ANGELES, CA 90024
  TELEPHONE NO.: (310) 209-2468
ATTORNEY FOR (Name): PLAINTIFF

FILED

2007 JUN -6  PM 2:00

KIRI TORRE
F EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
DEPUTY

S. GARCIA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF: SANTA CLARA
  STREET ADDRESS: Per Cal. Rule of Court 982.9.(a)(8):
  MAILING ADDRESS: The address of the court is not required
  CITY AND ZIP CODE:
  BRANCH NAME: SAN JOSE - UNLIMITED

PLAINTIFF/PETITIONER: MYKITYSHYN

DEFENDANT/RESPONDENT: BIDZOS

CASE NUMBER:
107CV085890

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:
00303810-01 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
  a. ☒ summons
  b. ☒ complaint
  c. ☐ Alternative Dispute Resolution (ADR) package
  d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
  e. ☐ cross-complaint
  f. ☒ other *(specify documents):* SUMMONS & COMPLAINT; CIVIL CASE COVER SHEET; CIVIL LAWSUIT NOTICE; SANTA CLARA SUPERIOR COURT ADR INFORMATION SHEET

3. a. Party served *(specify name of party as shown on documents served):* VERISIGN, INC. BY SERVING C.T. CORPORATION SYSTEMS (Authorized agent to accept service of process)
  b. person served: ☐ party in item 3a  ☒ other *(specify name and relationship to the party named in item 3a):*
  MARGARET WILSON, Service of Process Clerk/Supervisor

4. Address where the party was served: 818 WEST SEVENTH STREET SUITE 200
  LOS ANGELES, CA  90017   (B)

5. I served the party *(check proper box)*
  a. ☒ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 05/25/07   (2) at *(time):* 10:40 am
  b. ☐ by substituted service. On *(date):*        at *(time):*        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to the person indicated in item 3):*

    (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

    (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

    (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

    (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):*        from *(city):*        or ☐ a declaration of mailing is attached.

    (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

Computer-generated form
Judicial Council of California
POS-010 [Rev. January 1, 2007]

PROOF OF SERVICE OF SUMMONS

Code of Civil Procedure, §417.10
11303.JCPC
00303810-01

GO: 11
NARINE HAROUTUNIAN



| PLAINTIFF/PETITIONER: **MYKITYSHYN** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **BIDZOS** | **107CV085890** |

c. [ ] by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address address shown in item 4, by first-class mail, postage prepaid,
    (1) on *(date)*:     (2) from *(city)*:
    (3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code. Civ. Proc., § 415.30.)
    (4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. [ ] by other means *specify means of service and authorizing code section)*:

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. [ ] as an individual defendant.
  b. [ ] as the person sued under the fictitious name of *(specify)*:
  c. [ ] as occupant.
  d. [XX] on behalf of *(specify)*: **VERISIGN, INC.**

  under the following Code of Civil Procedure section:
  [XX] CCP 416.10 (corporation)      [ ] CCP 415.95 (business organization, form unknown)
  [ ] 416.20 (defunct corporation)      [ ] 416.60 (minor)
  [ ] 416.30 (joint stock company/association)      [ ] 416.70 (ward or conservatee)
  [ ] 416.40 (association or partnership)      [ ] 416.90 (authorized person)
  [ ] 416.50 (public entity)      [ ] 415.46 (occupant)
                  [ ] other:

7. Person who served papers
  a. Name: **N. VALLES**
  b. Address: **7124 Owensmouth Ave., #106**      **Canoga Park, CA 91303**
  c. Telephone number: **(818) 763-6931**
  d. The fee for service was: $ **49.95**
  e. I am:
    (1) [ ] not a registered California process server.
    (2) [ ] exempt from registration under Business and Professions Code Section 22350(b).
    (3) [XX] registered California process server:
      (i) [ ] Owner [XX] employee [ ] independent contractor
      (ii) Registration No.: **3644**
      (iii) County: **LOS ANGELES**

8. [XX] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. [ ] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: **05/25/07**

_____
    **N. VALLES**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

_____
(SIGNATURE)

# EXHIBIT E

# EXHIBIT E

1  CHRISTOPHER H. McGRATH (SB# 149129)
   chrismcgrath@paulhastings.com
2  OLEG CROSS (SB# 246680)
   olegcross@paulhastings.com
3  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   3579 Valley Centre Drive
4  San Diego, CA  92130
   Telephone:  (858) 720-2500
5  Facsimile:  (858) 720-2555

