1   CHRISTOPHER H. McGRATH (SB# 149129)
    chrismcgrath@paulhastings.com
2   OLEG CROSS (SB# 246680)
    olegcross@paulhastings.com
3   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    3579 Valley Centre Drive
4   San Diego, CA  92130
    Telephone:  (858) 720-2500
5   Facsimile:  (858) 720-2555

6   THOMAS A. ZACCARO (SB# 183241)
    thomaszaccaro@paulhastings.com
7   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    515 South Flower Street, Twenty-Fifth Floor
8   Los Angeles, CA  90074-2228
    Telephone:  (213) 683-6000
9   Facsimile:  (213) 627-0705

10   EDWARD HAN (SB# 196924)
    edwardhan@paulhastings.com
11   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    55 Second Street, 24th Floor
12   San Francisco, CA  94105
    Telephone:  (415) 856-7000
13   Facsimile:  (415) 856-7100

14   *Attorneys for Defendant VeriSign, Inc.*

15         UNITED STATES DISTRICT COURT

16         NORTHERN DISTRICT OF CALIFORNIA

17         SAN FRANCISCO DIVISION

18

| | |
|---|---|
| 19  THOMAS MYKITYSHYN, Individually and On Behalf of All Others Similarly | CASE NO. C 07-03332 RMW HRL (ARB) |
| 20  Situated, | <u>CLASS ACTION</u> |
| 21         Plaintiff, | **PROOF OF SERVICE** |
| 22     vs. | |
| 23  D. JAMES BIDZOS, WILLIAM L. CHENEVICH, DAVID J. COWAN, | Ctrm:      6, 4th Floor |
| 24  MICHELLE GUTHRIE, SCOTT G. KRIENS, LEN J. LAUER, ROGER H. | Judge:    Hon. Ronald M. Whyte |
| 25  MOORE, EDWARD A. MUELLER, GREGORY L. REYES, WILLIAM A. | |
| 26  ROPER, JR., STRATTON D. SCLAVOS, LOUIS A. SIMPSON, VERISIGN, INC., | |
| 27         Defendants. | |
| 28 | |

1

## PROOF OF SERVICE

2

3
I am employed in the City and County of San Diego, California.  I am over the age of 18 years and not a party to the within action.  My business address is Paul, Hastings, Janofsky & Walker LLP, 3579 Valley Centre Drive, San Diego, CA 92130.

4
On July 3, 2007, I served:

5
**1.     CIVIL COVER SHEET;**

6
**2.     NOTICE OF REMOVAL OF ACTION;**

7
**3.     NOTICE OF RELATED CASE;**

8

9
**4.     DECLARATION OF OLEG CROSS IN SUPPORT OF DEFENDANT VERISIGN, INC.'S NOTICE OF REMOVAL OF ACTION;**

10

11
**5.     CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT;**

12
**6.     ECF REGISTRATION INFORMATION HANDOUT;**

13
**7.     NOTICE OF AVAILABILITY OF MAGISTRATE JUDGE TO EXERCISE JURISDICTION;**

14

15
**8.     ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES;**

16

17
**9.     STANDING ORDERS FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA - CONTENTS OF JOINT CASE MANAGEMENT STATEMENT;**

18
**10.    STANDING ORDER RE:  PRETRIAL PREPARATION; AND**

19
**11.    STANDING ORDER RE:  CASE MANAGEMENT IN CIVIL CASES.**

20

21
on the party(ies) in this action by placing a true copy thereof in a sealed envelope(s), addressed as follows:

22
### See Attached Service List

23

24

25
 X      (BY E-FILE)  I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel denoted on the attached Service List, and I hereby certify that I have mailed the foregoing document(s) via the United States Postal Service to the non-CM/ECF participants indicated on the attached Service List.

26

27

28

1

☒  (BY MAIL)  I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail **only as to the parties identified with an asterisk (\*)**, for
2  collection and mailing at Paul, Hastings, Janofsky & Walker LLP, San Diego, California, following ordinary business practices.  I am familiar with the practice of
3  Paul, Hastings, Janofsky & Walker LLP for collection and processing of correspondence, said practice being that in the ordinary course of business,
4  correspondence is deposited in the United States Postal Service the same day as it is placed for collection.

5

☐  (BY PERSONAL DELIVERY)  I then sealed the envelope and caused it to be hand
6  delivered to the offices of the addressee(s) below.

7

☐  (BY FACSIMILE)  I transmitted the above-listed document(s) to the party(ies) listed
above via facsimile on N/A.  No transmission error was reported by the facsimile
8  machine.

9

☐  (BY UNITED PARCEL SERVICE) I am readily familiar with the practice of Paul,
Hastings, Janofsky & Walker LLP for collection and processing of correspondence
10  for overnight delivery and know that the document(s) described herein will be
deposited in a box or other facility regularly maintained by United Parcel Service for
11  overnight delivery.

12

☒  (FEDERAL)  I declare that I am employed in the office of a member of the bar of
13  this court, at whose direction this service was made.

14  Executed at San Diego, California on July 3, 2007.

15

                              /s/Veronica Rivera
16                            VERONICA RIVERA

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>SERVICE LIST</u>

2

<u>**COUNSEL FOR PLAINTIFFS:**</u>

3

**Patrice L. Bishop                              * Jules Brody

4

STULL, STULL & BRODY                        Aaron L. Brody
10940 Wilshire Blvd., Suite 2300            STULL, STULL & BRODY

5

Los Angeles, CA  90024                      6 East 45th Street
Telephone:  (310) 209-2468                  New York, NY  10017

6

Facsimile:  (310) 209-2087                  Telephone:  (212) 687-7230
Email:  service@ssbla.com                   Facsimile:  (212) 490-2022

