Patrice L. Bishop (182256)
STULL, STULL & BRODY
10940 Wilshire Boulevard
Suite 2300
Los Angeles, CA  90024
Tel:     (310) 209-2468
Fax:     (310) 209-2087

[Additional Counsel Appear
on Signature Page]

Counsel for Plaintiff

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS MYKITYSHYN, on Behalf of Himself and All Others Similarly Situated, | CASE NO. 07-CV-3332 PJH |
| Plaintiff, | **CLASS ACTION** |
| v. | **NOTICE OF MOTION AND MOTION TO REMAND ACTION PURSUANT TO 28 U.S.C. § 1447 FOR LACK OF SUBJECT MATTER JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| D. JAMES BIDZOS, WILLIAM L. CHENEVICH, DAVID J. COWAN, MICHELLE GUTHRIE, SCOTT G. KRIENS, LEN J. LAUER, ROGER H. MOORE, EDWARD A. MUELLER, GREGORY L. REYES, WILLIAM A. ROPER, JR., STRATTON D. SCLAVOS, LOUIS A. SIMPSON, VERISIGN, INC., | DATE:          August 29, 2007<br>TIME:          9:00 a.m.<br>JUDGE:       Hon. Phyllis J. Hamilton<br>CTRM:       3, 17th Floor |
| Defendants. | |

1   TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2       PLEASE TAKE NOTICE that on August 29, 2007 at 9:00 a.m., or as soon thereafter as the

3   matter may be heard, before the Honorable Phyllis J. Hamilton, located at 450 Golden Gate Avenue,

4   Courtroom 3, 17th Floor, San Francisco, California 94102, plaintiff Thomas Mykityshyn will move

5   this Court, pursuant to 28 U.S.C. § 1447, for an Order remanding this action to the Superior Court

6   of California for the County of Santa Clara.

7       This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum

8   of Points and Authorities in support thereof, the pleadings and other files herein, and such other

9   written or oral argument as may be permitted by the Court.

10  Dated:  July 25, 2007                    Patrice L. Bishop
                                             STULL, STULL & BRODY
11

12
                                By:    _____/s/_____
13                                     Patrice L. Bishop
                                       10940 Wilshire Boulevard
14                                     Suite 2300
                                       Los Angeles, CA  90024
15                                     Tel:    (310) 209-2468
                                       Fax:   (310) 209-2087
16
                                       Jules Brody
17                                     Aaron L. Brody
                                       STULL, STULL & BRODY
18                                     6 East 45th Street
                                       New York, NY 10017
19                                     Tel:    (212) 687-7230
                                       Fax:   (212) 490-2022
20
                                       Joseph H. Weiss
21                                     WEISS & LURIE
                                       551 Fifth Avenue
22                                     Suite 1600
                                       New York, NY 10176
23                                     Tel:    (212) 682-3025
                                       Fax:   (212) 682-3010
24
                                       Counsel for Plaintiff
25

26

27

28
                                          1

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Thomas Mykityshyn respectfully requests this Court remand this action to Superior Court of California for the County of Santa Clara.

## I.    INTRODUCTION

Plaintiff Thomas Mykityshyn filed this action in the Superior Court of California for the County of Santa Clara (the "Santa Clara Superior Court"). This Court should now remand this action back to the Santa Clara Superior Court because Defendant VeriSign, Inc. ("VeriSign" or the "Company") cannot meet it burden of proof related to the removal of an action from state court to federal court based on subject matter jurisdiction.

Defendant's sole basis for removal to this Court was the erroneous contention that plaintiff's action is preempted by the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. § 78bb(f). However, this action is not subject to preemption pursuant to SLUSA because it meets the requirements of an exception of the statute, a clause commonly referred to as the "Delaware carve-out." Indeed, this District has already held that the Delaware carve-out applies to a case alleging similar claims to those alleged by plaintiff herein. *See City of Ann Arbor Employees' Retirement Sys. v. Gecht*, 2007 U.S. Dist. LEXIS 21928, at *21 (N.D. Cal. March 9, 2007).

In his Complaint filed with the Santa Clara Superior Court, plaintiff alleges that defendants breached their fiduciary duty of disclosure under Delaware law by making misrepresentations and failing to disclose material facts regarding their improper backdating of stock options in order to secure shareholder approval for the issuance of additional VeriSign shares through amended stock option plans. SLUSA's Delaware carve-out expressly exempts these type of breach of fiduciary duty claims filed under the law of the corporation's state of incorporation. Accordingly, plaintiff respectfully requests that this Court remand this action back to plaintiff's chosen state court forum.

