1   CHRISTOPHER H. McGRATH (SB# 149129)
    chrismcgrath@paulhastings.com
2   OLEG CROSS (SB# 246680)
    olegcross@paulhastings.com
3   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    3579 Valley Centre Drive
4   San Diego, CA  92130
    Telephone:  (858) 720-2500
5   Facsimile:  (858) 720-2555

6   THOMAS A. ZACCARO (SB# 183241)
    thomaszaccaro@paulhastings.com
7   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    515 South Flower Street, Twenty-Fifth Floor
8   Los Angeles, CA  90074-2228
    Telephone:  (213) 683-6000
9   Facsimile:  (213) 627-0705

10  EDWARD HAN (SB# 196924)
    edwardhan@paulhastings.com
11  PAUL, HASTINGS, JANOFSKY & WALKER LLP
    55 Second Street, 24th Floor
12  San Francisco, CA  94105
    Telephone:  (415) 856-7000
13  Facsimile:  (415) 856-7100

14  *Attorneys for Defendant VeriSign, Inc.*

15              UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17              SAN FRANCISCO DIVISION

18

19  THOMAS MYKITYSHYN, Individually          CASE NO. C 07-03332 PJH
    and On Behalf of All Others Similarly
20  Situated,                                CLASS ACTION

21                 Plaintiff,               **DECLARATION OF OLEG CROSS IN
                                            SUPPORT OF VERISIGN, INC.'S
22          vs.                             OPPOSITION BRIEF TO PLAINTIFF'S
                                            MOTION TO REMAND ACTION
23  D. JAMES BIDZOS, WILLIAM L.             PURSUANT TO 28 U.S.C. § 1447 FOR
    CHENEVICH, DAVID J. COWAN,              LACK OF SUBJECT MATTER
24  MICHELLE GUTHRIE, SCOTT G.              JURISDICTION**
    KRIENS, LEN J. LAUER, ROGER H.
25  MOORE, EDWARD A. MUELLER,
    GREGORY L. REYES, WILLIAM A.            Date:     October 3, 2007
26  ROPER, JR., STRATTON D. SCLAVOS,        Time:     9:00 a.m.
    LOUIS A. SIMPSON, VERISIGN, INC.,       Judge:    Hon.  Phyllis J. Hamilton
27                                          Ctrm:     3, 17th Floor
                   Defendants.
28

1    I, OLEG CROSS, hereby state:

2    I am an attorney at law, licensed to practice before this Court and all courts of the State of

3    California. I am associated with the law firm of Paul, Hastings, Janofsky & Walker LLP, counsel

4    of record for VeriSign, Inc. ("VeriSign"), Defendant in the above-captioned matter. I make this

5    declaration in support of VeriSign's Opposition Brief to Plaintiff's Motion to Remand Action

6    Pursuant to 28 U.S.C. § 1447 for Lack of Subject Matter Jurisdiction, and if called as a witness

7    can and would testify competently hereto.

8    1.    On August 8, 2006, a Complaint alleging, *inter alia*, breaches of fiduciary duty

9    was filed in the case captioned *Beagle v. Bidzos, et al.*, Santa Clara Superior Court Case No. 1-

10   06-CV-068838 ("*Beagle* Action"). Attached hereto as Exhibit A is a true and correct copy of that

11   Complaint.

12   2.    On March 7, 2007, the parties in the case captioned *Port Authority of Allegheny*

13   *County v. Bidzos*, Santa Clara Superior Court Case No. 1-06-CV-069192 entered into, and the

14   Superior Court approved, a Stipulation and Order staying that state action pending the outcome of

15   the federal derivative action captioned *In re VeriSign, Inc. Derivative Litigation*, C-06-4165-PJH.

16   Attached hereto as Exhibit B is a true and correct copy of that Stipulation and Order.

17   3.    On February 8, 2007, Plaintiff in the *Beagle* Action filed a Request for Dismissal.

18   Attached hereto as Exhibit C is a true and correct copy of that Request for Dismissal.

19   I declare under penalty of perjury under the laws of the United States of America that the

20   foregoing is true and correct and that I have executed this Declaration on the 29th day of August,

21   2007 at San Diego, California.

22

23   By: _____

24          OLEG CROSS

25

26

27   LEGAL_US_W # 56974332.1

28

Case No. C 07-03332 PJH          -1-          DECLARATION OF O. CROSS ISO
                                              VERISIGN'S OPPOSITION BRIEF

# Exhibit A

08/10/2006 15:12 FAX                                                      ☑004



STULL STULL BRODY                                    NO. 2520   P. 5

1   Patrice L. Bishop (182256)
    STULL, STULL & BRODY
2   10940 Wilshire Boulevard
    Suite 2300
3   Los Angeles, CA 90024
    Tel:   (310) 209-2468
4   Fax:   (310) 209-2087

5   [Additional Counsel Appear
    on Signature Page]
6
    Counsel for Plaintiffs
7

FILED  Santa Clara Co
06/08/06   3:56pm
Kiri Torre
Chief Executive Offic
By: cfujihara dtscler
R2006000073253
              76752 $870.00
                     $870.00
Case: 1-06-CV-068838

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF SANTA CLARA

10

                                              106CV0688

11  BRANDON S. BEAGLE,                    CASE NO.
    PRAKASH N. GANDHI,
12  VIMAL P. GANDHI,                      VERIFIED SHAREHOLDER
    AUGUST T. PACE,                       DERIVATIVE COMPLAINT FOR
13  DARRELL WILSON,                       VIOLATIONS OF:

