Westlaw.

Not Reported in F.Supp.2d                                                                                                      Page 1
Not Reported in F.Supp.2d, 2000 WL 20704 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

# Tab 1

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                                                    Page 2
Not Reported in F.Supp.2d, 2000 WL 20704 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**


Ash v. Alexander
S.D.N.Y.,2000.
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.
Richard A. ASH and Chock Full O'Nuts Corporation, Plaintiffs,
v.
Norman E. ALEXANDER, Galleon Syndication Corporation, Defendants,
andCHOCK FULL O'NUTS CORPORATION, Nominal Defendant.
**No. 99 Civ. 3820(JSR).**

Jan. 12, 2000.

MEMORANDUM ORDER
RAKOFF, J.
**\*1** On May 25, 1999, plaintiff Richard A. Ash, a shareholder of Chock Full O'Nuts Corporation (" Chock" ), filed this derivative action on behalf of Chock against defendant Norman Alexander, who at the relevant times was the chairman of Chock's board of directors, and against co-defendant Galleon Syndication Corporation (" Galleon" ), a private company wholly owned by Alexander. The gist of the action was that Alexander (directly and through Galleon) had purchased over 500,000 shares of Chock's common stock while in possession of the non-public information that the Sara Lee Corporation (" Sara Lee" ) was negotiating to acquire Chock-negotiations that ultimately led to a merger agreement between the two companies. Based on these and other allegations, the original complaint charged defendants with violations of both state and federal law.

After defendants, in an initial conference with the Court, called to Ash's attention various deficiencies in the complaint, *see* transcript, August 9, 1999, Ash, on August 23, 1999, served an amended complaint asserting only a claim for breach of fiduciary duty under New York law. Defendants then moved to dismiss the amended complaint on the grounds that (1) plaintiff had failed to make a demand on Chock prior to bringing this derivative action and (2) in any event, abstention was warranted under the doctrine of Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976). On October 25, 1999, the Court telephonically informed counsel that defendants' motion would be granted. This Memorandum Order will serve to confirm that determination and briefly state the reasons therefor.

*First,* as to Ash's failure to make a proper demand, Rule 23.1, Fed.R.Civ.P., requires that a complaint in a derivative action " allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for the plaintiff's failure to obtain the action or for not making the effort." Rule 23.1, Fed.R.Civ.P. Ash concedes that no demand was made, but seeks shelter under the familiar principle that failure to make such demand is excused where such demand would be " ' futile,' ' useless,' or ' unavailing." ' Elfenbein v. Gulf & Western Indus., Inc., 590 F.2d 445, 450 (2d Cir.1978) (per curiam) (quoting Cathedral Estates v. Taft Realty Corp., 228 F.2d 85, 88 (2d Cir.1955)). However, under New York law-which determines what constitutes futility in this diversity action, *see* Kamen v. Kemper Fin. Services, Inc., 500 U.S. 90, 96-97 (1991)-" [d]emand is excused because of futility when a complaint alleges with particularity that a majority of the board of directors is interested in the challenged transaction" either because of " self-interest" or as a result of " a loss of independence because a director with no direct interest in a transaction is ' controlled' by a self-interested director," Marx v. Akers, 644 N.Y.S.2d 121, 127-28 (Ct.App.1996).

**\*2** Here, the amended complaint fails to satisfy this standard, because it alleges only that three of the ten directors-and not the majority required by *Marx*-either were themselves " interested" or were " controlled" by a self-interested director (*i.e.* Alexander). While the amended complaint additionally alleges, in conclusory fashion, that " certain Chock directors also improperly purchased Chock shares while in possession of material, non-public information as to the potential acquisition of Chock," Am. Compl. ¶ 16, it provides neither the names nor even the number of directors who allegedly made such purchases. In the absence of some more meaningful specificity, neither Rule 23.1 nor the " futility" exception is satisfied. *Cf. In re E.F. Hutton Banking Practices Litigation,* 634

Not Reported in F.Supp.2d                                                                                                         Page 2
Not Reported in F.Supp.2d, 2000 WL 20704 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

F.Supp. 265, 270 (S.D.N.Y.1986).

