# Tab 3

Case 3:07-cv-03332-PJH     Document 20-4     Filed 08/29/2007     Page 1 of 5

LEXSEE 2006 U.S. DIST. LEXIS 43285

**DEAN DRULIAS, on behalf of himself and all others similarly situated, Plaintiff, v. ADE CORPORATION, HARRIS CLAY, LANDON T. CLAY, H. KIMBALL FAULKNER, CHRIS L. KOLIOPOULOS, KENDALL WRIGHT, KLA-TENCOR CORPORATION and SOUTH ACQUISITION CORPORATION, Defendants.**

**CIVIL ACTION NO. 06-11033-PBS**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

**2006 U.S. Dist. LEXIS 43285**

**June 26, 2006, Decided**

**COUNSEL:** For Dean Drulias, Plaintiff: Richard B. Brualdi, LEAD ATTORNEY, The Brualdi Law Firm, New York, NY; Theodore M. Hess-Mahan, LEAD ATTORNEY, Shapiro Haber & Urmy LLP, Boston, MA.

For Kla-Tencor Corporation, Defendant: Euripides D Dalmanieras, LEAD ATTORNEY, Lisa C. Wood, LEAD ATTORNEY, Foley Hoag LLP, Boston, MA; Joshua D. Liston, LEAD ATTORNEY, Elizabeth Malaspina, LEAD ATTORNEY, Amelia T.R. Starr, LEAD ATTORNEY, Davis Polk & Wardwell, New York, NY.

For ADE Corporation, Defendant: Barry S. Pollack, LEAD ATTORNEY, Jennifer L. Sullivan, LEAD ATTORNEY, Paul E. Summit, LEAD ATTORNEY, Sullivan & Worcester LLP, Boston, MA.

**JUDGES:** [*1] PATTI B. SARIS, United States District Judge.

**OPINION BY:** PATTI B. SARIS

**OPINION**

*MEMORANDUM AND ORDER*

June 26, 2006

Saris, U.S.D.J.

In this proposed class action, originally filed in Massachusetts state court, plaintiff Dean Drulias has charged ADE Corporation ("ADE") and its directors with a breach of fiduciary duty in connection with a pending acquisition of ADE by a specially created subsidiary of KLA-Tencor Corporation ("KLA-Tencor"). Plaintiff also charges the acquiring entity with aiding and abetting the breach of fiduciary duty. Plaintiff seeks a preliminary injunction to block the merger.

The alleged breaches of the fiduciary duty of care and loyalty fall into two primary categories. First, Plaintiff alleges that the directors have a conflict of interest which has undermined their business judgment because they will be getting pecuniary and other benefits beyond that received by ADE public shareholders as a result of the proposed sale. (Compl. P 1.) Second, Plaintiff alleges that Defendants have made false and misleading statements in a preliminary proxy statement filed with the Securities and Exchange Commission ("SEC") in connection with the proposed sale in violation [*2] of Massachusetts law. (Compl. P 2.)

Defendants have removed the case on the ground that this Court has jurisdiction under the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. § 78bb(f)(2) and diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff now files an emergency motion for remand on the ground that this case falls within SLUSA's so-called "Delaware carve-out", 15 U.S.C. § 78bb(f)(3) and that there is no diversity jurisdiction because the amount in controversy does not exceed $ 75,000.

After hearing, I *DENY* the emergency motion to remand because I have jurisdiction under SLUSA. Because the sale is imminent, I give my reasons for retaining jurisdiction in brevitas below.

*DISCUSSION*

SLUSA gives this Court jurisdiction over certain class actions. 15 U.S.C. § 78bb(f)(2) provides that class actions governed by the statute are removable and are subject to § 78bb(f)(1), which provides:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private [*3] party alleging --
>
>> (A) a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or
>>
>> (B) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 78bb(f)(1). There is no dispute that this action involves a covered class action or a covered security as defined by the statute.

SLUSA also contains a savings clause commonly referred to as the "Delaware carve-out" to reflect Congress's desire to let certain state law claims be determined in the state of the issuer's incorporation (often Delaware because of the large number of publicly traded companies incorporated there). Under § 78bb(f)(3), a "covered class action" based upon the statutory or common law of the state in which the issuer is incorporated may be maintained in state or federal court if it involves:

> (I) the purchase or sale of securities by the issuer or an affiliate of the issuer exclusively from or to holders of equity securities of the issuer; or
>
> (II) any recommendation, position, or other communication [*4] with respect to the sale of securities of an issuer that --
>
>> (aa) is made by or on behalf of the issuer or an affiliate of the issuer to holders of equity securities of the issuer; and
>>
>> (bb) concerns decisions of such equity holders with respect to voting their securities, acting in response to a tender or exchange offer, or exercising dissenters' or appraisal rights.

