Westlaw.

H.R. CONF. REP. 105-803 Page 1

H.R. CONF. REP. 105-803, H.R. Conf. Rep. No. 803, 105TH Cong., 2ND Sess. 1998, 1998 WL 703964 (Leg.Hist.)

**(Cite as: H.R. CONF. REP. 105-803)**

# Tab 5

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



H.R. CONF. REP. 105-803 Page 2

H.R. CONF. REP. 105-803, H.R. Conf. Rep. No. 803, 105TH Cong., 2ND Sess. 1998, 1998 WL 703964 (Leg.Hist.)

**(Cite as: H.R. CONF. REP. 105-803)**

**\*1** SECURITIES LITIGATION UNIFORM STANDARDS ACT OF 1998
HOUSE CONFERENCE REPORT NO. 105-803
October 9, 1998
Mr. Bliley, from the committee of conference, submitted the following
CONFERENCE REPORT
[To accompany S. 1260]

  The committee of conference on the disagreeing votes of the two Houses on the amendment of the House to the bill (S. 1260), to amend the Securities Act of 1933 and the Securities Exchange Act of 1934 to limit the conduct of securities class actions under State law, and for other purposes, having met, after full and free conference, have agreed to recommend and do recommend to their respective Houses as follows:
  That the Senate recede from its disagreement to the amendment of the House and agree to the same with an amendment as follows:
  In lieu of the matter proposed to be inserted by the House amendment, insert the following:

SECTION 1. SHORT TITLE.

   This Act may be cited as the "Securities Litigation Uniform Standards Act of 1998".

SEC. 2. FINDINGS.

   The Congress finds that-
   (1) the Private Securities Litigation Reform Act of 1995 sought to prevent abuses in private securities fraud lawsuits;
   (2) since enactment of that legislation, considerable evidence has been presented to Congress that a number of securities class action lawsuits have shifted from Federal to State courts;
   (3) this shift has prevented that Act from fully achieving its objectives;
   **\*2** (4) State securities regulation is of continuing importance, together with Federal regulation of securities, to protect investors and promote strong financial markets; and
   (5) in order to prevent certain State private securities class action lawsuits alleging fraud from being used to frustrate the objectives of the Private Securities Litigation Reform Act of 1995, it is appropriate to enact national standards for securities class action lawsuits involving nationally traded securities, while preserving the appropriate enforcement powers of State securities regulators and not changing the current treatment of individual lawsuits.


             TITLE I-SECURITIES LITIGATION UNIFORM STANDARDS
  SEC. 101. LIMITATION ON REMEDIES.

   (a) Amendments to the Securities Act of 1933.-
   (1) Amendment.-Section 16 of the Securities Act of 1933 (15 U.S.C. 77p) is amended to read as follows:

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

H.R. CONF. REP. 105-803, H.R. Conf. Rep. No. 803, 105TH Cong., 2ND Sess. 1998, 1998 WL 703964 (Leg.Hist.)

**(Cite as: H.R. CONF. REP. 105-803)**

```
"SEC. 16. ADDITIONAL REMEDIES; LIMITATION ON REMEDIES.

    "(a) Remedies Additional.-Except as provided in subsection (b), the rights and
remedies provided by this title shall be in addition to any and all other rights
and remedies that may exist at law or in equity.
    "(b) Class Action Limitations.-No covered class action based upon the statutory
or common law of any State or subdivision thereof may be maintained in any State or
Federal court by any private party alleging-
    "(1) an untrue statement or omission of a material fact in connection with the
purchase or sale of a covered security; or
    "(2) that the defendant used or employed any manipulative or deceptive device
or contrivance in connection with the purchase or sale of a covered security.
    "(c) Removal of Covered Class Actions.-Any covered class action brought in any
State court involving a covered security, as set forth in subsection (b), shall be
removable to the Federal district court for the district in which the action is
pending, and shall be subject to subsection (b).
    "(d) Preservation of Certain Actions.-
    "(1) Actions under state law of state of incorporation.-
    "(A) Actions preserved.-Notwithstanding subsection (b) or (c), a covered class
action described in subparagraph (B) of this paragraph that is based upon the
statutory or common law of the State in which the issuer is incorporated (in the
case of a corporation) or organized (in the case of any other entity) may be
maintained in a State or Federal court by a private party.
    "(B) Permissible actions.-A covered class action is described in this
subparagraph if it involves-
    "(i) the purchase or sale of securities by the issuer or an affiliate of the
issuer exclusively from or to holders of equity securities of the issuer; or
    *3 "(ii) any recommendation, position, or other communication with respect to
the sale of securities of the issuer that-
    "(I) is made by or on behalf of the issuer or an affiliate of the issuer to
holders of equity securities of the issuer; and
    "(II) concerns decisions of those equity holders with respect to voting their
securities, acting in response to a tender or exchange offer, or exercising
dissenters' or appraisal rights.
    "(2) State actions.-
    "(A) In general.-Notwithstanding any other provision of this section, nothing
in this section may be construed to preclude a State or political subdivision
thereof or a State pension plan from bringing an action involving a covered
security on its own behalf, or as a member of a class comprised solely of other
States, political subdivisions, or State pension plans that are named plaintiffs,
and that have authorized participation, in such action.
    "(B) State pension plan defined.-For purposes of this paragraph, the term
'State pension plan' means a pension plan established and maintained for its
employees by the government of the State or political subdivision thereof, or by
any agency or instrumentality thereof.
    "(3) Actions under contractual agreements between issuers and indenture
trustees.-Notwithstanding subsection (b) or (c), a covered class action that seeks
to enforce a contractual agreement between an issuer and an indenture trustee may
be maintained in a State or Federal court by a party to the agreement or a
successor to such party.
    "(4) Remand of removed actions.-In an action that has been removed from a State
court pursuant to subsection (c), if the Federal court determines that the action
```