6  THOMAS A. ZACCARO (SB# 183241)
   thomaszaccaro@paulhastings.com
7  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   515 South Flower Street, Twenty-Fifth Floor
8  Los Angeles, CA  90074-2228
   Telephone:  (213) 683-6000
9  Facsimile:  (213) 627-0705

10 EDWARD HAN (SB# 196924)
   edwardhan@paulhastings.com
11 PAUL, HASTINGS, JANOFSKY & WALKER LLP
   55 Second Street, 24th Floor
12 San Francisco, CA  94105
   Telephone:  (415) 856-7000
13 Facsimile:  (415) 856-7100

14 *Attorneys for Defendant VeriSign, Inc.*

15         SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                COUNTY OF SANTA CLARA

17

18 THOMAS MYKITYSHYN, On Behalf of          CASE NO. 1-07-CV-085890
   Himself and All Others Similarly Situated,
19                                          CLASS ACTION
            Plaintiff,
20
       vs.                                  DEFENDANT VERISIGN, INC.'S
21                                          ANSWER TO PLAINTIFF'S CLASS
   D. JAMES BIDZOS, WILLIAM L.              ACTION COMPLAINT FOR BREACHES
22 CHENEVICH, DAVID J. COWAN,               OF FIDUCIARY DUTY
   MICHELLE GUTHRIE, SCOTT G.
23 KRIENS, LEN J. LAUER, ROGER H.
   MOORE, EDWARD A. MUELLER,
24 GREGORY L. REYES, WILLIAM A.
   ROPER, JR., STRATTON D. SCLAVOS,
25 LOUIS A. SIMPSON, VERISIGN, INC.,        Dept:   17C
                                            Judge:  Honorable Jack Komar
26         Defendants.

27

28

E-FILED

Jun 22, 2007 5:00 PM
KIRI TORRE
Chief Executive Officer
Superior Court of CA, County of Santa Clara
Case #1-07-CV-085890 Filing #G-3747
By S. Gancayco, Deputy

Defendant VeriSign, Inc. ("VeriSign"), by and through its attorneys, and for its Answer to the Class Action Complaint for Breaches of Fiduciary Duty ("Complaint"), responds as follows:

## GENERAL DENIAL

1. Pursuant to Section 431.30 of the California Code of Civil Procedure, VeriSign generally denies each and every allegation of the Complaint.

2. As further and separate defenses to the Complaint and each count stated therein, VeriSign alleges the following affirmative defenses.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (To All Causes of Action)

#### (SLUSA Preemption)

3. As a further and separate defense to the Complaint and each count thereof, VeriSign alleges that this action is preempted in its entirety by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. § 78bb(f).

### SECOND AFFIRMATIVE DEFENSE

#### (To All Causes of Action)

#### (Failure to State a Claim)

4. As a further and separate defense to the Complaint and each count thereof, VeriSign alleges that the Complaint and each of its purported claims fail to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

#### (To All Causes of Action)

#### (Lack of Standing)

5. As a further and separate defense to the Complaint and each count thereof, VeriSign alleges that Plaintiff and other members of the putative class have no authority or standing to bring this action.

E-Filed Jun 22, 2007 5:00 PM, Superior Court of CA, County of Santa Clara, Case #1-07-CV-085890 Filing #G-3747

**FOURTH AFFIRMATIVE DEFENSE**

**(To All Causes of Action)**

**(Form of Action)**

6. As a further and separate defense to the Complaint and each count thereof, VeriSign alleges that claims of Plaintiff and other members of the putative class are not properly maintained as a class action. In addition, VeriSign contends that this lawsuit should not proceed as a class action on the grounds that, inter alia, the named Plaintiff is not typical of, and does not and cannot fairly and adequately represent, the putative class; and a class action will not be superior to other methods available for adjudication of this controversy.

**FIFTH AFFIRMATIVE DEFENSE**

**(To All Causes of Action)**

**(Applicable Statutes of Limitations)**

7. As a further and separate defense to the Complaint and each count thereof, VeriSign is informed and believes that claims of Plaintiff and other members of the putative class are barred, in whole or in part, by the applicable statutes of limitation, including but not limited to the limitation periods set forth in California Code Civil Procedure Sections 338 and 343.