7

* Joseph H. Weiss

8

WEISS & LURIE
551 Fifth Avenue, Suite 1600

9

New York, NY  10176
Telephone:  (212) 682-3025

10

Facsimile:  (212) 682-3010

11

*Attorneys for Plaintiff Thomas Mykityshyn*

12

<u>**COUNSEL FOR DEFENDANTS:**</u>

13

14

*Attorneys for Defendants*

15

16

**\*      Via U.S. Mail Only**
**\*\*    Via CM/ECF Only**

17

18

LEGAL_US_W # 56582564.1

19

20

21

22

23

24

25

26

27

28

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I.(a) PLAINTIFFS

Thomas Mykityshyn, On Behalf of Himself and All Others Similarly Situated

## DEFENDANTS

D. James Bidzos, William L. Chenevich, David J. Cowan, Michelle Guthrie, Scott G. Kriens, Len J. Lauer, Roger H. Moore, Edward A. Mueller, Gregory L. Reyes, William A. Roper, Jr., Stratton D. Sclavos, Louis A. Simpson, VeriSign, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Christopher H. McGrath/Oleg Cross  (858) 720-2500
Paul, Hastings, Janofsky & Walker LLP
3579 Valley Centre Drive, San Diego, CA  92130

ATTORNEYS (IF KNOWN)
Patrice L. Bishop/STULL, STULL & BRODY  (310) 209-2468
10940 Wilshire Blvd., Suite 2300, Los Angeles, CA  90024

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☑ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For diversity cases only)                                  AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ Original Proceeding

☑ Removed from State Court

☐ Remanded from Appellate Court

☐ Reinstated or Reopened

☐ Transferred from Another district (specify)

☐ Multidistrict Litigation

☐ Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐610 Agriculture | ☐422 Appeal 28 USC 158 | ☐400 State Reapportionment |
| ☐120 Marine | ☐310 Airplane | ☐362 Personal Injury Med Malpractice | ☐620 Other Food & Drug | ☐423 Withdrawal 28 USC 157 | ☐410 Antitrust |
| ☐130 Miller Act | ☐315 Airplane Product Liability | ☐365 Personal Injury Product Liability | ☐625 Drug Related Seizure of Property 21 USC 881 | | ☐430 Banks and Banking |
| ☐140 Negotiable Instrument | ☐320 Assault Libel & Slander | ☐368 Asbestos Personal Injury Product Liability | ☐630 Liquor Laws | **PROPERTY RIGHTS** | ☐450 Commerce/ICC Rates/etc. |
| ☐150 Recovery of Overpayment & Enforcement of Judgment | ☐330 Federal Employers Liability | | ☐640 RR & Truck | ☐820 Copyrights | ☐460 Deportation |
| ☐151 Medicare Act | ☐340 Marine | **PERSONAL PROPERTY** | ☐650 Airline Regs | ☐830 Patent | ☐470 Racketeer Influenced and Corrupt Organizations |
| ☐152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐345 Marine Product Liability | ☐370 Other Fraud | ☐660 Occupational Safety/Health | ☐840 Trademark | ☐480 Consumer Credit |
| | ☐350 Motor Vehicle | ☐371 Truth in Lending | ☐690 Other | | ☐490 Cable/Satellite TV |
| ☐153 Recovery of Overpayment of Veteran's Benefits | ☐355 Motor Vehicle Product Liability | ☐380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐810 Selective Service |
| ☐160 Stockholders Suits | ☐360 Other Personal Injury | ☐385 Property Damage Product Liability | ☐710 Fair Labor Standards Act | ☐861 HIA (1395ff) | ☐850 Securities/Commodities/Exchange |
| ☐190 Other Contract | | | ☐720 Labor/Mgmt Relations | ☐862 Black Lung (923) | ☐875 Customer Challenge 12 USC 3410 |
| ☐195 Contract Product Liability | | | ☐730 Labor/Mgmt Reporting & Disclosure Act | ☐863 DIWC/DIWW (405(g)) | ☐891 Agricultural Acts |
| ☐196 Franchise | | | ☐740 Railway Labor Act | ☐864 SSID Title XVI | ☐892 Economic Stabilization Act |
| | | | ☐790 Other Labor Litigation | ☐865 RSI (405(g)) | ☐893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐791 Empl.Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐894 Energy Allocation Act |
| ☐210 Land Condemnation | ☐441 Voting | ☐510 Motion to Vacate Sentence Habeas Corpus: | | ☐870 Taxes (US Plaintiff or Defendant | ☐895 Freedom of Information Act |
| ☐220 Foreclosure | ☐442 Employment | ☐530 General | | ☐871 IRS - Third Party 26 USC 7609 | ☐900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐230 Rent Lease & Ejectment | ☐443 Housing | ☐535 Death Penalty | | | ☐950 Constitutionality of State Statutes |
| ☐240 Torts to Land | ☐444 Welfare | ☐540 Mandamus & Other | | | ☑890 Other Statutory Actions |
| ☐245 Tort Product Liability | ☐440 Other Civil Rights | ☐550 Civil Rights | | | |
| ☐290 All Other Real Property | ☐445 Amer w/ disab - Empl | ☐555 Prison Condition | | | |
| | ☐446 Amer w/ disab - Other | | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), Pub. L. No. 105-353, 112 Stat. 3227 (1998), codified at 15 U.S.C. § 78bb.

## VII. REQUESTED IN COMPLAINT:
☑ CHECK IF THIS IS A CLASS ACTION    DEMAND $_____    CHECK YES only if demanded in complaint:
UNDER F.R.C.P. 23    JURY DEMAND: ☑ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)    ☑ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE  6/25/07    SIGNATURE OF ATTORNEY OF RECORD

1  CHRISTOPHER H. McGRATH (SB# 149129)
   chrismcgrath@paulhastings.com
2  OLEG CROSS (SB# 246680)
   olegcross@paulhastings.com
3  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   3579 Valley Centre Drive
4  San Diego, CA  92130
   Telephone:  (858) 720-2500
5  Facsimile:  (858) 720-2555

6  THOMAS A. ZACCARO (SB# 183241)
   thomaszaccaro@paulhastings.com
7  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   515 South Flower Street, Twenty-Fifth Floor
8  Los Angeles, CA  90074-2228
   Telephone:  (213) 683-6000
9  Facsimile:  (213) 627-0705

10 EDWARD HAN (SB# 196924)
   edwardhan@paulhastings.com
11 PAUL, HASTINGS, JANOFSKY & WALKER LLP
   55 Second Street, 24th Floor
12 San Francisco, CA  94105
   Telephone:  (415) 856-7000
13 Facsimile:  (415) 856-7100