///

///

///

2

## II.     STATEMENT OF FACTS AND PROCEDURAL HISTORY

On May 15, 2007, plaintiff filed, with the Santa Clara Superior Court, this shareholders' action on behalf of all individuals who owned VeriSign common stock between April 3, 2002 and August 9, 2006.  VeriSign, a publicly traded company whose common stock is traded on Nasdaq under the ticker symbol "VRSN," develops and markets high-performance digital audio and video imaging applications for purchase by original equipment manufacturers of digital televisions, DVD products, digital cameras, digital printing, multimedia phones and IP cores.

In his Complaint for Breaches of Fiduciary Duty (the "Complaint"), plaintiff alleges that certain current and former officers and members of its Board of Directors (the "Board") breached their fiduciary duty of disclosure under Delaware law by making misrepresentations and failing to disclose material facts regarding their improper backdating of stock options in order to secure shareholder approval for an additional 47 million VeriSign shares as a result of the amendments and revisions to the Company's 1998 Equity Incentive Plan and 1998 Directors Plan (the "Option Plans") and adoption of the 2006 Equity Incentive Plan (the "2006 Plan").  Plaintiff's Complaint is attached as Exhibit A to the Declaration of Oleg Cross in Support of Defendant VeriSign, Inc.'s Notice of Removal of Action (the "Cross Declaration").

On June 22, 2007, defendant VeriSign filed its Answer to plaintiff's Complaint. Defendant's Answer is attached as Exhibit E to the Cross Declaration.

On June 25, 2007, defendant filed and served, via U.S. Mail, its Notice of Removal of Action (the "Notice of Removal").  The sole reason given for the removal is SLUSA.  *See* Notice of Removal at 2:1-13.

As outlined *infra*, SLUSA's preemption is not applicable to this action because of the Delaware carve-out clause contained herein.  Accordingly, plaintiff respectfully requests this Court remand his case to his chosen jurisdiction, the Santa Clara Superior Court.

///

///

///

3

1    III.    **ARGUMENT**

2        Defendant's removal of this litigation from the Superior Court to this United States District

3    Court was improper.  As outlined *infra*, VeriSign cannot meet its burden to prove that removal from

4    the state court was proper pursuant to SLUSA because plaintiff's claims are exempt from

5    preemption under SLUSA's Delaware carve-out clause.

6                    A.    **Standard Governing Removal and the District Court's Subject Matter
                            Jurisdiction**

7

8        Defendants have the burden of establishing that their removal of this action from the Santa

9    Clara Superior Court was proper at the time it was removed.  *Duncan*,76 F.3d at 1485 (9th Cir 1996)*,*

10   *citing Harris v. Provident Life and Accident Ins. Co.*, 26 F.3d 930, 932 (9th Cir. 1994).  As

11   demonstrated *infra*, defendants' removal of this case was based solely on the erroneous subject

12   matter jurisdiction grounds of SLUSA, which is not applicable to plaintiff's Complaint.

13   Accordingly, defendants cannot meet their burden and this action must be remanded to state court.

14       Federal law dictates that this Court must narrowly construe the removal statute.   *Duncan v.*

15   *Stuetzle*, 76 F.3d 1480, 1485 (9th Cir 1996), *citing Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S.

16   100, 108, 85 L. Ed. 1214, 61 S. Ct. 868 (1941); *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.

17   1992) (citation omitted).  Moreover, federal jurisdiction "must be rejected if there is any doubt as to

18   the right of removal in the first instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).

19       The general federal remand statute, 28 U.S.C. § 1447(c) provides, in relevant part, that "[i]f

20   at any time before final judgment it appears that the district court lacks subject matter jurisdiction,

21   the case shall be remanded."  28 U.S.C. § 1447(c).  Therefore, once this Court determines it does

22   not have subject matter jurisdiction, it *must* remand the case back to the Santa Clara Superior Court.