14                    Plaintiffs,         1.  Breach of Fiduciary Duty;
                                          2.  Accounting;
15        v.                              3.  Abuse of Control;
                                          4.  Gross Mismanagement;
16  D. JAMES BIDZOS,                      5.  Constructive Fraud;
    WILLIAM L. CHENEVICH,                 6.  Corporate Waste;
    DAVID J. COWAN,                       7.  Unjust Enrichment; and
17  DANA L. EVAN,                         8.  Recision
    QUENTIN P. GALLIVAN,
18  MICHELLE GUTHRIE,                     JURY TRIAL DEMANDED
    DIANA S. KEITH,
19  ROBERT J. KORZENIEWSKI,
    SCOTT G. KRIENS,
20  LEN J. LAUER,
    ROGER H. MOORE,
21  EDWARD A. MUELLER,
    ANIL H.P. PEREIRA,
22  GREGORY L. REYES,
    WILLIAM A. ROPER, JR.,
23  ARNOLD SCHAEFFER,
    STRATTON D. SCLAVOS,
24  LOUIS A. SIMPSON,
    RICHARD A. YANOWITCH,

25

26                    Defendants,

27        and

28  VERISIGN, INC.,

                      Nominal Defendant.

FILE VIA FAX

1  Plaintiffs, Brandon S. Beagle, Prakash N. Gandhi, Vimal P. Gandhi, August T. Pace, and

2  Darrell Wilson ("plaintiffs"), through their attorneys, bring this Verified Shareholder's Derivative

3  Complaint for the benefit of Nominal Defendant VeriSign, Inc. ("VeriSign" or the "Company"),

4  allege on personal knowledge as to their selves and their activities, and on information and belief as

5  to all other matters, based on investigation and discovery conducted by counsel:

## SUMMARY

7    1.    This is a shareholders' derivative action brought for the benefit of nominal defendant

8  VeriSign against certain current and former officers and members of its Board of Directors (the

9  "Board") and certain Company officers seeking to remedy defendants' breaches of fiduciary duties,

10  abuse of control, constructive fraud, corporate waste, unjust enrichment and gross mismanagement.

11   2.    VeriSign a publicly traded company whose common stock is traded on Nasdaq under

12  the ticker symbol "VRSN," develops and markets high-performance digital audio and video imaging

13  applications for purchase by original equipment manufacturers of digital televisions, dvd products,

14  digital cameras, digital printing, multimedia phones and IP cores.

15   3.    Between October 1998 and September 2001 certain senior executives received

16  unlawfully backdated VeriSign stock opinions at the direct expense of VeriSign. The issuance and

17  receipt of these unlawfully backdated VeriSign stock options was a done in violation defendants'

18  fiduciary duties owed to the Company.

## JURISDICTION

20   4.    This Court has jurisdiction over the subject matter of this action pursuant to the

21  California Constitution Article VI, Section 10, because the case is an action not given by statute to

22  other trial courts.

23   5.    Venue is proper in this County under Section 395(a) of the California code of Civil

24  Procedure in that some or all of the Individual Defendants reside in this County.

## PARTIES

26   6.    Plaintiffs are, and were at all relevant times, shareholders of nominal defendant

27  VeriSign.

28

2

STULL STULL BRODY                                    NO. 2520    P. 7

7.    Nominal Defendant VeriSign is a Delaware corporation with its executive offices and principal place of business located at 487 East Middlefield Road, Mountain View, California 94043.

8.    Defendant Stratton D. Sclavos ("Sclavos") has served as President, Chief Executive Officer and a director of VeriSign since July 1995, and became Chairman of the Board of Directors in December 2001. He was also member of the Compensation Committee for all relevant times herein. Upon information and belief, defendant Sclavos is a resident of the State of California.

9.    Defendant Quentin P. Gallivan ("Gallivan"), during relevant times herein, served as VeriSign's executive vice president of worldwide sales. Upon information and belief, defendant Gallivan is a resident of the State of California.

10.    Defendant Richard A. Yanowitch ("Yanowitch"), during relevant times herein, served as an executive vice president of the Company. Upon information and belief, defendant Yanowitch is a resident of the State of California.

11.    Defendant Dana L. Evan ("Evan") currently serves as VeriSign's Chief Financial Officer ("CFO"). He joined the Company in 1996. Upon information and belief, defendant Evan is a resident of the State of California.

12.    Defendant Arnold Schaeffer ("Schaeffer") currently serves as Executive Vice President of Engineering. He joined the Company in joined the Company in 1996. Upon information and belief, defendant Schaeffer is a resident of the State of California.

13.    Defendant Diana S. Keith ("Keith") is the Senior Vice President of Customer Advocacy. Upon information and belief, defendant Keith is a resident of the State of California.

14.    Defendant Robert J. Korzeniewski ("Korzeniewski") currently serves as the Executive Vice President of Corporate Development and Strategy. He joined the Company in 2000.

15.    Defendant Anil H.P. Pereira ("Pereira"), at relevant times herein, served as Executive Vice President and General Manager of the Enterprise/Services Provider Division. Defendant D. James Bidzos ("Bidzos") has also served as Vice Chairman of the Board of VeriSign since December 2001. He served as the Company's Chairman of the Board from April 1995 until December 2001, and as CEO from April 1995 to July 1995. During all relevant times herein,

3

1    defendant Bidzos served on the Compensation Committee. Upon information and belief, defendant

2    Bidzos is a resident of the State of California.

3        16.    Defendant William Chenevich ("Chenevich") has been a member of the Board of

4    Directors since the Company's founding in 1995. He has been a member of the Compensation

5    Committee for the period 1999 through 2002. Upon information and belief, defendant Chenevich

6    resides in Wisconsin.