Plaintiff argues that the futility exception is nonetheless satisfied by the allegation in the amended complaint that Chock's directors, having been aware of the alleged improprieties for months, took no steps to correct them. *See* Am. Compl. ¶ 16. However, absent unusual circumstances not alleged here, *cf.* Goldberg v. Meridor, 81 F.R.D. 105, 109-10 (S.D.N.Y.1979), neither a board's " mere approval and acquiescence" concerning a challenged transaction nor its " mere failure to take corrective action" will excuse demand, *Lewis v. Graves,* 701 F.2d 245, 248-49 (2d Cir.1983).

Finally, plaintiff, tacitly conceding the deficiencies in the amended complaint, belatedly asks the Court to consider other matters going beyond the allegations of the amended complaint, and, on these bases, either deny defendants' motion or give plaintiff leave to amend yet again. *See* Pl.'s Mem. of Law in Opp. to Defs.' Mot. to Dismiss at 3-5. For example, he asks the Court to infer that the Chock board seemingly never acted on a demand letter sent in or around April 1999 by a Chock shareholder who was threatening a similar derivative action. *Id.* at 7-8. Even as stated, however, the inference of a rejection by the board is highly speculative. *Id.* More importantly, it is well settled that the sufficiency of a complaint to withstand a challenge for failure to satisfy Rule 23.1, Fed.R.Civ.P. must stand and fall on the allegations of the complaint itself, and plaintiff offers no reason as to why he failed to include such allegations when he amended on August 23, 1999. Finally, at present, when Chock's prior board of directors has now been replaced by a new board formed upon the merger with Sara Lee, it would make no sense to permit plaintiff to amend yet again unless he could allege, which he concededly cannot, that he has made a demand on this new board. *See* Brody v. Chemical Bank, 517 F.2d 932, 934 (2d Cir.1975) (per curiam) (applying Delaware law).[FN1]

> FN1. *Harris v. Carter,* 582 A.2d 222, 230-32 (Del. Ch.1990), which disapproves of aspects of *Brody,* is not here relevant, not only because it does not involve New York law but also because it did not involve, as here, an attempt to second-amend a complaint after the deficiencies involving the original failure to demand had repeatedly been brought to plaintiff's attention while the old board was still in existence.

*Second,* even assuming *arguendo* that plaintiff could somehow qualify for relief from the demand requirement, the Court would still dismiss the action, pursuant to Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), because of the parallel consolidated derivative action raising the same issues that is presently pending in state court. *See Staniloff v. Haas,* No. 99-602013 (July 21, 1999). Under *Colorado River,* a district court, in deference to a parallel state proceeding, may decline to exercise jurisdiction over a properly presented federal claim if certain " exceptional" circumstances exist. 424 U.S. at 817. To determine whether such circumstances exist, a district court must, at a minimum, examine the following six factors: (1) the assumption of jurisdiction by either court over any res or property; (2) the inconvenience of the federal forum; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether state or federal law supplies the rule of decision; and (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction. *See* Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 15-16 (1983); Village of Westfield v. Welch's, 170 F.3d 116, 121 (2d Cir.1999). The weight to be accorded each of these factors (and any other relevant factors) is not necessarily equal but varies with the particular circumstances. *Moses H. Cone,* 460 U.S. at 16.

**\*3** Here, for example, the first factor, *i.e.,* assumption of jurisdiction over property by either court, is a complete irrelevancy, and the second factor, regarding relative inconvenience, is of little moment. *See* Arkwright-Boston Manunfacturers. Mut. Ins. Co. v. City of New York, 762 F.2d 205, 210 (2d Cir.1985) (overlooking absence of first two factors). Similarly, although the fourth factor (involving the order in which the relevant courts obtain jurisdiction) arguably here favors defendants, it is only of marginal impact, since, even though the state court action was filed first, the progress of the federal action will arguably be more rapid. *See* Hatfield v. Herz, 9 F.Supp.2d 368, 371-72 (S.D.N.Y.1998).