15 U.S.C. § 78bb(f) (3) (A) (ii). *See Alessi v. Beracha*, 244 F. Supp. 2d 354, 358 (D. Del. 2003) (discussing elements of second section of carve-out where the claim involved duty of disclosure). If the Court determines that the removed action may be maintained in state court pursuant to the carve-out, SLUSA requires that the action be remanded. 15 U.S.C. § 78bb(f)(3)(D).

The parties do not dispute that SLUSA governs one theory of this dispute (the alleged material misrepresentation made by the issuer ADE in connection with the sale of its shares), but they disagree as to whether the second section of the Delaware carve-out applies to it. I conclude that the carve-out does not apply. Defendant argues that the alleged material misrepresentation [*5] in the preliminary proxy statement was never communicated to the shareholders and was simply filed with the SEC as required by statute. plaintiff argues that because shareholders could go onto the SEC website and read the preliminary proxy, the carve-out applies and the case must be remanded. I conclude that Defendant has made a colorable argument that the alleged misrepresentation was not a "recommendation, position, or other communication with respect to the sale of securities of an issuer" because it was not sent out to the shareholders, or otherwise intentionally communicated to them. Therefore, the carve-out does not apply, and, accordingly, the Court has jurisdiction over the state law claim of breach of fiduciary duty under SLUSA. [1]

> [1] Plaintiffs stated at the hearing that they intend to amend now that the final proxy has been mailed. Defendant states it intends to move to dismiss.

Plaintiff argues that the other claim for breach of fiduciary duty, which is rooted in a conflict of interest rather than [*6] a material misrepresentation, is not within the SLUSA ambit. Defendants disagree, arguing that a broad reading of SLUSA covers this second theory because both claims of breach of fiduciary duty are based on a common core of facts. While the Supreme Court recently embraced a broad interpretation of SLUSA, it did not suggest that all claims of breach of fiduciary duty in connection with the purchase or sale of securities are sucked into the SLUSA sluice. *See generally Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 126 S. Ct. 1503, 164 L. Ed. 2d 179 (2006). As such, SLUSA does

not apply to the breach of fiduciary claim based on conflict of interest.

As an alternative basis for removal, Defendants argue that the Court has diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs argue that the Court does not have jurisdiction because they fail to meet the $ 75,000 amount in controversy requirement. Instead, the Court finds that the matter in controversy hurdle has been surmounted because of the enormous value of the merger Plaintiffs seek to enjoin. *See In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 610 (7th Cir. 1997) [*7] (Posner, J.) ("Still another way in which the requirement of the statutory minimum amount in controversy can be satisfied in an injunctive case is by showing that the injunction would force the defendant to forgo a benefit to him that is worth more than the threshold amount specified in the diversity statute, e.g., *Grotzke v. Kurz*, 887 F. Supp. 53 (D.R.I. 1995), as where the suit asks that the defendant be enjoined from completing a lucrative transaction."). Plaintiff's reliance on *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 125 S. Ct. 2611, 2616, 162 L. Ed. 2d 502 (2005), is misplaced because it did not address how the amount in controversy should be determined in an injunction case.

One problem which neither party has addressed is whether this case is removable based on diversity of citizenship. The removal statute clearly states that actions removed on the basis of diversity are removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). In this action, Defendant ADE is a citizen of Massachusetts because it is incorporated in [*8] Massachusetts. *See* 28 U.S.C. 1332(c) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated"). Currently, the Court has jurisdiction over the claim which falls within the ambit of SLUSA and has supplemental jurisdiction over the claim which does not. 28 U.S.C. § 1367. As this litigation progresses through Defendants' promised motion to dismiss and Plaintiff's promised amended complaint, the basis for the Court's subject matter jurisdiction may again be in question, and the Court looks forward to the parties' briefing on this jurisdictional Mobius strip.

### ORDER

The emergency motion for remand is **DENIED**. I grant the request for emergency discovery as discussed at the hearing.

**S/ PATTI B. SARIS**

United States District Judge

Case 3:07-cv-03332-PJH    Document 20-4    Filed 08/29/2007    Page 5 of 5