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

H.R. CONF. REP. 105-803                                                                                              Page 3

H.R. CONF. REP. 105-803, H.R. Conf. Rep. No. 803, 105TH Cong., 2ND Sess. 1998, 1998 WL 703964 (Leg.Hist.)

**(Cite as: H.R. CONF. REP. 105-803)**

may be maintained in State court pursuant to this subsection, the Federal court shall remand such action to such State court.

　　"(e) Preservation of State Jurisdiction.-The securities commission (or any agency or office performing like functions) of any State shall retain jurisdiction under the laws of such State to investigate and bring enforcement actions.

　　"(f) Definitions.-For purposes of this section, the following definitions shall apply:

　　"(1) Affiliate of the issuer.-The term 'affiliate of the issuer' means a person that directly or indirectly, through one or more intermediaries, controls or is controlled by or is under common control with, the issuer.

　　"(2) Covered class action.-

　　"(A) In general.-The term 'covered class action' means-

　　"(i) any single lawsuit in which-

　　"(I) damages are sought on behalf of more than 50 persons or prospective class members, and questions of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on an alleged **\*4** misstatement or omission, predominate over any questions affecting only individual persons or members; or

　　"(II) one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members; or

　　"(ii) any group of lawsuits filed in or pending in the same court and involving common questions of law or fact, in which-

　　"(I) damages are sought on behalf of more than 50 persons; and

　　"(II) the lawsuits are joined, consolidated, or otherwise proceed as a single action for any purpose.

　　"(B) Exception for derivative actions.-Notwithstanding subparagraph (A), the term 'covered class action' does not include an exclusively derivative action brought by one or more shareholders on behalf of a corporation.

　　"(C) Counting of certain class members.-For purposes of this paragraph, a corporation, investment company, pension plan, partnership, or other entity, shall be treated as one person or prospective class member, but only if the entity is not established for the purpose of participating in the action.

　　"(D) Rule of construction.-Nothing in this paragraph shall be construed to affect the discretion of a State court in determining whether actions filed in such court should be joined, consolidated, or otherwise allowed to proceed as a single action.

　　"(3) Covered security.-The term 'covered security' means a security that satisfies the standards for a covered security specified in paragraph (1) or (2) of section 18(b) at the time during which it is alleged that the misrepresentation, omission, or manipulative or deceptive conduct occurred, except that such term shall not include any debt security that is exempt from registration under this title pursuant to rules issued by the Commission under section 4(2).".

　　(2) Circumvention of stay of discovery.-Section 27(b) of the Securities Act of 1933 (15 U.S.C. 77z-1(b)) is amended by inserting after paragraph (3) the following new paragraph:

　　"(4) Circumvention of stay of discovery.-Upon a proper showing, a court may stay discovery proceedings in any private action in a State court as necessary in aid of its jurisdiction, or to protect or effectuate its judgments, in an action subject to a stay of discovery pursuant to this subsection.".

　　(3) Conforming amendments.-Section 22(a) of the Securities Act of 1933 (15

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

H.R. CONF. REP. 105-803                                                                 Page 4

H.R. CONF. REP. 105-803, H.R. Conf. Rep. No. 803, 105TH Cong., 2ND Sess. 1998, 1998 WL 703964 (Leg.Hist.)