**SIXTH AFFIRMATIVE DEFENSE**

**(To All Causes of Action)**

**(Waiver, Laches, Ratification, Acquiescence, Unclean Hands)**

8. As a further and separate defense to the Complaint and each count thereof, VeriSign alleges that claims of Plaintiff and other members of putative class are barred in whole or in part by the doctrines of waiver, laches, ratification, acquiescence and/or unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

**(To All Causes of Action)**

**(Statements Not Material)**

9. As a further and separate defense to the Complaint and each count thereof, VeriSign alleges that Plaintiff and other members of the putative class are not entitled to any

-2-

E-Filed Jun 22, 2007 5:00 PM, Superior Court of CA, County of Santa Clara, Case #1-07-CV-085890 Filing #G-3747

1  recovery from VeriSign because any allegedly false or misleading statements or omissions

2  attributable to it, which VeriSign denies making, were not material.

3  **EIGHTH AFFIRMATIVE DEFENSE**

4  **(To All Causes of Action)**

5  **(Good Faith)**

6  10.    As a further and separate defense to the Complaint and each count thereof,

7  VeriSign alleges that Plaintiff and other members of the putative class are barred from any

8  recovery against VeriSign because VeriSign, at all times relevant hereto, acted reasonably,

9  properly, and in good faith in light of the circumstances of which it was aware at the time of any

10  actions (or failure to act), and did not culpably participate, nor directly or indirectly induce the act

11  or acts constituting the alleged violations and causes of action.

12  **NINTH AFFIRMATIVE DEFENSE**

13  **(To All Causes of Action)**

14  **(Lack of Cognizable Injury)**

15  11.    As a further and separate defense to the Complaint and each count thereof,

16  VeriSign alleges that claims of Plaintiff and other members of the putative class are barred in

17  whole or in part because they cannot establish that they have suffered cognizable injury, including

18  because they cannot show that they suffered any damages.

19  **TENTH AFFIRMATIVE DEFENSE**

20  **(To All Causes of Action)**

21  **(Speculative Damages)**

22  12.    As a further and separate defense to the Complaint and each count thereof,

23  VeriSign alleges that Plaintiff and other members of the putative class are not entitled to any

24  recovery from VeriSign because the alleged damages, if any, are speculative.

25  ///

26  ///

27  ///

28  ///

-3-

---

VERISIGN, INC.'S ANSWER TO CLASS ACTION COMPLAINT

E-Filed Jun 22, 2007 5:00 PM, Superior Court of CA, County of Santa Clara, Case #1-07-CV-085890 Filing #G-3747

## ELEVENTH AFFIRMATIVE DEFENSE

### (To All Causes of Action)

### (Lack of Loss Causation)

13.    As a further and separate defense to the Complaint and each count thereof, VeriSign alleges that claims of Plaintiff and other members of the putative class are barred in whole or in part because no conduct attributable to VeriSign was the cause in fact or proximate cause of the loss or damages Plaintiff and other members of the putative class seek to recover in this action.

## TWELFTH AFFIRMATIVE DEFENSE

### (To All Causes of Action)

### (Lack of Knowledge)

14.    As a further and separate defense to the Complaint and each count thereof, VeriSign alleges that claims of Plaintiff and other members of the putative class are barred in whole or in part because VeriSign, or any individuals acting on its behalf, did not know, and in the exercise of reasonable care could not have known or had reasonable grounds to believe, that any alleged misstatement or omission of material fact existed.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (To All Causes of Action)

### (Estoppel)

15.    As a further and separate defense to the Complaint and each count thereof, VeriSign alleges that claims of Plaintiff and other members of the putative class are or will be barred or diminished, in whole or in part, by the doctrine of judicial and collateral estoppel because of prior statements, admissions, and rulings in this and other cases, proceedings and matters that are inconsistent with and contrary to the allegations of the Complaint.

///

///

///

///

-4-

VERISIGN, INC.'S ANSWER TO CLASS ACTION COMPLAINT

E-Filed Jun 22, 2007 5:00 PM, Superior Court of CA, County of Santa Clara, Case #1-07-CV-085890 Filing #G-3747

1    ### FOURTEENTH AFFIRMATIVE DEFENSE

2    **(To All Causes of Action)**

3    **(Vague & Uncertain)**

4    16.    As a further and separate defense to the Complaint and each count thereof,

5    VeriSign alleges that with respect to each purported claim for relief allegedly asserted against

6    VeriSign, the Complaint fails to state the alleged claims with sufficient particularity to allow

7    VeriSign to respond with particularity and to ascertain what other defenses may exist, barring the

8    claims of Plaintiff and other members of the putative class.