14 *Attorneys for Defendant VeriSign, Inc.*

15                 UNITED STATES DISTRICT COURT **RMW**

16                 NORTHERN DISTRICT OF CALIFORNIA

17                    SAN FRANCISCO DIVISION    **HRL**

18                                        C 07 3332

19 THOMAS MYKITSHYN, Individually          Civil Action No. _____
   and On Behalf of All Others Similarly
20 Situated,
                                           State Case No. 1-07-CV-085890
21              Plaintiff,

22      vs.                                CLASS ACTION

23 D. JAMES BIDZOS, WILLIAM L.             **NOTICE OF REMOVAL OF ACTION**
   CHENEVICH, DAVID J. COWAN,
24 MICHELLE GUTHRIE, SCOTT G.              **[28 U.S.C. §§ 1441, 1446 and**
   KRIENS, LEN J. LAUER, ROGER H.          **15 U.S.C. § 78bb(f)(2)]**
25 MOORE, EDWARD A. MUELLER,
   GREGORY L. REYES, WILLIAM A.
26 ROPER, JR., STRATTON D. SCLAVOS,
   LOUIS A. SIMPSON, VERISIGN, INC.,
27
                Defendants.
28

Case No. _____

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant VeriSign, Inc. ("VeriSign"), by and through its counsel, submits this Notice of Removal pursuant to 15 U.S.C. §§ 77p(c) and 78bb(f)(2), and 28 U.S.C. §§ 1441(a) and (b) and 1446, removing this action from the Superior Court of the State of California, County of Santa Clara, in which the action is currently pending, to the United States District Court for the Northern District of California. Federal question jurisdiction exists under 15 U.S.C. §§ 77, *et seq.* and 78, *et seq.* and 28 U.S.C. § 1331.

VeriSign states the following facts as grounds for removal:

1.    Plaintiff commenced this putative class action captioned *Mykityshyn v. Bidzos*, 1-07-CV-085890, in the Superior Court of the State of California, County of Santa Clara (referred herein as "this Action" or "State Court Action"). The Complaint in this action was filed on May 15, 2007. It was served on VeriSign's agent, C T Corporation System, on May 25, 2007. None of the other Defendants named in the Complaint have been served. *See* Cross Decl., ¶ 3 and Ex. F.

2.    This action is styled as a putative shareholder class action brought under state law on behalf of all individuals who owned VeriSign common stock between April 3, 2002 and August 9, 2006, *see* Compl. ¶ 1, and received VeriSign's proxy statements containing allegedly false statements that VeriSign did not backdate their option grants. *See id.* ¶ 69. The Complaint also alleges that had they known of the alleged backdating, the shareholder class would not have approved of the amendments or adopted the VeriSign employee option plan, which added shares available under the existing plans and, as a result, the shareholder class was harmed in that its voting power and proportionate share of the Company was diluted. *See id.* ¶¶ 71-72. The Complaint further alleges that, while members of the putative class were shareholders of VeriSign, in response to the Company's announcement that there were investigations being conducted concerning its option granting practices, VeriSign's stock significantly dropped in price. *See id.* ¶ 47. The Complaint seeks damages against Defendants. *See* Compl. ("Prayer for Relief").

1    3.    This action is being removed pursuant to the Securities Litigation Uniform

2  Standards Act of 1998 ("SLUSA"), Pub. L. No. 105-353, 112 Stat. 3227 (1998), which became

3  effective on November 3, 1998.  SLUSA amended Section 28 of the Securities Exchange Act of

4  1934, 15 U.S.C. § 78bb,[1] by adding, *inter alia*, paragraph (f)(2) – "Removal of covered class

5  actions."  This paragraph provides:

6        Any covered class action brought in any State court involving a
         covered security, as set forth in paragraph (1), shall be removable to
7        the Federal district court for the district in which the action is
         pending, and shall be subject to paragraph (1).
8
   Paragraph (f)(1), referred to in the preceding removal provision, provides:
9
10       No covered class action based upon the statutory or common law of
         any State or subdivision thereof may be maintained in any State or
11       Federal court by any private party alleging – (A) a
         misrepresentation or omission of a material fact in connection with
12       the purchase or sale of a covered security; or (B) that the defendant
         used or employed any manipulative or deceptive device or
13       contrivance in connection with the purchase or sale of a covered
         security.

14       4.    This action is a "covered class action" within the meaning of 15 U.S.C. §

15  78bb(f)(5)(B) because (i) Plaintiff seeks recovery of damages on behalf of himself and a

16  prospective class of other similarly situated holders of VeriSign, Inc. ("VeriSign") common stock,

17  and Plaintiff alleges that questions of law and fact common to the members of the class

18  predominate over any questions affecting only individual persons or members; and (ii) damages

19  are sought on behalf of more than 50 persons or prospective class members, and Plaintiff alleges

20  that questions of law or fact common to those persons or members of the prospective class,

21  without reference to issues of individualized reliance on an alleged misrepresentation or omission,

22  predominate over any questions affecting only individual persons or members.  *See* Compl. ¶ 27.

23       5.    This action involves a "covered security" within the meaning of 15 U.S.C. §

24  78bb(f)(5)(E) because, at the time of the alleged misrepresentations were alleged to have

25  occurred, VeriSign common stock was listed on NASDAQ.

26       6.    As reflected in the Complaint, this action alleges, *inter alia*, misrepresentations or

27  omissions of material fact by Defendants in connection with the purchase or sale of covered

28  _____
    [1]    The Securities Act of 1933 was likewise amended by SLUSA at 15 U.S.C. § 77p.

securities, and/or that Defendants used or employed a manipulative or deceptive device or contrivance in connection with the purchase or sale of securities.  Such allegations fall within the scope of SLUSA's preemption and removal provisions. 15 U.S.C. § 78bb(f)(1); *see* 15 U.S.C. § 77p(b).  The Complaint alleges, *inter alia*, that Defendants made, or caused the Company to make, misrepresentations about the Company's option granting practices, and as a result of Defendants' alleged misrepresentations, VeriSign's stock price dropped. *See generally,* Compl. ¶¶ 1-69.