23       Similarly, SLUSA provides that if, in considering a challenge to the removal from state court

24   under SLUSA's provisions, the federal district court determines that an action is preserved under the

25   Delaware carve-out, the federal court is *required* to remand the action back to state court.  SLUSA

26   specifically states that after an action has been removed, "if the Federal court determines that the

27

28

**NOTICE OF MOTION AND MOTION TO REMAND ACTION PURSUANT TO 28 U.S.C. § 1447 FOR LACK
OF SUBJECT MATTER JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 07-CV-3332 PJH**
W:\STULL\VERISIGN3\PLD\Mykityshyn Remand Motion.wpd

1  action may be maintained in State court pursuant to this subsection, the Federal court *shall remand*

2  such action to such State court." 15 U.S.C. §17bb(f)(3)(D) (emphasis added).

3      Because plaintiff's claims are exempt from the SLUSA preemption requirements pursuant to

4  the Delaware carve-out clause, this action must be remanded to the Santa Clara Superior Court.

5              **B.      The Delaware Carve-Out Precludes Removal Under SLUSA**

6      SLUSA specifically precludes removal of actions such as this one which is based on the

7  statutory or common law of the issuer's state of incorporation.  This exception clause, the Delaware

8  carve-out, is directly applicable to this action.  VeriSign is incorporated in Delaware, and plaintiff's

9  Complaint alleges only claims for Delaware's common law breach of the fiduciary duty of

10 disclosure.  *See* Cross Declaration Exh. A at ¶¶18, 67-79.  The Complaint contains no claims for

11 violations of Federal law.

12     Because plaintiff's claims meet the threshold showing that the allegations are based on  the

13 common law of VeriSign's state of incorporation, the Delaware carve-out exempts from SLUSA

14 this action which "involves" state law claims concerning:

15         (I) the purchase or sale of securities by the issuer or an affiliate of the issuer
           exclusively  from or to holders of equity securities of the issuer; or

16
17         (II) any recommendation, position or other communication with respect to the sale of
           securities of an issuer that –

18             (aa) is made by or on behalf of the issuer or an affiliate of the issuer to
               holders of equity securities of the issuer; and
19
20             (bb) concerns decisions of such equity holders with respect to voting
               their securities, acting in response to a tender or exchange offer, or
               exercising dissenters' or appraisal rights.
21

22 15 U.S.C § 78bb(f)(3)(A)(ii).  As demonstrated *infra*, each of these enunciated sections of SLUSA

23 applies to plaintiffs' allegations, requiring remand of this action to the Santa Clara Superior Court.[1]

24

25

26 _____

27     [1]  It should be noted, however, that SLUSA requires remand when a plaintiff's complaint
   satisfies either 15 U.S.C § 78bb(f)(3)(A)(ii)(I) or 15 U.S.C § 78bb(f)(3)(A)(ii)(II).  Satisfaction of
28 both clauses is not necessary.  *Id*.

**NOTICE OF MOTION AND MOTION TO REMAND ACTION PURSUANT TO 28 U.S.C. § 1447 FOR LACK
OF SUBJECT MATTER JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 07-CV-3332 PJH**
W:\STULL\VERISIGN3\PLD\Mykityshyn Remand Motion.wpd

1    First, as alleged in the Complaint and contrary to VeriSign's assertions, this action does

2   concern "the purchase or sale of securities by the issuer or an affiliate of the issuer exclusively  from

3   or to holders of equity securities of the issuer[.]" 15 U.S.C. §78bb(f)(3)(A)(ii)(I).  Specifically,

4   this action "involves" the transfer of stock from VeriSign (the "issuer") to the Company's stock

5   option plans ("holders of equity securities of the issuer"), and thereby to certain of the Company's

6   directors, officers and employees (also "holders of equity securities of the issuer").  Accordingly, 15

7   U.S.C. §78bb(f)(3)(A)(ii)(I) applies to this action.  Indeed, defendant has admitted this fact in its

8   Notice of Removal when it stated the Complaint involves "the purchase or sale of [] securities." *See*

9   Notice of Removal at 2:26-3:2.

10    Second, as alleged in the Complaint and contrary to VeriSign's assertions, this action also

11   concerns "any recommendation, position or other communication with respect to the sale of

12   securities of an issuer that [] is made by or on behalf of the issuer or an affiliate of the issuer to

13   holders of equity securities of the issuer; and [] concerns decisions of such equity holders with

14   respect to voting their securities, acting in response to a tender or exchange offer, or exercising

15   dissenters' or appraisal rights." 15 U.S.C. §78bb(f)(3)(A)(ii)(II).  In fact, plaintiff's Complaint

16   alleges that defendants breached their Delaware state law fiduciary duties by, *inter alia*,

17   disseminating false and misleading proxy statements on April 22, 1999, April 12, 2001, April 3,

18   2002, April 16, 2003, April 26, 2004, April 26, 2005 and April 10, 2006, which, as more fully

19   outlined in the Complaint, requested VeriSign shareholders vote their shares in favor of a proposal

20   to dedicate an additional 47 million VeriSign shares to Company stock option plans through

21   amendments to the 1998 Option Plans and adoption of the 2006 Plan.  Complaint, Cross Ex. A at

22   ¶¶30-42.  It was from these additional shares that defendants and others at VeriSign would receive

23   their option grants.