7        17.    Defendant David J. Cowan ("Cowan") was a member of the Board of Directors and

8    served on its Compensation Committee during times relevant herein. Upon information and belief,

9    defendant Cowan resides in California.

10        18.    Defendant Michelle Guthrie ("Guthrie") has been a member of the Board of

11    Directors since December 2005. Upon information and belief, defendant Guthrie resides in Asia.

12        19.    Defendant Scott G. Kriens ("Kriens") has been a member of the Board of Directors

13    since January 2001. He was a member of the Compensation Committee in 2001 and 2002.

14    Defendant Kriens is the Chairman and CEO of Juniper Networks, a company that is also under

15    investigation for backdating its options to top executives. Upon information and belief,

16    defendant Kriens resides in California.

17        20.    Defendant Len J. Lauer ("Lauer") has been a member of the Board of Directors since

18    February 2004, and is a member of its Compensation Committee.

19        21.    Defendant Roger H. Moore ("Moore") has been a member of the Board of Directors

20    since February 2002, and served on its Compensation Committee in 2002. Upon Information and

21    belief, defendant Moore is a resident of the State of California.

22        22.    Defendant Edward A. Mueller ("Mueller") has been a member of the Board of

23    Directors since March 2005.

24        23.    Defendant Gregory L. Reyes ("Reyes") has been a member of the Board of Directors

25    since April 2001, and has served on its Compensation Committee since 2002. Upon information and

26    belief, defendant Reyes is a resident of the State of California.

27

28

08/10/2006 15:17 FAX                                                    ✉008

STULL STULL BRODY                                    NO. 2520  P. 9

24.    Defendant William A. Roper, Jr. ("Roper") has been a member of the Board of Directors since November 2003. Upon information and belief, defendant Roper is a resident of the State of California.

25.    Defendant Louis A. Simpson ("Simpson") has been a member of the Board of Directors since May 2005, and is currently the is Chair of the Compensation Committee.

26.    Defendants Sclavos, Gallivan, Yanowitch, Evan, Schaeffer, Keith, Korzeniewski and Pereira are collectively referred to herein as the "Officer Defendants."

27.    Defendants Bidzos, Chenevich, Cowan, Guthrie, Kriens, Lauer, Moore, Mueller, Reyes, Roper and Simpson are collectively referred to herein as the "Director Defendants."

## DUTIES OF THE INDIVIDUAL DEFENDANTS

28.    Each Individual Defendant owed VeriSign and its public shareholders the duty to exercise due care, loyalty and good faith in the management and administration of the affairs of the Company, as well as in the use and preservation of its property and assets. The conduct of the Individual Defendants complained of herein involves a knowing, reckless or grossly negligent and culpable violation of their obligations as directors and/or officers of VeriSign, the absence of good faith on their part and a reckless disregard for their duties to the Company and its shareholders, all of which the Individual Defendants were aware or should have been aware, presented a risk of, and in fact did cause, serious injury to the Company.

29.    By reason of their positions as officers, directors, and fiduciaries of VeriSign and its shareholders and because of their ability to control the business and corporate affairs of VeriSign, the Individual Defendants owed VeriSign and its shareholders fiduciary obligations of trust, good faith, loyalty, and due care, and were and are required to use their utmost ability to control and manage VeriSign in a fair, just, honest, and equitable manner. The Individual Defendants were and are required to act in furtherance of the best interests of VeriSign and its shareholders so as to benefit all shareholders equally and not in furtherance of their personal interests or benefit.

30.    The Individual Defendants, because of their positions of control and authority as directors and/or officers of VeriSign, were able to and did, directly and/or indirectly, exercise control over the wrongful acts complained of herein.

5



31.     At all times relevant hereto, each of the Individual Defendants was the agent of each of the other Individual Defendants and of VeriSign, and was at all times acting within the course and scope of such agency.

32.     To discharge the aforesaid duties, the Individual Defendants were required to exercise reasonable and prudent supervision over the management, policies, practices, controls, and financial affairs of VeriSign. The Individual Defendants were required, among other things, to: in good faith manage, conduct, supervise and direct the business and affairs of VeriSign carefully and prudently and in accordance with all applicable laws, rules and regulations; neither violate nor knowingly permit any officer, director, employee or agent of VeriSign to violate applicable federal and state laws, rules and regulations or any rule or regulation of VeriSign; exercise reasonable control and supervision over the officers and employees and agents of VeriSign; remain informed as to the status of VeriSign's operations, and upon receipt of notice or information of imprudent or unsound practices, to make a reasonable inquiry in connection therewith, and to take steps to correct such conditions or practices and make such disclosures as are necessary to comply with federal and state securities laws, supervise the preparation, filing and/or dissemination of any SEC filings, press releases, audits, reports or other information required by law, and examine and evaluate any reports or examinations, audits, or other financial information concerning the financial condition of VeriSign; maintain and implement an adequate system of internal financial, accounting and management information systems and controls; and ensure that VeriSign's financial statements were prepared in accordance with Generally Accepted Accounting Principles ("GAAP").

33.     Because of their Board membership and/or executive and managerial positions with VeriSign and their access to internal corporate documents (including the Company's operating plans, budgets and forecasts and reports of actual operations compared thereto), conversations and connections with other corporate officers and employees, attendance at management and Board of Directors meetings and committees thereof, and their receipt of reports and other information provided to them in connection therewith, each of the Individual Defendants had access to undisclosed information about VeriSign's business prospects, financial condition, performance, accounting and revenue recognition practices, as alleged herein.