The remaining three factors, however, all materially favor defendants. With respect to the fifth factor-*i.e.,* which jurisdiction's substantive law controls-the amended complaint limits its claim solely to a claim of breach of fiduciary duty under New York law. The Court need not necessarily agree with defendants'

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                          Page 3
Not Reported in F.Supp.2d, 2000 WL 20704 (S.D.N.Y.)

**(Cite as: Not Reported in F.Supp.2d)**

contention that the particular breach here alleged presents " novel or unique issues of [state] law," Bethlehem Contracting Co. v. Lehrer/McGovern, Inc., 800 F.2d 325, 328 (2d Cir.1986), to agree nevertheless with defendants' argument that New York courts possess particular competence in determining what constitutes a breach of fiduciary duty under New York corporate law. Thus, this factor, while not decisive, see De Cisneros v. Younger, 871 F.2d 305, 308-09 (2d Cir.1989), weighs importantly in favor of dismissal.

Weighing in the same direction, and even more materially in these circumstances, is the third factor, *i.e.,* avoidance of piecemeal litigation. *See, e.g.,* General Reinsurance Corp. v. Ciba-Geigy Corp., 853 F.2d 78, 81 (2d Cir.1988). Avoiding piecemeal litigation is particularly important where the issues in the parallel proceedings are the same or substantially similar, *see, e.g.,* Telesco v. Telesco Fuel and Masons' Materials, Inc., 765 F.2d 356, 362 (2d Cir.1985), or where similarity among parties is such that it risks " inconsistent and mutually contradictory determinations" that could " cause friction between state and federal courts," De Cisneros, 871 F.2d at 308. Here, the consolidated state action completely encompasses plaintiff's claim for breach of fiduciary duty, as well as several other closely related claims. Although the federal plaintiff is not the representative shareholder in the state action, both actions are derivative shareholder suits arising out of the same events and involving overlapping claims. Continuation of both suits thus risks inconsistent findings with respect to the real party in interest in both actions (*i.e.* Chock). Moreover, any finding by this Court with respect to the defendants, Alexander and Galleon, would undoubtedly breed additional litigation regarding claim and issue preclusion in the state action, where Alexander is one of nine defendants. Given the similarity of parties and issues, the third factor-here, the most critical factor-clearly favors abstention.

**\*4** Finally, as to the sixth factor, *i.e.,* protection of the rights of the federal plaintiff, the Court finds that the state court proceedings will adequately protect plaintiff's rights. In the state court proceedings, the claims are more comprehensive, discovery has been consolidated, the same plaintiff (Chock) and principal defendant (Alexander) are aligned, and essentially the same claim is being litigated on behalf of the corporation. *See generally* Arkwright-Boston, 762 F.2d at 211. Although Ash argues that he, as a long-time, substantial shareholder of Chock, is committed to litigating on the corporation's behalf, he has not provided the Court with any reason why it should doubt the adequacy or determination of the representative shareholders in the state court action. *Cf.* Sweet v. Bermingham, 65 F.R.D. 551, 556-57 (S.D.N.Y.1975).

In sum, while this Court is cognizant of the admonition that *Colorado River* deference should but rarely be invoked, *see* Colorado River, 424 U.S. at 817-18, the significant risks here posed of piecemeal and inconsistent litigation of an entirely New York claim, and the total lack of prejudice to the plaintiff from being referred to the state court proceeding, warrant abstention in favor of the ongoing state court action.

For each and all of the foregoing grounds, defendants' motion is granted and the complaint is dismissed. Clerk to enter judgment.
SO ORDERED.

S.D.N.Y.,2000.
Ash v. Alexander
Not Reported in F.Supp.2d, 2000 WL 20704 (S.D.N.Y.)

END OF DOCUMENT