**(Cite as: H.R. CONF. REP. 105-803)**

U.S.C. 77v(a)) is amended-
   (A) by inserting "except as provided in section 16 with respect to covered class actions," after "Territorial courts,"; and
  ***5** (B) by striking "No case" and inserting "Except as provided in section 16(c), no case".
  (b) Amendments to the Securities Exchange Act of 1934.-
  (1) Amendment.-Section 28 of the Securities Exchange Act of 1934 (15 U.S.C. 78bb) is amended-
   (A) in subsection (a), by striking "The rights and remedies" and inserting "Except as provided in subsection (f), the rights and remedies"; and
   (B) by adding at the end the following new subsection:
  "(f) Limitations on Remedies.-
  "(1) Class action limitations.-No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging-
   "(A) a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or
   "(B) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.
  "(2) Removal of covered class actions.-Any covered class action brought in any State court involving a covered security, as set forth in paragraph (1), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to paragraph (1).
  "(3) Preservation of certain actions.-
  "(A) Actions under state law of state of incorporation.-
   "(i) Actions preserved.-Notwithstanding paragraph (1) or (2), a covered class action described in clause (ii) of this subparagraph that is based upon the statutory or common law of the State in which the issuer is incorporated (in the case of a corporation) or organized (in the case of any other entity) may be maintained in a State or Federal court by a private party.
   "(ii) Permissible actions.-A covered class action is described in this clause if it involves-
    "(I) the purchase or sale of securities by the issuer or an affiliate of the issuer exclusively from or to holders of equity securities of the issuer; or
    "(II) any recommendation, position, or other communication with respect to the sale of securities of an issuer that-
     "(aa) is made by or on behalf of the issuer or an affiliate of the issuer to holders of equity securities of the issuer; and
     "(bb) concerns decisions of such equity holders with respect to voting their securities, acting in response to a tender or exchange offer, or exercising dissenters' or appraisal rights.
  "(B) State actions.-
  ***6** "(i) In general.-Notwithstanding any other provision of this subsection, nothing in this subsection may be construed to preclude a State or political subdivision thereof or a State pension plan from bringing an action involving a covered security on its own behalf, or as a member of a class comprised solely of other States, political subdivisions, or State pension plans that are named plaintiffs, and that have authorized participation, in such action.
   "(ii) State pension plan defined.-For purposes of this subparagraph, the term 'State pension plan' means a pension plan established and maintained for its employees by the government of a State or political subdivision thereof, or by any agency or instrumentality thereof.
  "(C) Actions under contractual agreements between issuers and indenture

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

H.R. CONF. REP. 105-803, H.R. Conf. Rep. No. 803, 105TH Cong., 2ND Sess. 1998, 1998 WL 703964 (Leg.Hist.)

**(Cite as: H.R. CONF. REP. 105-803)**

trustees.-Notwithstanding paragraph (1) or (2), a covered class action that seeks to enforce a contractual agreement between an issuer and an indenture trustee may be maintained in a State or Federal court by a party to the agreement or a successor to such party.

　　"(D) Remand of removed actions.-In an action that has been removed from a State court pursuant to paragraph (2), if the Federal court determines that the action may be maintained in State court pursuant to this subsection, the Federal court shall remand such action to such State court.

　　"(4) Preservation of state jurisdiction.-The securities commission (or any agency or office performing like functions) of any State shall retain jurisdiction under the laws of such State to investigate and bring enforcement actions.

　　"(5) Definitions.-For purposes of this subsection, the following definitions shall apply:

　　"(A) Affiliate of the issuer.-The term 'affiliate of the issuer' means a person that directly or indirectly, through one or more intermediaries, controls or is controlled by or is under common control with, the issuer.

　　"(B) Covered class action.-The term 'covered class action' means-

　　"(i) any single lawsuit in which-

　　"(I) damages are sought on behalf of more than 50 persons or prospective class members, and questions of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on an alleged misstatement or omission, predominate over any questions affecting only individual persons or members; or

　　"(II) one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class **\*7** predominate over any questions affecting only individual persons or members; or

　　"(ii) any group of lawsuits filed in or pending in the same court and involving common questions of law or fact, in which-

　　"(I) damages are sought on behalf of more than 50 persons; and

　　"(II) the lawsuits are joined, consolidated, or otherwise proceed as a single action for any purpose.

　　"(C) Exception for derivative actions.-Notwithstanding subparagraph (B), the term 'covered class action' does not include an exclusively derivative action brought by one or more shareholders on behalf of a corporation.

　　"(D) Counting of certain class members.-For purposes of this paragraph, a corporation, investment company, pension plan, partnership, or other entity, shall be treated as one person or prospective class member, but only if the entity is not established for the purpose of participating in the action.

　　"(E) Covered security.-The term 'covered security' means a security that satisfies the standards for a covered security specified in paragraph (1) or (2) of section 18(b) of the Securities Act of 1933, at the time during which it is alleged that the misrepresentation, omission, or manipulative or deceptive conduct occurred, except that such term shall not include any debt security that is exempt from registration under the Securities Act of 1933 pursuant to rules issued by the Commission under section 4(2) of that Act.

　　"(F) Rule of construction.-Nothing in this paragraph shall be construed to affect the discretion of a State court in determining whether actions filed in such court should be joined, consolidated, or otherwise allowed to proceed as a single action.".