9    ### FIFTEENTH AFFIRMATIVE DEFENSE

10    **(To All Causes of Action)**

11    **(Offset)**

12    17.    As a further and separate defense to the Complaint and each count thereof,

13    VeriSign alleges that any recovery for damages allegedly incurred by Plaintiff and other members

14    of the putative class, if any, is subject to offset in the amount of any tax benefits or other benefits

15    received by Plaintiff or other members of the putative class through their investments.

16    ### SIXTEENTH AFFIRMATIVE DEFENSE

17    **(To All Causes of Action)**

18    **(Intervening or Superseding Cause)**

19    18.    As a further and separate defense to the Complaint and each count thereof,

20    VeriSign alleges that Plaintiff and other members of the putative class are barred from any

21    recovery against VeriSign because their alleged damages, if any, were the result of one or more

22    intervening or superseding causes or caused by the acts and/or failures to act of persons and/or

23    entities other than VeriSign, and were not the result of any act or omission on the part of

24    VeriSign.

25    ///

26    ///

27    ///

28    ///

-5-

E-Filed Jun.22, 2007 5:00 PM, Superior Court of CA, County of Santa Clara, Case #1-07-CV-085890 Filing #G-3747

1

## SEVENTEENTH AFFIRMATIVE DEFENSE

2

### (To All Causes of Action)

3

### (Business Judgment)

4      19.    As a further and separate defense to the Complaint and each count thereof,

5  VeriSign alleges that Plaintiff and other members of the putative class are barred from any

6  recovery against VeriSign because all actions were undertaken in the exercise of business

7  judgment.  Therefore, each and every claim in the Complaint is barred by the business judgment

8  rule.

9

## EIGHTEENTH AFFIRMATIVE DEFENSE

10

### (To All Causes of Action)

11

### (Adequate Remedy at Law)

12      20.    As a further and separate defense to the Complaint and each count thereof,

13  VeriSign alleges that claims of Plaintiff and other members of the putative class for equitable

14  relief, including injunctive relief and rescission, are barred because Plaintiff and other members

15  of the putative class have an adequate remedy at law.

16

## NINETEENTH AFFIRMATIVE DEFENSE

17

### (To All Causes of Action)

18

### (Failure to Mitigate)

19      21.    As a further and separate defense to the Complaint and each count thereof,

20  VeriSign is informed and believes that Plaintiff and other members of the putative class have

21  failed to take reasonable and timely actions to mitigate their damages, if any, as alleged in the

22  Complaint and, as a result, are barred from obtaining any of the relief sought in the Complaint.

23

## TWENTIETH AFFIRMATIVE DEFENSE

24

### (To All Causes of Action)

25

### (Unjust Enrichment)

26      22.    As a further and separate defense to the Complaint and each count thereof,

27  VeriSign alleges that Plaintiff and other members of the putative class are barred from obtaining

28  any recovery from VeriSign because they have suffered no cognizable damages or injury, the

-6-

E-Filed Jun 22, 2007 5:00 PM, Superior Court of CA, County of Santa Clara, Case #1-07-CV-085890 Filing #G-3747

1    alleged damages, if any, are speculative and, as a result, any recovery would result in unjust

2    enrichment.

3                 **TWENTY-FIRST AFFIRMATIVE DEFENSE**

4                      **(To All Causes of Action)**

5                        **(Attorneys' Fees)**

6        23.      The Complaint, and each cause of actions therein, fail to state facts sufficient to

7    allow Plaintiff and other members of the putative class to recover attorneys' fees against

8    VeriSign. Therefore, Plaintiff's claims for attorneys' fees must be stricken as they are not

9    recoverable as a matter of law.

10                       **DEFENSES RESERVED**

11        24.      VeriSign hereby reserves and asserts all affirmative defenses available under

12    federal law and under any applicable state law, and gives notice that it intends to rely upon any

13    other defense that may become available during the course of this litigation and hereby reserves

14    its right to amend its answer to assert other related defenses as may become available. To the

15    extent applicable, VeriSign incorporates by reference, as though fully set forth herein, any

16    pertinent defenses raised by any other defendant to this action.

17                       **PRAYER FOR RELIEF**

18       WHEREFORE, VeriSign respectfully requests that this Court:

19       1.      Dismiss the Complaint, with prejudice, and enter judgment in favor of VeriSign

20    for each count of the Complaint;

21       2.      Award VeriSign its costs and expenses incurred in defending this action; and

22       3.      Grant VeriSign such other and further relief as the Court deems just and proper.