7.      Congress exempted from SLUSA's purview certain types of class actions "based upon the statutory or common law of the State in which the issuer is incorporated (in the case of incorporation) or organized (in the case of any other entity)."  15 U.S.C. §78bb(f)(3)(A) ("Actions under State law of State of incorporation"); *see* 15 U.S.C. § 77p(d)(1).  This exemption applies only where the action is a "State law" action within the meaning of the statute and only if it involves:

> I.   the purchase or sale of securities by the issuer or an affiliate of an issuer exclusively from or to holders of equity securities of the issuer; or
>
> II.  any recommendation, position, or other communication with respect to the sale of securities of an issuer that –
>
>> (aa) is made by or on behalf of the issuer or an affiliate of the issuer to holders of equity securities of the issuer; and
>>
>> (bb) concerns decisions of such equity holders with respect to voting their securities, acting in response to a tender or exchange offer, or exercising dissenters' or appraisal rights.

15 U.S.C § 78bb(f)(3)(A)(ii); *see* 15 U.S.C. § 77p(d)(1)(B).  Plaintiff's action does not satisfy any of these requirements and therefore is not exempt from SLUSA.

8.      Jurisdiction.  This is a civil action over which this Court has jurisdiction pursuant to 15 U.S.C. §§ 77p and 78bb(f) and 28 U.S.C. § 1331, without regard to the amount in controversy or citizenship of the parties, and which is properly removable pursuant to 15 U.S.C. §§ 77p(c) and 78bb(f)(2) and 28 U.S.C. §§ 1331 and 1441.

9.      This Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

NOTICE OF REMOVAL OF ACTION

Case No. _____

1         10.    The other Defendants named in the Complaint, D. James Bidzos, William L.

2  Chenevich, David J. Cowan, Michelle Guthrie, Scott G. Kriens, Len J. Lauer, Roger H. Moore,

3  Edward A. Mueller, Gregory L. Reyes, William A. Roper, Jr., Stratton D. Sclavos and Louis A.

4  Simpson, do not join in this Notice of Removal because, as of the date of this Notice, they have

5  not been served with Summons and Complaint. *See* Cross Decl., ¶ 3 and Ex. F.

6         11.    Venue in this District is proper under 15 U.S.C. § 78bb(f)(2) and/or 28 U.S.C. §

7  1441(a) because the State Court Action is pending in a state court located within this District.

8         12.    Intradistrict Assignment.  Pursuant Civil L. Rules 3-5(b) and 3-2(c), VeriSign

9  removes this action to the San Francisco Division of the United States District Court for the

10  Northern District of California because of a related case pending in that Division, captioned *In re*

11  *VeriSign, Inc. Derivative Litigation*, C-06-4165-PJH.  VeriSign will file and serve concurrently

12  with this Notice of Removal a Notice of Related Case.

13         13.    By filing this Notice of Removal, VeriSign does not waive, expressly or impliedly,

14  any defenses, claims or rights of any kind.

15         14.    A copy of this Notice of Removal will be filed with the Clerk of the Superior

16  Court of the State of California, County of Santa Clara, in conformity with 28 U.S.C. § 1446(d).

17         15.    Written notice of the filing of this Notice of Removal will be given to all adverse

18  parties in conformity with 28 U.S.C. § 1446(d).

19         16.    A true and correct copy of all process, pleadings, and orders served upon VeriSign

20  in the State Court Action are submitted, pursuant to 28 U.S.C. § 1446(a), as attached to the

21  Declaration of Oleg Cross as Exhibits A-G.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

    NOTICE OF REMOVAL OF ACTION

Case No. _____

1    WHEREFORE, VeriSign removes this entire action, and all claims and causes of action

2  included therein, from the Superior Court of the State of California, County of Santa Clara, to the

3  United States District Court for the Northern District of California.

4

5  DATED:  June 25, 2007                 EDWARD HAN
                                         PAUL, HASTINGS, JANOFSKY & WALKER LLP
6

7                                        By:_____
8                                                     EDWARD HAN

9                                        THOMAS A. ZACCARO
                                         PAUL, HASTINGS, JANOFSKY & WALKER LLP
10                                       515 South Flower Street, Twenty-Fifth Floor
                                         Los Angeles, CA  90074-2228
11                                       Telephone:  (213) 683-6000
                                         Facsimile:  (213) 627-0705
12
                                         CHRISTOPHER H. McGRATH
13                                       PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                         3579 Valley Centre Drive
14                                       San Diego, CA  92130
                                         Telephone:  (858) 720-2500
15                                       Facsimile:  (858) 720-2555

16                                       *Attorneys for Defendant VeriSign, Inc.*

17

18

19

20

21

22

23
   LEGAL_US_W # 56514506.1
24

25

26

27

28

                                         -5-                    NOTICE OF REMOVAL OF ACTION
   Case No. _____

ORIGINAL FILED

07 JUN 25 PH 4: 04

CLERK...N. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT CALIFORNIA

RMW COPY

1  CHRISTOPHER H. McGRATH (SB# 149129)
   chrismcgrath@paulhastings.com
2  OLEG CROSS (SB# 246680)
   olegcross@paulhastings.com
3  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   3579 Valley Centre Drive
4  San Diego, CA  92130
   Telephone:  (858) 720-2500
5  Facsimile:  (858) 720-2555

6  THOMAS A. ZACCARO (SB# 183241)
   thomaszaccaro@paulhastings.com
7  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   515 South Flower Street, Twenty-Fifth Floor
8  Los Angeles, CA  90074-2228
   Telephone:  (213) 683-6000
9  Facsimile:  (213) 627-0705

10 EDWARD HAN (SB# 196924)
   edwardhan@paulhastings.com
11 PAUL, HASTINGS, JANOFSKY & WALKER LLP
   55 Second Street, 24th Floor
12 San Francisco, CA  94105
   Telephone:  (415) 856-7000
13 Facsimile:  (415) 856-7100