24

25   ///

26   ///

27   ///

28

**NOTICE OF MOTION AND MOTION TO REMAND ACTION PURSUANT TO 28 U.S.C. § 1447 FOR LACK OF SUBJECT MATTER JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES CASE NO. 07-CV-3332 PJH**
W:\STULL\VERISIGN3\PLD\Mykityshyn Remand Motion.wpd

1    Put more simply, the proxies were each a "recommendation" or "other communication," and

2    these recommendations/communications were:

3    •    "[W]ith respect to the sale of [VeriSign] securities" into the stock option plans for

4        defendants and other Company insiders;

5    •    "Made on behalf by or on behalf of [VeriSign and its affiliates, the directors,] to the

6        holders of [VeriSign] securities []; and"

7    •    "[C]oncern[ed] decisions of such equity holders [of VeriSign stock] with respect to

8        voting their securities [ . . . and . . .] exercising [their] dissenters' or appraisal

9        rights[,]" specifically with regards to whether or no the shareholders should approval

10        amendments to the 1996 Plans and/or adoption of the 2006 Plan.

11    *See* 15 U.S.C. §78bb(f)(3)(A)(ii)(II).

12    Indeed, this District has already held that a plaintiff alleging similar claims to those included

13    in the Complaint are included under the Delaware carve-out. *See City of Ann Arbor Employees'*

14    *Retirement Sys. v. Gecht*, 2007 U.S. Dist. LEXIS 21928 (N.D. Cal. March 9, 2007). In *Ann Arbor*,

15    the plaintiff "filed a derivative suit and class action against various officers and directors of [the

16    defendant company] alleging, *inter alia*, that Defendants breached their fiduciary duty by failing to

17    disclose in [the defendant company's . . .] proxy statement their practice of backdating stock options

18    to their benefit and to the shareholders detriment." *Ann Arbor*, 2007 U.S. Dist LEXIS 21928, at

19    *2." Moreover, in the *Ann Arbor* litigation, as in this action, the plaintiff also alleged that

20    defendants' breached their fiduciary duties when they, with undisclosed knowledge of their

21    backdating practices, requested an increase in the number of shares available under the defendant

22    company's stock option plans. *Ann Arbor*, 2007 U.S. Dist LEXIS 21928, at *2-*3. The Court

23    found that the defendant's "attempt to remove pursuant to SLUSA was not justified because

24    Plaintiff's class action falls within the scope of the second Delaware carve-out." *Ann Arbor*, 2007

25    U.S. Dist LEXIS 21928, at *21. In so holding this District found that:

26        [T]here is more than a "tangential" relationship between Defendants' allegedly
        fraudulent communications to shareholders and the prospective sale of securities at
27        issue (*i.e.*, stock option grants). [footnote and citation omitted.] The authorization
        sought by the allegedly misleading proxy statement has a "transactional nexus" with

28

7

1  any further option grants. [citation omitted.] The shareholder authorization was a
   necessary predicate to any further grants of backdated options, options contemplated
2  by the complaint. [footnote omitted.]  The complaint fairly implies the purpose of the
   misleading proxy solicitation was to facilitate further backdated options. There is
3  thus clear causal connection between the proxy statement and the anticipated
   transaction.

4                                           * * *

5
   Moreover, there is a high degree of proximity in the causal chain. Defendants would
6  not need to make any further communications with shareholders before granting the
   options: no further shareholder approval is necessary once the authorization was
7  obtained. The proxy statement was the last necessary "communication with respect to
   the sale of securities" which concerns "decision of such equity holders with respect to
8  voting their securities." [citations omitted.]

9  *Ann Arbor*, 2007 U.S. Dist LEXIS 21928, at *16-18.