08/10/2006  15:20 FAX                                                            ☒010



TTPM    STULL STULL BRODY                                    NO. 2520    P. 11

## SUBSTANTIVE ALLEGATIONS

34.   Stock options give employees of a publically traded company the right to purchase company stock at a fixed price in the future. The general policy behind a grant of stock options is to link employees' compensation to the value of the company's shares and, therefore, to the wealth of the company's shareholders. Typically, the options' fixed price is aligned with the price of the stock on the day of the grant. If the stock price rises from the fixed grant price the employee profits by exercising the options and selling the shares. In contrast, backdated stock options allow the employees of a publically traded company, such as VeriSign, to maximize their wealth at the expense of the company and its shareholders.

35.   During relevant times herein, VeriSign had two stock option plans, the 1998 Equity Incentive Plan and the 1998 Directors Plan (the "Option Plans"). The Option Plans covered both Incentive Stock Options, which were granted to employees, and Non-Statutory Stock Options, which were granted to employees, directors and consultants. According to the company's Definitive Proxies filed with the Securities and Exchange Commission ("SBC") on April 22, 1999, April 12, 2001 and April 3, 2002, the Compensation Committee "determines the persons who are to receive the Awards, the number of shares subject to each such Award. The Compensation Committee has the authority to construe and interpret any of the provisions of the Equity Incentive Plan or any Awards granted thereunder." The Option Plans require that the exercise price of all incentive stock options granted "must be at least equal to the fair market value of the common stock on the date of the grant."

36.   From 1998 to 2002, the Director Defendants repeatedly granted the Officer Defendants backdated stock options, in violation of the Exchange Act and their fiduciary duties owed to the Company. The Company's backdating practice is evidenced by the revealing pattern outlined below. For example:

a.   On October 30, 1998, defendants Sclavos, Gallivan, Yanowitch, Evan and Shaeffer were purportedly granted 100,000, 45,000, 45,000, 60,000, and 90,000 VeriSign shares, respectively, at an exercise price of $30.69 per share. A mere month later, the Company's stock price was trading at $40.12 per share, resulting in a substantial rise in the value of the options;

b.      On December 15, 1998 and December 18, 1999, defendant Sclavos was purportedly granted 100,000 VeriSign shares at an exercise price of $49.25 per share and 200,000 VeriSign shares at an exercise price of $51.13 per share, respectively. Approximately one later, the Company's stock price was trading at $88.62 per share, resulting in a substantial rise in the value of the options;

c.      On August 1, 2000, defendants Gallivan, Evan, and Keith were purportedly granted 125,000, 125,000 and 50,000 VeriSign shares at an exercise price of $151.25, respectively. A mere month later, the Company's stock price was trading at $198.88, resulting in a substantial rise in the value of the options;

d.      On March 15, 2001, defendant Evan was purportedly awarded 40,000 VeriSign shares and defendants Gallivan, Korzeniewski and Pereira were purportedly awarded each granted 35,000 VeriSign shares at an exercise price of $34.44. A month later, the Company's stock price was trading at $47.00, resulting in a substantial rise in the value of the options;

e.      On September 6, 2001, defendants Evan, Gallivan, and Korzeniewski were purportedly each granted 90,000 shares and defendant Pereira was purportedly granted 50,000 at an exercise price of $34.16. Approximately a month later, the Company's stock price was trading at $47.80, resulting in a substantial rise in the value of the options.

37.     The Company, with the knowledge, approval, and participation of each of the defendants, disseminated its false and misleading financial statements in, *inter alia*, the following "Form 10-K" filings:

a.      Form 10-K405 for fiscal year ended December 31, 1998, and filed with the SEC on February 22, 1999;

b.      Form 10-K405 for fiscal year ended December 31, 1999, and filed with the SEC on May 22, 2000;

c.      Form 10-K/A for fiscal year ended December 31, 1999, and filed with the SEC on April 27, 2000;

d.      Form 10-K for fiscal year ended December 31, 2000, and filed with the SEC on March 28, 2001;

e.      Form 10-K for fiscal year ended December 31, 2001, and filed with the SEC on March 19, 2002;



1        f.    Form 10-K for fiscal year ended December 31, 2002, and filed with the SEC
2            on March 31, 2003;

3        g.    Form 10-K for fiscal year ended December 31, 2003, and filed with the SEC
            on March 15, 2004; and

4        h.    Form 10-K for fiscal year ended December 31, 2004, and filed with the SEC
5            on March 16, 2005.

6       38.   The Company's 1998, 1999, 2000, 2001, 2002, 2003, 2004 and 2005 Form 10-Ks

7 were issued in violation of GAAP, and in particular Accounting Principles Board ("APB") Opinion

8 No. 25 ("APB 25"), "Accounting for Stock Issued to Employees." Pursuant to APB 25, if the

9 market price on the date of grant exceeds the exercise price of the options, the company must

10 recognize the difference as an expense. Defendants' backdating practice resulted in understated

11 expenses on each Form 10-K because the difference between the market price and option exercise

12 price was not expensed by the Company.

13       39.   The Director Defendants also caused and/or participated in issuing, filing and

14 disseminating the false and misleading information regarding Company issued options on the

15 Form(s) DEF 14A filed with the SEC on:

16       a.    April 22, 1999;

17       b.    April 12, 2001; and

18       c.    April 3, 2002.