　　(2) Circumvention of stay of discovery.-Section 21D(b)(3) of the Securities Exchange Act of 1934 (15 U.S.C. 78u-4(b)(3)) is amended by adding at the end the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

H.R. CONF. REP. 105-803                                                                                    Page 6

H.R. CONF. REP. 105-803, H.R. Conf. Rep. No. 803, 105TH Cong., 2ND Sess. 1998, 1998 WL 703964
(Leg.Hist.)

**(Cite as: H.R. CONF. REP. 105-803)**

following new subparagraph:
    "(D) Circumvention of stay of discovery.-Upon a proper showing, a court may stay discovery proceedings in any private action in a State court, as necessary in aid of its jurisdiction, or to protect or effectuate its judgments, in an action subject to a stay of discovery pursuant to this paragraph.".
    (c) Applicability.-The amendments made by this section shall not affect or apply to any action commenced before and pending on the date of enactment of this Act.

SEC. 102. PROMOTION OF RECIPROCAL SUBPOENA ENFORCEMENT.

    (a) Commission Action.-The Securities and Exchange Commission, in consultation with State securities commissions (or any agencies or offices performing like functions), shall seek to encourage the adoption of State laws providing for reciprocal enforcement by State securities commissions of subpoenas issued by another State securities commission seeking to compel persons to attend, testify **\*8** in, or produce documents or records in connection with an action or investigation by a State securities commission of an alleged violation of State securities laws.
    (b) Report.-Not later than 24 months after the date of enactment of this Act, the Securities and Exchange Commission (hereafter in this section referred to as the "Commission") shall submit a report to the Congress-
    (1) identifying the States that have adopted laws described in subsection (a);
    (2) describing the actions undertaken by the Commission and State securities commissions to promote the adoption of such laws; and
    (3) identifying any further actions that the Commission recommends for such purposes.

      TITLE II-REAUTHORIZATION OF THE SECURITIES AND EXCHANGE COMMISSION
 SEC. 201. AUTHORIZATION OF APPROPRIATIONS.

    Section 35 of the Securities Exchange Act of 1934 (15 U.S.C. 78kk) is amended to read as follows:

"SEC. 35. AUTHORIZATION OF APPROPRIATIONS.

    "(a) In General.-In addition to any other funds authorized to be appropriated to the Commission, there are authorized to be appropriated to carry out the functions, powers, and duties of the Commission, $351,280,000 for fiscal year 1999.
    "(b) Miscellaneous Expenses.-Funds appropriated pursuant to this section are authorized to be expended-
    "(1) not to exceed $3,000 per fiscal year, for official reception and representation expenses;
    "(2) not to exceed $10,000 per fiscal year, for funding a permanent secretariat for the International Organization of Securities Commissions; and
    "(3) not to exceed $100,000 per fiscal year, for expenses for consultations and meetings hosted by the Commission with foreign governmental and other regulatory officials, members of their delegations, appropriate representatives, and staff to exchange views concerning developments relating to securities matters, for development and implementation of cooperation agreements concerning securities matters, and provision of technical assistance for the development of foreign securities markets, such expenses to include necessary logistic and administrative expenses and the expenses of Commission staff and foreign invitees in attendance at such consultations and meetings, including-

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

H.R. CONF. REP. 105-803                                                                                     Page 7

H.R. CONF. REP. 105-803, H.R. Conf. Rep. No. 803, 105TH Cong., 2ND Sess. 1998, 1998 WL 703964 (Leg.Hist.)

**(Cite as: H.R. CONF. REP. 105-803)**

>     "(A) such incidental expenses as meals taken in the course of such attendance;
>     "(B) any travel or transportation to or from such meetings; and
>     "(C) any other related lodging or subsistence.".

**\*9** SEC. 202. REQUIREMENTS FOR THE EDGAR SYSTEM.

>   Section 35A of the Securities Exchange Act of 1934 (15 U.S.C. 78ll) is amended-
>   (1) by striking subsections (a), (b), (c), and (e); and
>   (2) in subsection (d)-
>   (A) by striking "(d)";
>   (B) in paragraph (2), by striking "; and" at the end and inserting a period; and
>   (C) by striking paragraph (3).

SEC. 203. COMMISSION PROFESSIONAL ECONOMISTS.

>   Section 4(b) of the Securities Exchange Act of 1934 (15 U.S.C. 78d(b)) is amended-
>   (1) by redesignating paragraph (2) as paragraph (3); and
>   (2) by inserting after paragraph (1) the following:
>   "(2) Economists.-
>   "(A) Commission authority.-Notwithstanding the provisions of chapter 51 of title 5, United States Code, the Commission is authorized-
>     "(i) to establish its own criteria for the selection of such professional economists as the Commission deems necessary to carry out the work of the Commission;
>     "(ii) to appoint directly such professional economists as the Commission deems qualified; and
>     "(iii) to fix and adjust the compensation of any professional economist appointed under this paragraph, without regard to the provisions of chapter 54 of title 5, United States Code, or subchapters II, III, or VIII of chapter 53, of title 5, United States Code.
>   "(B) Limitation on compensation.-No base compensation fixed for an economist under this paragraph may exceed the pay for Level IV of the Executive Schedule, and no payments to an economist appointed under this paragraph shall exceed the limitation on certain payments in section 5307 of title 5, United States Code.
>   "(C) Other benefits.-All professional economists appointed under this paragraph shall remain within the existing civil service system with respect to employee benefits.".