23    DATED: June 22, 2007          PAUL, HASTINGS, JANOFSKY & WALKER LLP

24                            CHRISTOPHER H. McGRATH
                               OLEG CROSS

25

26                        By:    /s/Christopher H. McGrath
                             CHRISTOPHER H. McGRATH

27

                      *Attorneys for Defendant VeriSign, Inc.*

28    LEGAL_US_W # 56503426.1

# EXHIBIT F

# EXHIBIT F

# Register of Actions/Docket

**Case Information**                                                    **Associated Cases**

Number: **1-07-CV-085890**

Title: **Mykityshyn V. Bidzos, Et Al (Verisign, Inc.)**

Category: **Securities Litigation - Unlimited**

Filed: **5/15/2007**  Disposed:  Status: **Open**

Calendared Events                    # Involved Parties                    Documents

| Type | Name | Disposition |
|------|------|-------------|
| Plaintiff | Thomas Mykityshyn | None |
|  | **Attorney:** | Patrice L. Bishop<br>Stull Stull & Brody , 10940 Wilshire Boulevard, Suite 2300, Los Angeles, Ca 90024 |
| Defendant | William L. Chenevich | None |
| Defendant | David J. Cowan | None |
| Defendant | Michelle Guthrie | None |
| Defendant | Scott G. Kriens | None |
| Defendant | Len J. Lauer | None |
| Defendant | Roger H. Moore | None |
| Defendant | Edward A. Mueller | None |
| Defendant | Gregory L. Reyes | None |
| Defendant | William A. Roper, Jr. | None |
| Defendant | Stratton D. Sclavos | None |
| Defendant | Louis A. Simpson | None |
| Defendant | Verisign, Inc. | None |
| Defendant | D. James Bidzos | None |

Involved Parties                    # Calendared Events                    Documents

| Date | Time | Event Description | Result | | | Notice Printed | Reset | |
|------|------|-------------------|--------|---|---|----------------|-------|---|
|  |  |  | Description | By | Date |  | To | From |
| 9/28/2007 | 10:00AM | CV CMC-Case Management Conf | None | None | None | None | None | None |
| 9/25/2007 | 10:00AM | CV CMC-Case Management Conf | Vacated; Reset current month | C | 06/20/07 | None | None | None |

Involved Parties                    # Documents                    Calendared Events

| Number-Sequence | Document Description | Filed | Ruling | Date |
|-----------------|---------------------|-------|--------|------|
| 0005-000 | Cv Proof Of Svc Compl/Pet/Summons | 06/06/2007 | None | 06/06/2007 |

|  | For: Thomas Mykityshyn / PLT<br>Against: Verisign, Inc. / DEF |  |  |  |
|---|---|---|---|---|
| 0004-000 | Cv Complex First Paper | 05/15/2007 | None | 05/15/2007 |
|  | For: Thomas Mykityshyn / PLT |  |  |  |
| 0003-000 | Cv Summons Filed | 05/15/2007 | None | 05/15/2007 |
|  | For: Thomas Mykityshyn / PLT<br>Against: D. James Bidzos / DEF<br>Against: William L. Chenevich / DEF<br>Against: David J. Cowan / DEF<br>Against: Michelle Guthrie / DEF<br>Against: Scott G. Kriens / DEF<br>Against: Len J. Lauer / DEF<br>Against: Roger H. Moore / DEF<br>Against: Edward A. Mueller / DEF<br>Against: Gregory L. Reyes / DEF<br>Against: William A. Roper, Jr. / DEF<br>Against: Stratton D. Sclavos / DEF<br>Against: Louis A. Simpson / DEF<br>Against: Verisign, Inc. / DEF |  |  |  |
| 0002-000 | Cv Complaint Filed/Summs Issued | 05/15/2007 | None | 05/15/2007 |
|  | For: Thomas Mykityshyn / PLT<br>Against: D. James Bidzos / DEF<br>Against: William L. Chenevich / DEF<br>Against: David J. Cowan / DEF<br>Against: Michelle Guthrie / DEF<br>Against: Scott G. Kriens / DEF<br>Against: Len J. Lauer / DEF<br>Against: Roger H. Moore / DEF<br>Against: Edward A. Mueller / DEF<br>Against: Gregory L. Reyes / DEF<br>Against: William A. Roper, Jr. / DEF<br>Against: Stratton D. Sclavos / DEF<br>Against: Louis A. Simpson / DEF<br>Against: Verisign, Inc. / DEF |  |  |  |
| 0001-000 | Cv Case Cover Sheet | 05/15/2007 | None | 05/15/2007 |
|  | For: Thomas Mykityshyn / PLT<br>Against: D. James Bidzos / DEF<br>Against: William L. Chenevich / DEF<br>Against: David J. Cowan / DEF<br>Against: Michelle Guthrie / DEF<br>Against: Scott G. Kriens / DEF<br>Against: Len J. Lauer / DEF<br>Against: Roger H. Moore / DEF<br>Against: Edward A. Mueller / DEF<br>Against: Gregory L. Reyes / DEF<br>Against: William A. Roper, Jr. / DEF<br>Against: Stratton D. Sclavos / DEF<br>Against: Louis A. Simpson / DEF<br>Against: Verisign, Inc. / DEF |  |  |  |