E-filing

14 *Attorneys for Defendant VeriSign, Inc.*

**RMW**

15           UNITED STATES DISTRICT COURT

16         NORTHERN DISTRICT OF CALIFORNIA

**HRL**

17           SAN FRANCISCO DIVISION

18                                         C 07    3332

19 THOMAS MYKITSHYN, Individually        Civil Action No._____
   and On Behalf of All Others Similarly
20 Situated,
                                         State Case No. 1-07-CV-085890
21           Plaintiff,
                                         <u>CLASS ACTION</u>
22      vs.
                                         **NOTICE OF RELATED CASE**
23 D. JAMES BIDZOS, WILLIAM L.
   CHENEVICH, DAVID J. COWAN,
24 MICHELLE GUTHRIE, SCOTT G.
   KRIENS, LEN J. LAUER, ROGER H.
25 MOORE, EDWARD A. MUELLER,
   GREGORY L. REYES, WILLIAM A.
26 ROPER, JR., STRATTON D. SCLAVOS,
   LOUIS A. SIMPSON, VERISIGN, INC.,
27
             Defendants.
28

                                         NOTICE OF RELATED CASE

1    Defendant VeriSign, Inc. ("VeriSign"), by its counsel, hereby states that this class action

2  is related to *Port Authority of Allegheny County v. Bidzos et al.*, C-06-04902 RMW and *Parnes v.*

3  *Bidzos et al.*, C-06-04165 PJH, consolidated on October 6, 2006 under the caption *In re VeriSign,*

4  *Inc. Derivative Litigation*, C-06-4165-PJH ("related action"), and assigned to Judge Phyllis J.

5  Hamilton.  VeriSign further states that this class action arises out of substantially the same events

6  or transactions as the related action, and it appears likely that there will be an unduly burdensome

7  duplication of labor and expense or conflicting results if the cases are conducted before different

8  Judges.

9

10  DATED: June 25, 2007                EDWARD HAN
                                        PAUL, HASTINGS, JANOFSKY & WALKER LLP

11

12                                      By: _____
                                                             EDWARD HAN
13

14                                      THOMAS A. ZACCARO
                                        PAUL, HASTINGS, JANOFSKY & WALKER LLP
15                                      515 South Flower Street, Twenty-Fifth Floor
                                        Los Angeles, CA  90074-2228
16                                      Telephone:  (213) 683-6000
                                        Facsimile:  (213) 627-0705
17
                                        CHRISTOPHER H. McGRATH
18                                      OLEG CROSS
                                        PAUL, HASTINGS, JANOFSKY & WALKER LLP
19                                      3579 Valley Centre Drive
                                        San Diego, CA  92130
20                                      Telephone:  (858) 720-2500
                                        Facsimile:  (858) 720-2555
21

22                                      *Attorneys for Defendant VeriSign, Inc.*

23

24  LEGAL_US_W # 56517746.1

25

26

27

28

COPY

1   CHRISTOPHER H. McGRATH (SB# 149129)
    chrismcgrath@paulhastings.com
2   OLEG CROSS (SB# 246680)
    olegcross@paulhastings.com
3   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    3579 Valley Centre Drive
4   San Diego, CA  92130
    Telephone:  (858) 720-2500
5   Facsimile:  (858) 720-2555

6   THOMAS A. ZACCARO (SB# 183241)
    thomaszaccaro@paulhastings.com
7   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    515 South Flower Street, Twenty-Fifth Floor
8   Los Angeles, CA  90074-2228
    Telephone:  (213) 683-6000
9   Facsimile:  (213) 627-0705

10  EDWARD HAN (SB# 196924)
    edwardhan@paulhastings.com
11  PAUL, HASTINGS, JANOFSKY & WALKER LLP
    55 Second Street, 24th Floor
12  San Francisco, CA  94105
    Telephone:  (415) 856-7000
13  Facsimile:  (415) 856-7100

14  *Attorneys for Defendant VeriSign, Inc.*

15              UNITED STATES DISTRICT COURT

16             NORTHERN DISTRICT OF CALIFORNIA

17                SAN FRANCISCO DIVISION                    **RMW**

18                                                          **HRL**

19  THOMAS MYKITSHYN, Individually       Civil Action No. **C 07 3332**
    and On Behalf of All Others Similarly
20  Situated,
                                         State Case No. 1-07-CV-085890
21              Plaintiff,
                                         CLASS ACTION
22       vs.
                                         **CERTIFICATE OF SERVICE OF NOTICE**
23  D. JAMES BIDZOS, WILLIAM L.          **TO ADVERSE PARTY OF REMOVAL TO**
    CHENEVICH, DAVID J. COWAN,           **FEDERAL COURT**
24  MICHELLE GUTHRIE, SCOTT G.
    KRIENS, LEN J. LAUER, ROGER H.
25  MOORE, EDWARD A. MUELLER,
    GREGORY L. REYES, WILLIAM A.
26  ROPER, JR., STRATTON D. SCLAVOS,
    LOUIS A. SIMPSON, VERISIGN, INC.,
27
                Defendants.
28

                                                          CERTIFICATE OF SERVICE

    Case No. _____

<u>CERTIFICATE OF SERVICE</u>

I, Edward Han, certify and declare as follows:

1.      I am over the age of 18 years and not a party to this action.  My business address is 55 Second Street, 24th Floor, which is located in the city of San Francisco, California, where the mailing described below took place.

2.      I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.

3.      On June 25, 2007, I deposited in the United States Mail at San Francisco, California, a copy of this Notice to Adverse Party of Removal to Federal Court dated June 25, 2007, a copy of which is attached to this Certificate and placed in a sealed envelope, postage fully paid, addressed as follows:

> Patrice L. Bishop, Esq.
> STULL, STULL & BRODY
> 10940 Wilshire Blvd., Suite 2300
> Los Angeles, CA  90024
>
> Jules Brody
> Aaron L. Brody
> STULL, STULL & BRODY
> 6 East 45th Street
> New York, NY 10017
>
> Joseph H. Weiss
> WEISS & LURIE
> 551 Fifth Avenue
> Suite 1600
> New York, NY 10176

4.      Following ordinary practices, the envelope was placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under the penalty of perjury under the laws of the United States of America that the above is true and correct.  Executed on June 25, 2007, at San Francisco, California.

By:_____
                    EDWARD HAN

LEGAL_US_W # 56523571.1

-1-                                    CERTIFICATE OF SERVICE

Case No. _____

C 07    3332 RMW    HRL

---

# U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45. This means that you **must** (check off the boxes ☒ when done):

☑ **1) Serve** this ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

Each attorney representing a party must also:

☑ **2) Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, do not register again, your registration is valid for life on all ECF cases in this district.