10        Therefore, the Court concluded that "removal pursuant to SLUSA was not warranted[.]"

11 *Ann Arbor*, 2007 U.S. Dist LEXIS 21928, at *21.  Similarly, removal was not warranted in this

12 action and this case should be remanded to the Santa Clara Superior Court.  *See*, *e.g.* *Superior*

13 *Partners v. Chang*, 471 F. Supp. 2d 750, 755 (pursuant to the Delaware carve-out, remand is

14 "proper" because alleged misrepresentations in proxy statement constitute a "'communication'

15 made by the issuer" concerning shareholders' future vote).

16        **IV.    CONCLUSION**

17        For the foregoing reasons, plaintiff respectfully requests the Court remand this action to the

18 Santa Clara Superior Court.

19

20 Dated: July 25, 2007                    Patrice L. Bishop
                                           STULL, STULL & BRODY
21

22
                                   By:    _____/s/_____
23                                         Patrice L. Bishop
                                           10940 Wilshire Boulevard
24                                         Suite 2300
                                           Los Angeles, CA  90024
25                                         Tel:    (310) 209-2468
                                           Fax:    (310) 209-2087
26 ///

27 ///

28
                                            8
   **NOTICE OF MOTION AND MOTION TO REMAND ACTION PURSUANT TO 28 U.S.C. § 1447 FOR LACK
   OF SUBJECT MATTER JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES
   CASE NO. 07-CV-3332 PJH**
   W:\STULL\VERISIGN3\PLD\Mykityshyn Remand Motion.wpd

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Jules Brody
Aaron L. Brody
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017
Tel:    (212) 687-7230
Fax:    (212) 490-2022

Joseph H. Weiss
WEISS & LURIE
551 Fifth Avenue
Suite 1600
New York, NY 10176
Tel:    (212) 682-3025
Fax:    (212) 682-3010

Counsel for Plaintiff

9

**NOTICE OF MOTION AND MOTION TO REMAND ACTION PURSUANT TO 28 U.S.C. § 1447 FOR LACK OF SUBJECT MATTER JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES CASE NO. 07-CV-3332 PJH**

W:\STULL\VERISIGN3\PLD\Mykityshyn Remand Motion.wpd

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA            )
                              )ss.:
3     COUNTY OF LOS ANGELES         )

4         I am employed in the county of Los Angeles, State of California, I am over the age of 18 and
not a party to the within action; my business address is 10940 Wilshire Boulevard, Suite 2300, Los
5     Angeles, CA  90024.

6         On July 25, 2007, I served the document(s) described as **NOTICE OF MOTION AND
MOTION TO REMAND ACTION PURSUANT TO 28 U.S.C. § 1447 FOR LACK OF
7     SUBJECT MATTER JURISDICTION; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF** by placing a true copy(ies) thereof enclosed in a
8     sealed envelope(s) addressed as follows:

9     Jules Brody                              Joseph H. Weiss
      Aaron L. Brody                           WEISS & LURIE
10    STULL, STULL & BRODY                     551 Fifth Avenue
      6 East 45th Street                       Suite 1600
11    New York, NY 10017                       New York, NY 10176
      Tel:    (212) 687-7230                   Tel:    (212) 682-3025
12    Fax:    (212) 490-2022                   Fax:    (212) 682-3010

13    Counsel for Plaintiff                    Counsel for Plaintiff

14

15    I served the above document(s) as follows:

16    xx      BY MAIL.  I am familiar with the firm's practice of collection and processing
              correspondence for mailing.  Under that practice it would be deposited with U.S. postal
17            service on that same day with postage thereon fully prepaid at Los Angeles, California in the
              ordinary course of business.  I am aware that on motion of the party served, service is
18            presumed invalid if postal cancellation date or postage meter date is more than one day after
              date of deposit for mailing in an affidavit.

19        I declare that I am employed in the office of a member of the bar of this Court at whose
direction the service was made.
20
        Executed on July 25, 2007, at Los Angeles, California 90024.
21

22

23    ___MELANIE JACOBS___                          _____/s/_____
      Type or Print Name                                 Signature
24

25

26

27

28

**NOTICE OF MOTION AND MOTION TO REMAND ACTION PURSUANT TO 28 U.S.C. § 1447 FOR LACK
OF SUBJECT MATTER JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 07-CV-3332 PJH**
W:\STULL\VERISIGN3\PLD\Mykityshyn Remand Motion.wpd