19       40.   Defendants' backdating of options grants also violated provisions of the Internal

20 Revenue Code relating to deduction of option payments and thereby rendered the Company's

21 financial statements in Form 10-K filings for the years 1998, 1999, 2000 and 2001, as well as

22 interim Form 10-Qs, materially false and misleading.

23            **DERIVATIVE AND DEMAND EXCUSED ALLEGATIONS**

24       41.   Plaintiffs bring this action derivatively in the right and for the benefit of the

25 Company to redress defendants' breaches of fiduciary duties and unjust enrichment.

26       42.   Plaintiffs are an owner of VeriSign common stock and was an owner of VeriSign

27 common stock at all times relevant hereto.

28

08/10/2006 15:24 FAX                                                    ☑013

:12PM   STULL, STULL BRODY                              NO. 2520   P. 14

43.     Plaintiffs will adequately and fairly represent the interests of the Company and its shareholder in enforcing and prosecuting its rights.

44.     As a result of the facts set forth herein, plaintiffs have not made any demand on the VeriSign Board of Directors to institute this action against the Individual Defendants.  Such demand would be a futile and useless act because the Board is incapable of making an independent and disinterested decision to institute and vigorously prosecute this action.

45.     Furthermore, demand is excused because the misconduct complained of herein was not, and could not have been, an exercise of good faith business judgment.

### COUNT I
#### (Derivative Claim for Breach of Fiduciary Duties)

46.     Plaintiffs incorporate by reference the above paragraphs above as if set forth fully herein.

47.     This Count is asserted against all defendants as a corporate derivative action pursuant to California Corporations Code § 800 on behalf of Nominal Defendant VeriSign.

48.     Under the circumstances alleged in this complaint, demand is excused and inevitably futile for at least the following reasons:

49.     As a direct and proximate result of the defendants' foregoing breaches of fiduciary duties, the Company has sustained substantial dollars in damages, including, but not limited to, the additional compensation expenses and tax liabilities the Company was required to incur pursuant to APB 25, and costs and expenses incurred in connection with regards to any investigation of the backdating practice.

### COUNT II
#### (Accounting)

50.     Plaintiffs incorporate by reference the above paragraphs above as if set forth fully herein.

51.     This Count is asserted against the defendants for an accounting be made of all stock options grants made by the Company during all times relevant herein.


10

:12PM   STULL STULL BRODY                        NO. 2520   P. 15

52.    At all relevant times, the defendants owed the Company and its shareholders fiduciary duties of good faith, care, candor and loyalty, as outlined above.

53.    In breach of their fiduciary duties, the defendants caused VeriSign, *inter alia*, to grant backdated stock options to themselves and/or certain other officers and directors of the Company. By this wrongdoing, the defendants breached their fiduciary duties.

54.    The defendants possess complete control over the improperly issued stock option grants and the books and records of the Company concerning the details of such improperly backdated stock option grants to certain of the defendants.

55.    As a result of defendants' misconduct, VeriSign has been substantially damaged, and is entitled to recovery as a result thereof, including the proceeds of the improperly granted options which have been exercised and sold.

56.    Plaintiffs demand an accounting be made of all stock options grants made to any of the defendants, including, without limitation, the dates of the grants, the amounts of the grants, the value of the grants, the recipients of the grants, the exercise date of stock options granted to the defendants, as well as the disposition of any proceeds received by any of the defendants via sale or other exercise of backdated stock option grants received by those defendants.

## COUNT III
### (Abuse of Control)

57.    Plaintiffs incorporate by reference the above paragraphs above as if set forth fully herein.

58.    This Count is asserted against the defendants for abuse of control of the Company during all times relevant herein.

59.    The Defendants employed the alleged scheme for the purpose of maintaining and entrenching themselves in their positions of profit and control over the Company, so that they could continue to receive the substantial benefits, salaries and considerations associated with their positions at VeriSign. As a part of this scheme, defendants actively made, participated in the making of, and/or aided and abetted in the making of misrepresentations regarding VeriSign.

11

60.    Defendants' conduct constituted an abuse of their ability to control and influence VeriSign.

61.    By reason of the foregoing, VeriSign has been substantially damaged.

<u>COUNT IV</u>
(Gross Mismanagement)

62.    Plaintiffs incorporate by reference the above paragraphs above as if set forth fully herein.

63.    This Count is asserted against all defendants for gross mismanagement of the Company during all times relevant herein.

64.    Defendants had a duty to VeriSign and its shareholders to prudently supervise, manage and control the operations, business and internal financial accounting and disclosure controls of the Company.

65.    Defendants, by their actions and by engaging in the wrongdoing described herein, abandoned and abdicated their responsibilities and duties with regard to prudently managing the business of VeriSign in a manner consistent with the duties imposed on them by law. By committing the misconduct alleged herein, defendants breached their duties of due care, diligence and candor in the management and administration of VeriSign's affairs and in the use and preservation of the Company's assets.

66.    During the course of the discharge of their duties, defendants knew or recklessly disregarded the unreasonable risks and losses associated with their misconduct, yet defendants caused VeriSign to engage in the scheme complained of herein which they knew had an unreasonable risk of damage to VeriSign, thus breaching their duties to the Company. As a result, defendants grossly mismanaged VeriSign.