                    TITLE III-CLERICAL AND TECHNICAL AMENDMENTS
  SEC. 301. CLERICAL AND TECHNICAL AMENDMENTS.

>   (a) Securities Act of 1933.-The Securities Act of 1933 (15 U.S.C. 77 et seq.) is amended as follows:
>   (1) Section 2(a)(15)(i) (15 U.S.C. 77b(a)(15)(i)) is amended-
>   (A) by striking "3(a)(2) of the Act" and inserting "3(a)(2)"; and
>   (B) by striking "section 2(13) of the Act" and inserting "paragraph (13) of this subsection".
>   (2) Section 11(f)(2)(A) (15 U.S.C. 77k(f)(2)(A)) is amended by striking "section 38" and inserting "section 21D(f)".
>   **\*10** (3) Section 13 (15 U.S.C. 77m) is amended-
>   (A) by striking "section 12(2)" each place it appears and inserting  "section

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

H.R. CONF. REP. 105-803                                                                                      Page 8

H.R. CONF. REP. 105-803, H.R. Conf. Rep. No. 803, 105TH Cong., 2ND Sess. 1998, 1998 WL 703964 (Leg.Hist.)

**(Cite as: H.R. CONF. REP. 105-803)**

```
12(a)(2)"; and
     (B) by striking "section 12(1)" each place it appears and inserting  "section
12(a)(1)".
     (4) Section 18 (15 U.S.C. 77r) is amended-
     (A) in subsection (b)(1)(A), by inserting ", or authorized for listing," after
"Exchange, or listed";
     (B) in subsection (c)(2)(B)(i), by striking "Capital Markets Efficiency Act of
1996" and inserting "National Securities Markets Improvement Act of 1996";
     (C) in subsection (c)(2)(C)(i), by striking "Market" and inserting  "Markets";
     (D) in subsection (d)(1)(A)-
      (i) by striking "section 2(10)" and inserting "section 2(a)(10)"; and
      (ii) by striking "subparagraphs (A) and (B)" and inserting "subparagraphs (a)
and (b)";
     (E) in subsection (d)(2), by striking "Securities Amendments Act of 1996" and
inserting "National Securities Markets Improvement Act of 1996"; and
     (F) in subsection (d)(4), by striking "For purposes of this paragraph, the" and
inserting "The".
     (5) Sections 27, 27A, and 28 (15 U.S.C. 77z-1, 77z-2, 77z-3) are transferred to
appear after section 26, in that order.
     (6) Paragraph (28) of schedule A of such Act (15 U.S.C. 77aa(28)) is amended by
striking "identic" and inserting "identical".
     (b) Securities Exchange Act of 1934.-The Securities Exchange Act of 1934  (15
U.S.C. 78 et seq.) is amended as follows:
     (1) Section 3(a)(10) (15 U.S.C. 78c(a)(10)) is amended by striking  "deposit,
for" and inserting "deposit for".
     (2) Section 3(a)(12)(A)(vi) (15 U.S.C. 78c(a)(12)(A)(vi)) is amended by moving
the margin 2 em spaces to the left.
     (3) Section 3(a)(22)(A) (15 U.S.C. 78c(a)(22)(A)) is amended-
     (A) by striking "section 3(h)" and inserting "section 3"; and
     (B) by striking "section 3(t)" and inserting "section 3".
     (4) Section 3(a)(39)(B)(i) (15 U.S.C. 78c(a)(39)(B)(i)) is amended by striking
"an order to the Commission" and inserting "an order of the Commission".
     (5) The following sections are each amended by striking "Federal Reserve Board"
and inserting "Board of Governors of the Federal Reserve System": subsections (a)
and (b) of section 7 (15 U.S.C. 78g(a), (b)); section 17(g) (15 U.S.C. 78q(g)); and
section 26 (15 U.S.C. 78z).
     (6) The heading of subsection (d) of section 7 (15 U.S.C. 78g(d)) is amended by
striking "Exception" and inserting "Exceptions".
     (7) Section 14(g)(4) (15 U.S.C. 78n(g)(4)) is amended by striking
"consolidation sale," and inserting "consolidation, sale,".
     (8) Section 15 (15 U.S.C. 78o) is amended-
    *11 (A) in subsection (c)(8), by moving the margin 2 em spaces to the left;
     (B) in subsection (h)(2), by striking "affecting" and inserting  "effecting";
     (C) in subsection (h)(3)(A)(i)(II)(bb), by inserting "or" after the semicolon;
     (D) in subsection (h)(3)(A)(ii)(I), by striking "maintains" and inserting
"maintained";
     (E) in subsection (h)(3)(B)(ii), by striking "association" and inserting
"associated".
     (9) Section 15B(c)(4) (15 U.S.C. 78o-4(c)(4)) is amended by striking "convicted
by any offense" and inserting "convicted of any offense".
     (10) Section 15C(f)(5) (15 U.S.C. 78o-5(f)(5)) is amended by striking  "any
person or class or persons" and inserting "any person or class of persons".
     (11) Section 19(c)(5) (15 U.S.C. 78s(c)(5)) is amended by moving the margin 2
```