RETURN

# EXHIBIT G

# EXHIBIT G

# E-FILED

Jun 25, 2007 10:13 AM
KIRI TORRE
Chief Executive Officer
Superior Court of CA, County of Santa Clara
Case #1-07-CV-085890 Filing #G-3751
By R. Walker, Deputy

1

2

3

4

5

6

7

8          SUPERIOR COURT OF CALIFORNIA

9            COUNTY OF SANTA CLARA

10

| | |
|---|---|
| 11  THOMAS MYKITYSHYN, on behalf of himself and all others similarly situated,<br><br>13          Plaintiff,<br><br>14     vs.<br><br>15  D. JAMES BIDZOS;<br>16  WILLIAM L. CHENEVICH;<br>     DAVID J. COWAN;<br>17  MICHELLE GUTHRIE;<br>     SCOTT G. KRIENS;<br>18  LEN J. LAUER;<br>19  ROGER H. MOORE;<br>     EDWARD A. MUELLER;<br>20  GREGORY L. REYES;<br>21  WILLIAM A. ROPER, SR.;<br>     STRATTON D. SCLAVOS;<br>22  LOUIS A. SIMPSON;<br>     VERISIGN, INC.,<br>23<br>24          Defendants. | Case No.: 1-07-CV-085890<br><br><br><br>**ORDER DEEMING CASE COMPLEX** |

25

26

27     WHEREAS, the Complaint was filed by Plaintiff Thomas Mykityshyn ("Plaintiff") in

the Santa Clara County Superior Court on May 15, 2007;

28

E-Filed: Jun 25, 2007 10:13 AM, Superior Court of CA, County of Santa Clara, Case #1-07-CV-085890 Filing #G-3751

WHEREAS, Plaintiff Thomas Mykityshyn filed a Civil Case Cover Sheet deeming the matter provisionally complex on May 15, 2007;

WHEREAS, the Civil Lawsuit Notice was issued by the Court on May 15, 2007, assigning the matter to Department 17C (Complex Civil Litigation), the Hon. Jack Komar presiding, pending a ruling on the complexity issue;

IT IS HEREBY ORDERED that:

The Court determines that the above-referenced case is **COMPLEX** within the meaning of California Rules of Court 3.400. The matter remains assigned, for all purposes, including discovery and trial, to Department 17C (Complex Civil Litigation), the Hon. Jack Komar presiding.

The Case Management Conference is rescheduled from September 25, 2007 to **September 28, 2007 at 10:00 a.m. in Department 17C.**

The parties are directed to the Electronic Filing and Service Standing Order and to the Guidelines for the Complex Civil Litigation Department, copies of which may be downloaded from www.scefiling.org.

Pursuant to California Rules of Court, Rule 3.254, the creation and maintenance of the Master Service List shall be under the auspices of (1) Plaintiff Thomas Mykityshyn, as the first-named party in the Complaint, and (2) the first-named party in each Cross-Complaint, if any.

The Complex Case Fee is due from all parties immediately [Government Code Sections 70616(a), 70616(b)].

Plaintiff shall serve a copy of this Order on all the parties in this matter forthwith.

SO ORDERED.

Dated: June 25, 2007                    /s/ Jack Komar
                                        Judge of the Superior Court

*Mykityshyn v. Bidzos, et al.*
*Santa Clara County Superior Court, Case No. 1-07-CV-085890*
*Order Deeming Case Complex*

2