☑ **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

☑ **4)** Access dockets and documents using **PACER** (Public Access to Court Electronic Records). If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676-6856**.

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically. Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**

---

**<u>Submitting Initiating Documents</u>**
PDF versions of all the initiating documents originally submitted to the court (Complaint or Notice of Removal, exhibits, etc.) must be **emailed (not efiled)** to the **PDF email box for the presiding judge** (not the referring judge, if there is one) **within 10 (ten) business days** of the opening of your case. For a complete list of the email addresses, please go to: **http://ecf.cand.uscourts.gov** and click on **[Judges]**.

You must include the case number and judge's initials in the <u>subject line</u> of all relevant emails to the court. You do not need to wait for your registration to email these documents.

These documents must be emailed instead of e-filed to prevent duplicate entries in the ECF system. All other documents must be e-filed from then on. You do not need to efile or email the Civil Cover Sheet, Summons, or any documents issued by the court at case opening; note that you do need to efile the Summons Returned.

**<u>Converting Documents to PDF</u>**
Conversion of a word processing document to a PDF file is required before any documents may be submitted to the Court's electronic filing system. Instructions for creating PDF files can be found at the ECF web site: **http://ecf.cand.uscourts.gov**, and click on **[FAQ]**.

**<u>Email Guidelines</u>:** When sending an email to the court, the subject line of the email **<u>must</u>** contain the **case number, judge's initials** and the **type of document(s)** you are sending, and/or the topic of the email.

**Examples:** The examples below assume your case number is 03-09999 before the Honorable Charles R. Breyer:

| Type of Document | Email Subject Line Text |
|---|---|
| Complaint Only | 03-09999 CRB Complaint |
| Complaint and Notice of Related Case | 03-09999 CRB Complaint, Related Case |
| Complaint and Motion for Temporary Restraining Order | 03-09999 CRB Complaint, TRO |

Version 5/14/2007

**<u>Questions</u>**
Almost all questions can be answered in our **FAQ**s at
**http://ecf.cand.uscourts.gov**, please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or
call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from
9:00am to 4:00pm Pacific time, excluding court holidays.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

# NOTICE OF AVAILABILITY OF MAGISTRATE JUDGE
# TO EXERCISE JURISDICTION

In accordance with the provisions of Title 28, U.S.C., § 636(c), you are hereby notified that a United States magistrate judge of this district is available to exercise the court's jurisdiction and to conduct any or all proceedings in this case including a jury or nonjury trial, and entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge.

An appeal from a judgment entered by a magistrate judge may be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

Copies of the Form for the "Consent to Exercise of Jurisdiction by a United States Magistrate Judge" are available from the clerk of court.

The plaintiff or removing party shall serve a copy of this notice upon all other parties to this action pursuant to Federal Rules of Civil Procedure 4 and 5.

FOR THE COURT
RICHARD W. WIEKING, CLERK

By: Deputy Clerk

magcons.ntc (rev. 10/99)

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE OF SUMMONS

TO:   (A) _____

as    (B) _____ of (C) _____

     A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) _____ District of _____ and has been assigned docket number (E) _____ .

     This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) _____ days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

     If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

     If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

     I affirm that this request is being sent to you on behalf of the plaintiff, this _____ day of

_____ , _____ .

 

 

_____
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

 

A — Name of individual defendant (or name of officer or agent of corporate defendant)
B — Title, or other relationship of individual to corporate defendant
C — Name of corporate defendant, if any
D — District
E — Docket number of action

AO 399 (12/93)

# WAIVER OF SERVICE OF SUMMONS

TO: _____
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I acknowledge receipt of your request that I waive service of a summons in the action of

_____ , which is case number _____
(CAPTION OF ACTION)                                                (DOCKET NUMBER)

in the United States District Court for the _____ District of

_____ . I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting)

if an answer or motion under Rule 12 is not served upon you within 60 days after _____ ,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____                    _____
DATE                                             SIGNATURE

Printed/Typed Name: _____

As _____ of _____
(TITLE)                                        (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

THOMAS MYKITSHYN,

　　　　　Plaintiff (s),

v.

D. JAMES BIDZOS,
　　　　　Defendant(s).

No. **C 07-03332 RMW**

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES**

IT IS HEREBY ORDERED that this action is assigned to the Honorable Ronald M. Whyte.
When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all
other parties a copy of this order, the handbook entitled "Dispute Resolution Procedures in the
Northern District of California" and all other documents specified in Civil Local Rule 4-2. Counsel
must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution
(ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize
themselves with that rule and with the handbook entitled "Dispute Resolution Procedures in the
Northern District of California."

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 6/25/2007 | Notice of removal filed | |
| 9/14/2007 | Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 9/28/2007 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1) Civil L.R . 16-9 |
| 10/5/2007 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Courtroom 6, 4th Floor, SJ at 10:30 AM | Civil L.R. 16-10 |

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.     Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.     Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.     Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.     Motions: All prior and pending motions, their current status, and any anticipated motions.

5.     Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.     Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.     Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.     Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.     Class Actions: If a class action, a proposal for how and when the class will be certified.

10.    Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.    Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.    Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.    Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.    Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.    Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.    Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.    Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

**FILED**

**FEB 2 4 2003**

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION
DISTRICT JUDGE RONALD M. WHYTE

## STANDING ORDER RE: PRETRIAL PREPARATION

IT IS HEREBY ORDERED that the following requirements and procedures shall apply in all civil cases scheduled for trial before the undersigned judge unless modified at least fifteen (15) days before the pretrial conference.

A. **Not less than fifteen (15) days before the Pretrial Conference**, lead counsel (and all parties appearing *pro se*) shall meet and confer in person with respect to accomplishing the requirements and procedures outlined below.