67.    By reason of the foregoing, VeriSign has been substantially damaged.

<u>COUNT V</u>
(Constructive Fraud)

68.    Plaintiffs incorporate by reference the above paragraphs above as if set forth fully herein.

12

69. This Count is asserted against all defendants for constructive fraud.

70. As corporate fiduciaries, defendants owed to VeriSign and its shareholders a duty of candor and full accurate disclosure regarding the true state of the Company's business and assets and their conduct with regard thereto.

71. As a result of the conduct complained of, defendants made, or aided and abetted the making of, numerous misrepresentations to and/or concealed material facts from VeriSign's shareholders despite their duties to, *inter alia*, disclose the true facts regarding their stewardship of VeriSign. Thus, they have committed constructive fraud and violated their duty of candor.

72. By reason of the foregoing, VeriSign has been substantially damaged.

**COUNT VI**
**(Corporate Waste)**

73. Plaintiffs incorporate by reference the above paragraphs above as if set forth fully herein.

74. This Count is asserted against all defendants for corporate waste.

75. By failing to properly consider the interests of the Company and its public shareholders, by failing to conduct proper supervision, and by giving away millions of dollars to defendants via the option backdating scheme, defendants have caused VeriSign to waste valuable corporate assets.

76. As a result of defendants' corporate waste, they are liable to the Company.

**COUNT VII**
**(Unjust Enrichment)**

77. Plaintiffs incorporate by reference the above paragraphs above as if set forth fully herein.

78. This Count is asserted against all defendants for unjust enrichment.

79. As a result of the conduct described above, defendants will be and have been unjustly enriched at the expense of VeriSign, in the form of unjustified salaries, benefits, bonuses, stock option grants and other compensations of office.

13

80.     All the payments and benefits provided to the defendants were at the expense of VeriSign as the Company received no benefit from these payments and was thereby damaged.

81.     Certain of the defendants sold VeriSign stock for a profit during the period of deception, misusing confidential non-public corporate information. These defendants should be required to disgorge the gains which they have and/or will otherwise unjustly obtain at the expense of the Company and a constructive trust for the benefit of the Company should be imposed thereon.

**COUNT VIII**
**(Rescission)**

82.     Plaintiffs incorporate by reference the above paragraphs above as if set forth fully herein.

83,     This Count is asserted against the Officer Defendants for rescission.

84.     As a result of the acts alleged herein, the stock option contracts between the Officer Defendants and VeriSign entered into and during the relevant period were obtained through defendants' fraud, deceit and abuse of control. Further, the backdated stock options were illegal grants and thus invalid as they were not authorized in accordance with the terms of the publicly filed contracts regarding the Officer Defendants' employment agreements and the Company' stock option plan which was also approved by VeriSign's shareholders and filed with the SEC.

85.     All contracts which provide for stock option grants between the Officer Defendants and the Company and were entered into during the relevant period should, therefore, be rescinded, with all sums paid under such contracts returned to the Company, and all such executory contracts cancelled and declared void.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment as follows:

1.     Against all of the defendants, and in favor of the Company, for the amount of damages sustained by the Company as a result of the defendants' violations of the Exchange Act and breaches of fiduciary duties, including, but not limited to, losses suffered by VeriSign as a result of the back-dating of options;

08/10/2006 15:30 FAX    ☒018



NO. 2520   P. 3

2:13PM    STULL, STULL BRODY    NO. 2520   P. 19

2.  Granting appropriate equitable relief to remedy defendants' breaches of fiduciary duties;

3.  Awarding to plaintiffs the costs and disbursements of the action, including reasonable attorneys' fees, accountants' and experts' fees, costs, and expenses; and

4.  Granting such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury.

Dated: August 8, 2006                    Patrice L. Bishop
                                         STULL, STULL & BRODY

                              By: _____
                                         Patrice L. Bishop
                                         10940 Wilshire Boulevard
                                         Suite 2300
                                         Los Angeles, CA 90024
                                         Tel:  (310) 209-2468
                                         Fax:  (310) 209-2087

                                         Jules Brody
                                         Aaron L. Brody
                                         STULL, STULL & BRODY
                                         6 East 45th Street
                                         New York, NY 10017
                                         Tel:  (212) 687-7230
                                         Fax:  (212) 490-2022

                                         Joseph H. Weiss
                                         WEISS & LURIE
                                         551 Fifth Avenue
                                         Suite 1600
                                         New York, NY 10176
                                         Tel:  (212) 682-3025
                                         Fax:  (212) 682-3010

                                         Counsel for Plaintiffs

15



2:13PM    STULL STULL BRODY          NO. 2520   P. 20

## VERIFICATION

I, _Brandon S. Beagle_

hereby verify that I have reviewed the Complaint and authorized its filing and that the foregoing

is true and correct to the best of my knowledge, information and belief.

Date: _7/19/16_                      _____
                                           Signature



08/10/2006 15:35 FAX                                                    ☑020



2:13PM    STULL STULL BRODY                          NO. 2520   P. 21

**VERIFICATION**

I, __PRAKASH N. GANDHI  &  VIMAL P. GANDHI__

hereby verify that I have reviewed the Complaint and authorized its filing and that the foregoing

is true and correct to the best of my knowledge, information and belief.

Date: __7/21/06__                          _____
                                                Signature





2:13PM    STULL STULL BRODY                          NO. 2520    P. 22

## VERIFICATION

I, *August T. Pace*

hereby verify that I have reviewed the Complaint and authorized its filing and that the foregoing

is true and correct to the best of my knowledge, information and belief.