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

H.R. CONF. REP. 105-803                                                                                          Page 9

H.R. CONF. REP. 105-803, H.R. Conf. Rep. No. 803, 105TH Cong., 2ND Sess. 1998, 1998 WL 703964 (Leg.Hist.)

**(Cite as: H.R. CONF. REP. 105-803)**

em spaces to the right.
    (12) Section 20 (15 U.S.C. 78t) is amended by redesignating subsection  (f) as subsection (e).
    (13) Section 21D (15 U.S.C. 78u-4) is amended-
    (A) in subsection (g)(2)(B)(i), by striking "paragraph (1)" and inserting "subparagraph (A)".
    (B) by redesignating subsection (g) as subsection (f); and
    (14) Section 31(a) (15 U.S.C. 78ee(a)) is amended by striking "this subsection" and inserting "this section".
    (c) Investment Company Act of 1940.-The Investment Company Act of 1940  (15 U.S.C. 80a-1 et seq.) is amended as follows:
    (1) Section 2(a)(8) (15 U.S.C. 80a-2(a)(8)) is amended by striking  "Unitde" and inserting "United".
    (2) Section 3(b) (15 U.S.C. 80a-3(b)) is amended by striking "paragraph  (3) of subsection (a)" and inserting "paragraph (1)(C) of subsection (a)".
    (3) Section 12(d)(1)(G)(i)(III)(bb) (15 U.S.C. 80a-12(d)(1)(G)(i)(III)(bb)) is amended by striking "the acquired fund" and inserting "the acquired company".
    (4) Section 18(e)(2) (15 U.S.C. 80a-18(e)(2)) is amended by striking "subsection (e)(2)" and inserting "paragraph (1) of this subsection".
    (5) Section 30 (15 U.S.C. 80a-29) is amended-
    (A) by inserting "and" after the semicolon at the end of subsection (b)(1);
    (B) in subsection (e), by striking "semi-annually" and inserting "semiannually"; and
    (C) by redesignating subsections (g) and (h), as added by section 508(g) of the National Securities Markets Improvement Act of 1996, as subsections (i) and (j), respectively.
    (6) Section 31(f) (15 U.S.C. 80a-30(f)) is amended by striking  "subsection (c)" and inserting "subsection (e)".
    (d) Investment Advisers Act of 1940.-The Investment Advisers Act of 1940  (15 U.S.C. 80b et seq.) is amended as follows:
    **\*12** (1) Section 203(e)(8)(B) (15 U.S.C. 80b-3(e)(8)(B)) is amended by inserting "or" after the semicolon.
    (2) Section 222(b)(2) (15 U.S.C. 80b-18a(b)(2)) is amended by striking "principle" and inserting "principal".
    (e) Trust Indenture Act of 1939.-The Trust Indenture Act of 1939  (15 U.S.C. 77aaa et seq.) is amended as follows:
    (1) Section 303 (15 U.S.C. 77ccc) is amended by striking "section 2" each place it appears in paragraphs (2) and (3) and inserting "section 2(a)".
    (2) Section 304(a)(4)(A) (15 U.S.C. 77ddd(a)(4)(A)) is amended by striking "(14) of subsection" and inserting "(13) of section".
    (3) Section 313(a) (15 U.S.C. 77mmm(a)) is amended-
    (A) by inserting "any change to" after the paragraph designation at the beginning of paragraph (4); and
    (B) by striking "any change to" in paragraph (6).
    (4) Section 319(b) (15 U.S.C. 77sss(b)) is amended by striking "the Federal Register Act" and inserting "chapter 15 of title 44, United States Code,".

SEC. 302. EXEMPTION OF SECURITIES ISSUED IN CONNECTION WITH CERTAIN STATE HEARINGS.

    Section 18(b)(4)(C) of the Securities Act of 1933 (15 U.S.C. 77r(b)(4)(C)) is amended by striking "paragraph (4) or (11)" and inserting "paragraph (4), (10), or (11)".
  And the House agree to the same.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

H.R. CONF. REP. 105-803, H.R. Conf. Rep. No. 803, 105TH Cong., 2ND Sess. 1998, 1998 WL 703964 (Leg.Hist.)