B. **Not less than ten (10) court days before the Pretrial Conference**, the parties shall serve and file (or lodge, as applicable):

   1. **Trial Briefs (optional)**;

   2. **Motions *In Limine***;

   3. **Deposition and Discovery Responses.** One copy of any deposition transcript and any other discovery response any party intends to offer as evidence, other than solely for impeachment or rebuttal, shall be lodged with the court. The parties shall highlight the pertinent portions of the deposition transcripts and discovery responses;

   4. **Proposed Voir Dire Questions (Jury Trials Only).** Proposed voir dire questions may be submitted to the court. The examination of trial jurors shall be conducted initially by the judge. The court will allow limited follow-up voir dire by attorneys (usually ten (10) minutes per side). Written juror questionnaires are permitted in limited situations. If the parties wish to submit juror questionnaires, they must contact the court to discuss procedures: (a) at least forty-five (45) days in advance of the pretrial conference if they wish to mail a questionnaire to prospective jurors or (b) at least fifteen (15) days before the pretrial conference if they wish the prospective jurors to come to the court before trial to fill out a questionnaire;

   5. **Jury Instructions (Jury Trials Only).** The court has a basic set of preliminary instructions that will be given at the beginning of trial and a basic set of closing instructions that will be given before or after closing argument. These standard instructions are based upon the instructions in

1

chapters 1, 3 and 4 of the MODEL JURY INSTRUCTIONS OF THE NINTH CIRCUIT - CIVIL. The parties need not submit such standard instructions, unless they are dissatisfied with the model instructions.

The parties shall submit a **jointly prepared** proposed preliminary instruction that gives a neutral and concise summary of the positions of the parties, the elements of plaintiff's(s') claim(s) and the elements of any affirmative defense asserted by defendant(s).

The parties shall also submit a **joint** set of all proposed substantive closing instructions in a three-ring binder. The first section shall contain the instructions both sides agree should be given. The second section shall contain plaintiff's(s') proposed additional instructions with each proposed instruction immediately followed by defendant's(s') objection. The third section shall contain defendant's(s') proposed additional instructions with each proposed instruction immediately followed by plaintiff's(s') objection.

The court prefers parties use the MODEL JURY INSTRUCTIONS OF THE NINTH CIRCUIT or CALIFORNIA JURY INSTRUCTIONS CIVIL (BAJI), and, for patent cases, the MODEL PATENT JURY INSTRUCTIONS FOR THE NORTHERN DISTRICT. The court also frequently refers to FEDERAL JURY PRACTICE AND INSTRUCTIONS, FIFTH - CIVIL as source for model instructions. All proposed instructions, however, must be **tailored, modified and supplemented as necessary**. Each proposed instruction shall be written in plain language, comprehensible to jurors, concise and free from argument, cover only one subject which shall be indicated in the caption, and be written out in full on a separate page. For each instruction, the parties must provide citation to the authority upon which the instruction is based.

If practical, the court requests that a copy of the instructions also be submitted on a disk in WordPerfect format;

6.  **Form of Verdict (Jury Trials Only).** The parties shall serve and submit to the court a **jointly prepared** proposed form of verdict or, if the parties cannot agree, their respective proposals;

7.  **Proposed Findings of Fact and Conclusions of Law (Non-Jury Trials Only).** In actions tried to the court without a jury, each party shall serve and file proposed Findings of Facts and Conclusions of Law. If practical, the court requests that a copy of the proposed findings and conclusions also be submitted on a disk in WordPerfect format; and

8.  **Joint Pretrial Statement.** The Joint Pretrial Statement shall include the

following:

a.    **Substance of the Action.**  A brief description of the general nature of the action;

b.    **Stipulations, Agreed Statement and Undisputed Facts.**  A statement of any stipulations requested or proposed for pretrial or trial purposes;

c.    **Disputed Factual Issues.**  A plain and concise statement of all disputed factual issues which remain to be decided;

d.    **Disputed Legal Issues.**  Without extended legal argument, a plain and concise statement of each disputed point of law concerning liability, relief, procedure or evidence.  (When appropriate, full legal argument with citations to statutes and case law should be covered in a trial brief or motion *in limine*);

e.    **Deposition Excerpts and Discovery Responses.**  A list of any deposition testimony (by page and lines) or other discovery responses that each party may offer as evidence at trial, other than solely for impeachment or rebuttal;

f.    **Witnesses to be Called.**  A list of the name of each witness the parties may call at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given.  Each party shall separately identify those witnesses the party presently intends to call and those the party may call if the need arises;

g.    **Exhibits, Schedules and Summaries.**  A list of all documents and other items to be offered as exhibits at trial, other than solely for impeachment or rebuttal.  Each item on the list shall be identified by an exhibit number, followed by a brief statement describing its substance or purpose, and the identity of the sponsoring witness.  The parties must have agreed on an allocation of exhibit numbers which will avoid duplicate numbers.  The parties must limit the number of their exhibits to those essential to a fair presentation of their cases.  If possible, parties should stipulate to the authenticity and admissibility of exhibits prior to trial.

Any disputes regarding the authenticity or admissibility of any exhibits must be brought to the court's attention no later than the Pretrial Conference or the objections may be deemed waived;

h.    **Relief Prayed.** A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed;

i.    **Estimate of Trial Time.** A carefully reasoned estimate of the number of hours needed for the presentation of each party's case, including cross-examination of opposing witnesses and opening statement and closing argument;

j.    **Amendments, Dismissals.** A statement of any requested or proposed amendments to the pleadings or dismissals of parties, claims or defenses;

k.    **Settlement Discussion.** The court requires the parties to have exhausted settlement possibilities before the pretrial conference. This requirement includes a settlement conference with the assigned magistrate judge or other settlement facilitator approved by the court; and

l.    **Miscellaneous.** A statement describing any other subjects relevant to the trial of the action or material to its just, speedy, and inexpensive determination.

C.    Not less than five (5) court days prior to the Pretrial Conference, the parties shall serve and file (or lodge, as appropriate) the following:

1.    **Oppositions to Motions *In Limine*;**

2.    **Objections to the Use of Deposition Excerpts or other Discovery Responses.** Any objections to excerpts from depositions or other discovery responses designated in the Joint Pretrial Statement shall be filed in writing, along with a certification that counsel conferred with opposing counsel regarding any such objections;

3.    **Counter-Designations.** In the event a party contends that a deposition excerpt or other discovery response is unacceptably incomplete, the party shall file a counter-designation listing any additional deposition testimony (by page and lines) or other discovery responses it contends are necessary for a complete and fair record. Any objections to the counter-designations shall be served (by fax and mail) and filed the day before the Pretrial Conference (the after-hours drop box may **not** be used for this filing); and

4.    **Objections to Voir Dire, Proposed Findings, Verdict Forms, or to the Authenticity or Admissibility of any Trial Exhibits.** Any objections to

the use of proposed voir dire, proposed verdict forms, or to the authenticity or admissibility of any trial exhibits shall be filed in writing, along with a certification that counsel conferred with opposing counsel regarding such objections.