Date: 7/19/6                          *August T. Pace*
                                      Signature



08/10/2006 15:41 FAX                                                    ☒022



2:13PM    STULL, STULL BRODY                          NO. 2520   P. 23

**VERIFICATION**

I, DARRELL WILSON

hereby verify that I have reviewed the Complaint and authorized its filing and that the foregoing

is true and correct to the best of my knowledge, information and belief.

Date: 7/9/06                          _____
                                              Signature



# Exhibit B

03/05/2007 13:22 FAX 4157659501     AKIN GUMP SF     ☐003

# E-FILED

Mar 7, 2007 9:17 AM
KIRI TORRE
Chief Executive Officer
Superior Court of CA, County of Santa Clara
Case #1-06-CV-069192 Filing #G-1869
By R. Walker, Deputy

1   AKIN GUMP STRAUSS HAUER & FELD LLP
    STEVEN S. KAUFHOLD (SBN 157195)
2   580 California Street, Suite 1500
    San Francisco, California 94104
3   Telephone: (415) 765-9500
4   Facsimile: (415) 765-9501

5   Attorneys for Defendants

6   BARRACK, RODOS & BACINE
    STEPHEN R. BASSER (121590)
7   sbasser@barrack.com
    JOHN L. HAEUSSLER (215044)
8   jhaeussler@barrack.com
    402 West Broadway, Suite 850
9   San Diego, CA 92101
    Telephone: (619) 230-0800
10   Facsimile: (619) 230-1874

11   Attorneys for Plaintiff, Port Authority Of Allegheny
    County Retirement and Disability Allowance Plan
12   For Employees Represented By Local 85 Of The
    Amalgamated Transit Union

13

          SUPERIOR COURT OF THE STATE OF CALIFORNIA

14             FOR THE COUNTY OF SANTA CLARA

15

16   PORT AUTHORITY OF ALLEGHENY     CASE NO. 1-06-CV-069192
    COUNTY RETIREMENT AND DISABILITY
17   ALLOWANCE PLAN FOR EMPLOYEES
    REPRESENTED BY LOCAL 85 OF THE
18   AMALGAMATED TRANSIT UNION,     STIPULATION AND [PROPOSED]
    Derivatively on Behalf of Nominal Defendants     ORDER
19   VERISIGN, INC.,

20          Plaintiff

21    v.

22   D. JAMES BIDZOS, WILLIAM L.             BY FAX
    CHENEVICH, DAVID J. COWAN, DANA L.
23   EVAN, QUENTIN P. GALLIVAN, MICHELLE
    GUTHRIE, DIANA S. KEITH, ROBERT J.
24   KORZENIEWSKI, SCOTT G. KRIENS, LEN
    J. LAUER, ROGER H. MOORE, EDWARD A.
25   MUELLER, ANIL H.P. PEREIRA, GREGORY
    L. REYES, WILLIAM A. ROPER, JR.,
26   ARNOLD SCHAEFFER, STRATTON D.
    SCLAVOS, LOUIS A. SIMPSON, RICHARD
27   A. YANOWITCH,

28

---

1610497                1
              STIPULATION and [PROPOSED] ORDER



1    Defendants,

and

2    VERISIGN, INC.,

3    Nominal Defendant.

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2

STIPULATION and [PROPOSED] ORDER

03/05/2007(Mar. 7, 2007 9:47AM Superior Court of CA, County of Santa Clara, Case #1-06-CV-069192 Filing #G-1869    囜 005

1    WHEREAS, as set forth in the Notice of Related Case previously filed by plaintiff on August

2 14, 2006 in this action, this action is related to *In re Verisign Derivative Litigation*, Case No.

3 3:06-cv-04165-PJH, filed on July 5, 2006 and currently pending in federal court (the "federal action");

4    WHEREAS, both this action and the related federal action purport to make claims on behalf of

5 nominal Defendant VeriSign, Inc., based on allegations of the backdating of stock options;

6    WHEREAS, the allegations in the related federal action encompass the claims asserted in this

7 action and, in addition, allege derivative federal claims as well as claims against additional defendants;

8    WHEREAS, in the federal action a Plaintiffs' leadership structure has been established,

9 discovery has been served and responded to, a consolidated derivative complaint has been filed,

10 defendants have been served, motions to dismiss have been filed which Plaintiffs are in the process of

11 responding to, and discovery parameters have been set;

12    NOW, THEREFORE, it is hereby stipulated by the parties that the current action should be

13 stayed pending the outcome of the related federal action, except that in the event another related

14 derivative shareholder action (other than the federal action) filed in this Court or in another court

15 moves beyond the filing of a complaint, then any stay of the current action shall be lifted.

16    SO STIPULATED:

17 Dated: *March 5, 2007*                    AKIN GUMP STRAUSS HAUER & FELD LLP
                                            Steven S. Kaufhold
18

19

20                                          By:
                                                Steven S. Kaufhold
21                                              Attorneys for Defendants

22

23

24

25

26

27

28
                                            2
─────────────────────────────────────────────
STIPULATION and [PROPOSED] ORDER

03/05/2007 13:27 FAX 4108585022                E-Filed Mar 7, 2007 9:17 AM, Superior Court of CA, County of Santa Clara, Case #1-06-CV-069192 Filing #G-1869                    图 006



1

Dated: March 5, 2007

2     PAUL HASTINGS JANOFSKY &
      WALKER LLP
3     Christopher H. McGrath

4     By:
          Christopher H. McGrath
5
      Attorneys for Nominal Defendant VeriSign, Inc.
6

7     Dated: March 5, 2007     BARRACK, RODOS & BACINE
                                Stephen R. Basser
8                               John L. Haeussler

9
      By:
10        John L. Haeussler
          Attorneys for Plaintiff
11

12    SO ORDERED:

13    Dated:     MAR - 7 2007
14                              Judge of the Superior Court
15                              JACK KOMAR

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        3
      ─────────────────────────────────────────────────
              STIPULATION and [PROPOSED] ORDER

11734041 U 35/2007 3:24:31 PM

# Exhibit C

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):
Patrice L. Bishop (SBN 182256)     TELEPHONE NO.: 310-209-2468
STULL, STULL & BRODY
10940 Wilshire Boulevard, Suite 2300
Los Angeles, CA 90024

ATTORNEY FOR (Name): Plaintiffs Brandon S. Beagle, et al.