**(Cite as: H.R. CONF. REP. 105-803)**

```
Tom Bliley,
M.G. Oxley,
Billy Tauzin,
Chris Cox,
Rick White,
Anna G. Eshoo,

    Managers on the Part of the House.
Alfonse D'Amato,
Phil Gramm,
Chris Dodd,

    Managers on the Part of the Senate.
```

**\*13** JOINT EXPLANATORY STATEMENT OF THE COMMITTEE OF CONFERENCE

The managers on the part of the House and the Senate at the conference on the disagreeing votes of the two Houses on the amendment of the House to the bill (S. 1260) to amend the Securities Act of 1933 and the Securities Exchange Act of 1934 to limit the conduct of securities class actions under State law, and for other purposes, submit the following joint statement to the House and the Senate in explanation of the effect of the action agreed upon by the managers and recommended in the accompanying conference report:

THE SECURITIES LITIGATION UNIFORM STANDARDS ACT OF 1998
UNIFORM STANDARDS

Title 1 of S. 1260, the Securities Litigation Uniform Standards Act of 1998, makes Federal court the exclusive venue for most securities class action lawsuits. The purpose of this title is to prevent plaintiffs from seeking to evade the protections that Federal law provides against abusive litigation by filing suit in State, rather than in Federal, court. The legislation is designed to protect the interests of shareholders and employees of public companies that are the target of meritless "strike" suits. The purpose of these strike suits is to extract a sizeable settlement from companies that are forced to settle, regardless of the lack of merits of the suit, simply to avoid the potentially bankrupting expense of litigating.

Additionally, consistent with the determination that Congress made in the National Securities Markets Improvement Act [FN1] (NSMIA), this legislation establishes uniform national rules for securities class action litigation involving our national capital markets. Under the legislation, class actions relating to a "covered security" (as defined by section 18(b) of the Securities Act of 1933, which was added to that Act by NSMIA) alleging fraud or manipulation must be maintained pursuant to the provisions of Federal securities law, in Federal court (subject to certain exceptions).

"Class actions" that the legislation bars from State court include actions brought on behalf of more than 50 persons, actions brought on behalf of one or more unnamed parties, and so-called "mass actions," in which a group of lawsuits filed in the same court are joined or otherwise proceed as a single action.

The legislation provides for certain exceptions for specific types of actions. The legislation preserves State jurisdiction over: (1) certain actions that are based upon the law of the State in which the **\*14** issuer of the security in question is incorporated, [FN2] (2) actions brought by States and political subdivisions, and State pension plans, so long as the plaintiffs are named and have authorized

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

H.R. CONF. REP. 105-803, H.R. Conf. Rep. No. 803, 105TH Cong., 2ND Sess. 1998, 1998 WL 703964 (Leg.Hist.)

**(Cite as: H.R. CONF. REP. 105-803)**

participation in the action; and (3) actions by a party to a contractual agreement (such as an indenture trustee) seeking to enforce provisions of the indenture.

Additionally, the legislation provides for an exception from the definition of "class action" for certain shareholder derivative actions.

Title II of the legislation reauthorizes the Securities and Exchange Commission (SEC or Commission) for Fiscal Year 1999. This title also includes authority for the SEC to pay economists above the general services scale.

Title III of the legislation provides for corrections to certain clerical and technical errors in the Federal securities laws arising from changes made by the Private Securities Litigation Reform Act of 1995 [FN3] (the "Reform Act") and NSMIA.

The managers note that a report and statistical analysis of securities class actions lawsuits authored by Joseph A. Grundfest and Michael A. Perino reached the following conclusion:

The evidence presented in this report suggests that the level of class action securities fraud litigation has declined by about a third in federal courts, but that there has been an almost equal increase in the level of state court activity, largely as a result of a "substitution effect" whereby plaintiffs resort to state court to avoid the new, more stringent requirements of federal cases. There has also been an increase in parallel litigation between state and federal courts in an apparent effort to avoid the federal discovery stay or other provisions of the Act. This increase in state activity has the potential not only to undermine the intent of the Act, but to increase the overall cost of litigation to the extent that the Act encourages the filing of parallel claims. [FN4]

Prior to the passage of the Reform Act, there was essentially no significant securities class action litigation brought in State court. [FN5] In its Report to the President and the Congress on the First Year of Practice Under the Private Securities Litigation Reform Act of 1995, the SEC called the shift of securities fraud cases from Federal to State court "potentially the most significant development in securities litigation" since passage of the Reform Act. [FN6]

The managers also determined that, since passage of the Reform Act, plaintiffs' lawyers have sought to circumvent the Act's provisions by exploiting differences between Federal and State laws ***15** by filing frivolous and speculative lawsuits in State court, where essentially none of the Reform Act's procedural or substantive protections against abusive suits are available. [FN7] In California, State securities class action filings in the first six months of 1996 went up roughly five-fold compared to the first six months of 1995, prior to passage of the Reform Act. [FN8] Furthermore, as a state securities commissioner has observed:

It is important to note that companies can not control where their securities are traded after an initial public offering. * * * As a result, companies with publicly-traded securities can not choose to avoid jurisdictions which present unreasonable litigation costs. Thus, a single state can impose the risks and costs of its pecular litigation system on all national issuers. [FN9]

The solution to this problem is to make Federal court the exclusive venue for most securities fraud class action litigation involving nationally traded securities.