D.    **At the Pretrial Conference,** lead counsel (and parties in pro se) will attend in person and be prepared to discuss all matters concerning Pretrial Preparation. The court will consider any trial management issue which is likely to promote a fair and efficient resolution of the case, including:

1.    Entering a Pretrial Order, if needed;

2.    Ruling, to the extent practicable, on motions *in limine* and on any objections to voir dire, exhibits, preliminary and, if practical, closing jury instructions and verdict form;

3.    Allocating a fixed number of hours for each side for opening statements and the direct and cross-examination of witnesses;

4.    Setting specific dates and times when trial will be in session; **and**

5.    For jury trials, discussing the jury selection process. The court's usual practice is to have eight (8) person juries. The court will initially examine twenty (20) prospective jurors and then allow counsel for each side up to ten (10) minutes for follow-up questions. After the parties exercise any challenges for cause, the courtroom deputy will hand the parties a list with the prospective jurors numbered one (1) through the number of prospective jurors who remain after challenges for cause. The parties will then pass the list between themselves exercising their peremptory challenges (three (3) per side). A pass counts as a challenge. After the parties exercise their peremptory challenges, the examined jurors will be asked to return to the public seats in the courtroom and the eight (8) who will serve as the jury will be called back to the jury box by the courtroom deputy. The jurors will be the first eight (8) unchallenged prospective jurors on the list provided to counsel.

Questions concerning the provisions of this order should be directed to the court-room deputy, Jackie Vierra, at (408) 535-5375.

Dated:   February 24, 2003

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

5

1

2

3

4

5    Case No. _____

6

7

8

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

### STANDING ORDER REGARDING

### CASE MANAGEMENT IN CIVIL CASES

9         This order sets forth requirements for initial case management in all civil matters assigned to District

10    Judges James Ware, Ronald M. Whyte and Jeremy Fogel, and Magistrate Judges Patricia V. Trumbull, Richard

11    Seeborg, and Howard R. Lloyd. All papers filed must include the case number of the action followed by the

12    initials of the assigned district judge or magistrate judge and, if applicable, the initials of the magistrate judge to

13    whom the action is referred for discovery or other pretrial activity.

14         Plaintiff shall serve a copy of this Standing Order on all parties to this action and on all parties

15    subsequently joined, in accordance with Fed.R.Civ.P. 4 and 5. Following service, plaintiff shall file a certificate

16    of service in accordance with Civil L.R. 5-6(a).

17         All disclosure or discovery disputes in cases assigned to district judges are referred to the assigned

18    magistrate judge for determination pursuant to Fed.R.Civ.P. 72(a). Magistrate judges themselves handle

19    disclosure and discovery disputes in the cases assigned to them.

20         Before selecting a hearing date for a motion before any of the judges of the San Jose Division, counsel

21    must confer with opposing counsel to determine that the proposed hearing date will not cause undue prejudice.

22         Civil motions under Civil L.R. 7-2 in cases assigned to Judge Ware may be noticed for hearing on any

23    Monday at 9:00 a.m.

24         Civil motions under Civil L.R. 7-2 in cases assigned to Judge Whyte may be noticed for hearing on any

25    Friday at 9:00 a.m.

26

27

28

1    Civil motions under Civil L.R. 7-2 in cases assigned to Judge Fogel may be noticed for hearing only
2  after contacting Judge Fogel's judicial secretary, Teresa Fleishman, at 408-535-5426 and obtaining an available
3  date.
4    Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Trumbull may be noticed for
5  hearing on any Tuesday at 10:00 a.m.
6    Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Seeborg may be noticed for
7  hearing on any Wednesday at 9:30 a.m.
8    Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Lloyd may be noticed for
9  hearing on any Tuesday at 10:00 a.m.
10    Pursuant to Fed.R.Civ.P. 16 and 26 and Civil L.R. 16-10(a), a Case Management Conference will be
11  held on _____ at _____, at the United States Courthouse, 280
12  South First Street, San Jose, California. This conference may be continued only by court order pursuant to Civil
13  L.R. 16-2(e). Parties may not stipulate to continue a Case Management Conference without court approval.
14    Pursuant to Civil L.R. 16-3, in advance of the Case Management Conference, counsel shall confer with
15  their respective clients and opposing counsel for the purposes specified in Fed.R.Civ.P. 26(f), Civil L.R. 16-8
16  and 16-9, and in patent cases, Patent L.R. 3.1 through 3.6. A meaningful meet and confer process prior to the
17  Case Management Conference and good faith compliance with the requirements of this Order are essential
18  elements of effective case management. Failure to meet and confer, to be prepared for the Case Management
19  Conference or to file a Joint Case Management Conference Statement may result in sanctions. Parties may, but
20  are not required, to attend the Case Management Conference.
21    In all "E-filing" cases when filing papers in connection with any motion for determination by a judge,
22  the parties shall, in addition to filing papers electronically, lodge with chambers a printed copy of the papers by
23  the close of the next court day following the day the papers are filed electronically. These printed copies shall be
24  marked "Chambers Copy" and shall be submitted to the Clerk's Office, in an envelope clearly marked with the
25  judge's name, case number and "E-filing Chambers Copy." Parties shall not file a paper copy of any document
26  with the Clerk's Office that has already been filed electronically.
27  IT IS SO ORDERED.
28   Dated: Effective on the date this order is filed, until further court order.

1
2
3

James Ware
United States District Judge

4
5
6
7

Ronald M. Whyte
United States District Judge

8
9
10
11

Jeremy Fogel
United States District Judge

12
13
14

Patricia V. Trumbull
United States Chief Magistrate Judge

15
16
17
18

Richard Seeborg
United States Magistrate Judge

19
20
21

Howard R. Lloyd
United States Magistrate Judge

22
23
24
25
26
27
28