Insert name of court and name of judicial district and branch court, if any:
Superior Court of California, County of Santa Clara

PLAINTIFF/PETITIONER: BRANDON S. BEAGLE, et al.

DEFENDANT/RESPONDENT: D. JAMES BIDZOS, et al.

**REQUEST FOR DISMISSAL**

☐ Personal Injury, Property Damage, or Wrongful Death
    ☐ Motor Vehicle    ☐ Other
☐ Family Law
☐ Eminent Domain
☑ Other (specify): Shareholder Derivative Action

CASE NUMBER: 1:06cv068838

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1. TO THE CLERK: Please **dismiss** this action as follows:
  a. (1) ☐ With prejudice  (2) ☑ Without prejudice
  b. (1) ☐ Complaint  (2) ☐ Petition
     (3) ☐ Cross-complaint filed by (name):          on (date):
     (4) ☐ Cross-complaint filed by (name):          on (date):
     (5) ☑ Entire action of all parties and all causes of action
     (6) ☐ Other (specify):*

Date: February 8, 2007

Patrice L. Bishop, Esq.
(TYPE OR PRINT NAME OF ☑ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

(SIGNATURE)
Attorney or party without attorney for:
☑ Plaintiff/Petitioner    ☐ Defendant/Respondent
☐ Cross - complainant

2. TO THE CLERK: Consent to the above dismissal is hereby given.**
  Date:

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

** If a cross-complaint-or Response (Family Law) seeking affirmative relief -is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

(SIGNATURE)
Attorney or party without attorney for:
☐ Plaintiff/Petitioner    ☐ Defendant/Respondent
☐ Cross - complainant

(To be completed by clerk)
3. ☐ Dismissal entered as requested on (date):
4. ☐ Dismissal entered on (date):    as to only (name):
5. ☐ Dismissal **not entered** as requested for the following reasons (specify):

6. ☐ a. Attorney or party without attorney notified on (date):
    b. Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to conformed ☐ means to return conformed copy

Date:        Clerk, by                 , Deputy

Page 1 of 1

| Form Adopted for Mandatory use<br>Judicial Council of California<br>CIV-110 [Rev. January 1, 2007] | **REQUEST FOR DISMISSAL** | Code of Civil Procedure, § 581 et seq.;<br>Cal. Rules of Court, rule 3.1390<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

1

**PROOF OF SERVICE**

2   STATE OF CALIFORNIA          )
                                 )ss.:
3   COUNTY OF LOS ANGELES        )

4       I am employed in the county of Los Angeles, State of California, I am over the age of 18 and
    not a party to the within action; my business address is 10940 Wilshire Boulevard, Suite 2300, Los
5   Angeles, CA 90024.

6       On February 8, 2007, I served the document(s) described as **REQUEST FOR DISMISSAL**
    by placing a true copy(ies) thereof enclosed in a sealed envelope(s) addressed as follows:

7

8                       **SEE ATTACHED SERVICE LIST**

I served the above document(s) as follows:

9

10  __xx__  BY FACSIMILE TRANSMISSION. I caused a facsimile machine transmission from facsimile
        machine telephone number (310) 209-2087 to the facsimile machine telephone number(s) listed
11      on the attached Service List. Upon completion of said facsimile machine transmission(s), the
        transmitting machine issued a transmission report(s) showing the transmission(s) was/were
        complete and without error.

12

13  __xx__  BY MAIL. I am familiar with the firm's practice of collection and processing correspondence
        for mailing. Under that practice it would be deposited with U.S. postal service on that same day
14      with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.
        I am aware that on motion of the party served, service is presumed invalid if postal cancellation
        date or postage meter date is more than one day after date of deposit for mailing in an affidavit.

15

        I declare under penalty of perjury under the laws of the State of California that the above is true
16  and correct.

17      Executed on February 8, 2007, at Los Angeles, California 90024.

18

19  __MELANIE JACOBS__
        Type or Print Name                                    Signature

20

21

22

23

24

25

26

27

28

1

## SERVICE LIST

2  Jules Brody
   Aaron L. Brody
3  STULL, STULL & BRODY
   6 East 45th Street
4  New York, NY 10017
   Tel:    (212) 687-7230
5  Fax:    (212) 490-2022

6  Joseph H. Weiss
   WEISS & LURIE
7  551 Fifth Avenue
   Suite 1600
8  New York, NY 10176
   Tel:    (212) 682-3025
9  Fax:    (212) 682-3010

10  Counsel for Plaintiffs

Steven S. Kaufhold, Esq.
skaufhold@akingump.com
AKIN GUMP STRAUSS HAUER & FELD
LLP
580 California Street
15th Floor
San Francisco, CA 94104
Tel:    (415) 765-9500
Fax:    (415) 765-9501
**(Via Facsimile and U.S. Mail)**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28