### SCIENTER

It is the clear understanding of the managers that Congress did not, in adopting the Reform Act, intend to alter the standards of liability under the Exchange Act.

The managers understand, however, that certain Federal district courts have interpreted the Reform Act as having altered the scienter requirement. In that regard, the managers again emphasize that the clear intent in 1995 and our

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

H.R. CONF. REP. 105-803                                                                                          Page 12

H.R. CONF. REP. 105-803, H.R. Conf. Rep. No. 803, 105TH Cong., 2ND Sess. 1998, 1998 WL 703964 (Leg.Hist.)

**(Cite as: H.R. CONF. REP. 105-803)**

continuing intent in this legislation is that neither the Reform Act nor S. 1260 in any way alters the scienter standard in Federal securities fraud suits.

Additionally, it was the intent of Congress, as was expressly stated during the legislative debate on the Reform Act, and particularly during the debate on overriding the President's veto, that the Reform Act establish a heightened uniform Federal standard on pleading requirements based upon the pleading standard applied by the Second Circuit Court of Appeals. Indeed, the express language of the Reform Act itself carefully provides that plaintiffs must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." The Managers emphasize that neither the Reform Act nor S. 1260 makes any attempt to define that state of mind.

The managers note that in Ernst and Ernst v. Hochfelder [FN10], the Supreme Court left open the question of whether conduct that was not intentional was sufficient for liability under the Federal securities laws. The Supreme Court has never answered that question. The Court expressly reserved the question of whether reckless behavior is sufficient for civil liability under section 10(b) and Rule ***16** 10b-5 in a subsequent case, Herman & Maclean v. Huddleston [FN11] , where it stated, "We have explicitly left open the question of whether recklessness satisfies the scienter requirement."

The managers note that since the passage of the Reform Act, a data base containing many of the complaints, responses and judicial decisions on securities class actions since enactment of the Reform Act has been established on the Internet. This data base, the Securities Class Action Clearinghouse, is an extremely useful source of information on securities class  actions. It can be accessed on the world wide web at http://securities.stanford.edu. The managers urge other Federal courts to adopt rules, similar to those in effect in the Northern District of California, to facilitate maintenance of this and similar data bases.

  Tom Bliley,
  M.G. Oxley,
  Billy Tauzin,
  Chris Cox,
  Rick White,
  Anna G. Eshoo,

      Managers on the Part of the House.
  Alfonse D'Amato,
  Phil Gramm,
  Chris Dodd,

      Managers on the Part of the Senate.

  FN1 Public law 104-290 (October 11, 1996).

  FN2 It is the intention of the managers that the suits under this exception be limited to the state in which issuer of the security is incorporated, in the case of a corporation, or state of organization, in the case of any other entity.

  FN3 Public Law 104-67 (December 22, 1995).

  FN4 Grundfest, Joseph A. & Perino, Michael A., Securities Litigation Reform: The First Year's Experience: A Statistical and Legal Analysis of Class Action Securities Fraud Litigation under the Private Securities Litigation Reform Act of 1995, Stanford Law School (February 27, 1997).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

H.R. CONF. REP. 105-803                                                                                         Page 13

H.R. CONF. REP. 105-803, H.R. Conf. Rep. No. 803, 105TH Cong., 2ND Sess. 1998, 1998 WL 703964 (Leg.Hist.)

**(Cite as: H.R. CONF. REP. 105-803)**

  FN5 Id. n. 18.

  FN6 Report to the President and the Congress on the First Year of Practice Under the Private Securities Litigation Reform Act of 1995, U.S. Securities and Exchange Commission, Office of the General Counsel, April 1997 at 61.

  FN7 Testimony of Mr. Jack G. Levin before the Subcommittee on Finance and Hazardous Materials of the Committee on Commerce, House of Representatives, Serial No. 105-85, at 41-45 (May 19, 1998).

  FN8 Id. at 4.

  FN9 Written statement of Hon. Keith Paul Bishop, Commissioner, California Department of Corporations, submitted to the Senate Committee on Banking, Housing and Urban Affairs' Subcommittee on Securities" "Oversight Hearing on the Private Securities Litigation Reform Act of 1995," Serial No. 105-182, at 3 (July 27, 1998).

  FN10 425 U.S. 185 (1976).

  FN11 459 U.S. 375 (1983).

 H.R. CONF. REP. 105-803, H.R. Conf. Rep. No. 803, 105TH Cong., 2ND Sess. 1998, 1998 WL 703964 (Leg.Hist.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.