**Tab 8**

LEXSEE 2002 U.S. DIST. LEXIS 6152

**TARA LAZAR, on behalf of herself and all others similarly situated, Plaintiffs, v. DANIEL GREGERSON, et al., Defendants.**

**No. C 02-0652 SI**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**2002 U.S. Dist. LEXIS 6152**

**April 5, 2002, Decided**
**April 8, 2002, Filed; April 9, 2002, Entered in Civil Docket**

**DISPOSITION:** [*1] Plaintiff's motion to remand was granted and action was remanded to the San Francisco Superior Court. Defendants' motion to dismiss was denied as moot.

**COUNSEL:** For Tara Lazar, Plaintiff: Darren J. Robbins, William S. Lerach, Milberg Weiss Bershad Hynes & Lerach LLP, San Diego, CA.

For Daniel Gregerson, Defendant: Ignacio E. Salceda, Steven M. Schatz, Wilson Sonsini Goodrich & Rosati, Palo Alto, CA.

**JUDGES:** SUSAN ILLSTON, United States District Judge.

**OPINION BY:** SUSAN ILLSTON

**OPINION**

**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND AND REMANDING ACTION TO SAN FRANCISCO SUPERIOR COURT**

On April 5, 2002, the Court heard argument on plaintiff's motion for remand and defendants' motion to dismiss. Having considered the arguments of counsel and the papers submitted, and for the reasons set forth below, the Court hereby GRANTS plaintiff's motion, REMANDS this action to the San Francisco Superior Court where it was filed, and DENIES defendants' motion to dismiss as moot.

**BACKGROUND**

This putative class action lawsuit was brought on behalf of former holders of stock in PeerLogic, Inc. ("PeerLogic") against PeerLogic's former chairman, Daniel Gregerson, following the acquisition of PeerLogic by Critical Path, [*2] Inc. ("Critical Path"). Notice of Removal, Ex. A ("Compl.") at P 1. The complaint, filed on November 9, 2001 in San Francisco Superior Court, alleges causes of action of breach of fiduciary duty and breach of the duty of candor and full disclosure. Compl. at PP 50-59. Class actions on behalf of an overlapping class of plaintiffs were also filed in federal court, commencing in February, 2001. *See* Salceda Decl. Ex. A (consolidated class action complaint filed in *In re Critical Path, Inc. Securities Litigation*, (C 01-0055 WHA)).

On February 6, 2002, defendants removed this action pursuant to the Securities Litigation Uniform Standards Act of 1998 ("SLUSA" or "the Act"), 15 U.S.C. § 77p and 28 U.S.C. 1441(a). Notice of Removal at PP 3-5. Thereafter, defendants filed a motion to dismiss, arguing that plaintiff's claims are preempted by SLUSA; and plaintiffs moved to remand, arguing that removal under SLUSA was improper. Both motions are presently before this Court.

**LEGAL STANDARD**

The removal statute, 28 U.S.C. § 1441(a), provides in relevant part that "any civil action brought in a state court of which [*3] district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing a place where such action is pending." 28 U.S.C. § 1441(a). Federal law provides that a district court shall remand any action in which subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c). Courts must strictly construe the removal statute against removal jurisdiction. *See Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir 1988). Federal jurisdiction must be rejected if there is any doubt as to the

right of removal in the first instance. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir 1992). The burden of establishing grounds for federal jurisdiction rests on the removing party. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988).

**DISCUSSION**

Defendants argue that plaintiff's claims are preempted by federal securities laws, and that dismissal is therefore required. Defs.'s Mot. to Dismiss at 4:12-6:8. Plaintiff argues that defendants' removal of this action was improper, because [*4] plaintiff's complaint only alleges violations of state law, and because the claims fall under a provision of SLUSA excepting certain actions from preemption. Pl.'s Mot. at 6:15-11:2.

In 1995, Congress enacted the Private Securities Litigation Reform Act ("PSLRA"), which imposed heightened procedural and substantive standards on class action plaintiffs in private securities actions in federal courts. *See* Pub. L. No. 104-67. Three years later, to prevent circumvention of the PSLRA by bringing securities lawsuits in state rather than federal courts, Congress enacted SLUSA. *See* Def.'s Oppo. at 3:21-4:10; Salceda Decl. at Ex. E (H.R. Conf. Rep. No. 105-803 (1998)). SLUSA provides as follows:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging--
>
> > (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
> >
> > (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 77p(b) [*5] . SLUSA goes on to state: "Any covered class action brought in any State Court involving a covered security . . . shall be removable to the Federal district court for the district in which the action is pending." 15 U.S.C. § 77p(c).[1]

---

[1] The phrases "covered class action" and "covered security" are defined in §§ 16(f)(2)(A), (3) of SLUSA, and are not in dispute in the present motion.

The following subsection of the Act, 15 U.S.C. § 77p(d)(1), entitled "Preservation of certain actions," permits certain covered class actions to be maintained in state court:

> (A) Actions Preserved. -- . . . [A] covered class action described in subparagraph (B) of this paragraph that is based upon the statutory or common law of the State in which the issuer is incorporated . . . may be maintained in a State or Federal court by a private party.
>
> (B) Permissible Actions. -- A covered class action is described in this subparagraph if it involves:
>
> > (i) the purchase [*6] or sale of securities by the issuer or an affiliate of the issuer exclusively from or to holders of equity securities of the issuer; or
> >
> > (ii) any recommendation, position, or other communication with respect to the sale of securities of the issuer that--
> >
> > > (I) is made by or on behalf of the issuer or an affiliate of the issuer to holders of equity securities of the issuer; and
> > >
> > > (II) concerns decisions of those equity holders with respect to voting their securities, acting in response to a tender or exchange offer, or exercising dissenters' or appraisal rights.

Case 3:07-cv-03332-PJH   Document 20-9   Filed 08/29/2007   Page 4 of 6

Page 3
2002 U.S. Dist. LEXIS 6152, *

15 U.S.C. 77p(d)(1).

If an action is a "covered class action" that does not fall under this exemption, it is properly removed and dismissed. *See, e.g., Gilmore v. MONY Life Ins. Co. of America*, 165 F. Supp. 2d 1276, 1278 (M.D. Ala. 2001). If a covered action is determined to be "preserved" under the so-called "Delaware carve-out" exemption provision of SLUSA, it must be remanded to state court. *See, e.g., Gibson v. PS Group Holdings, Inc.*, 2000 U.S. Dist. LEXIS 3158 at *12 (S.D. Cal. Mar. 8, 2000). Neither party seriously argues that this is not a [*7] "covered class action" under SLUSA. The sole issue presented by the parties' motions is, therefore, whether plaintiffs' complaint falls within the scope of the "Delaware carve-out" exemption.

Turning to the complaint itself, it alleges that Gregerson and the Doe defendants breached their duties of loyalty, due care and candor to plaintiff by failing to ensure that the acquisition agreement reached between PeerLogic and Critical Path was fair and in the best interests of PeerLogic's shareholders; failing to ensure that merger materials disseminated to the class did not contain material misrepresentations of fact; and failing to conduct a reasonable investigation prior to the acquisition. Compl. at P 2. Plaintiff alleges that "Defendants' willingness to ignore Critical Path's fraudulent accounting practices and false financial statements" resulted from their desire "to obtain significant payments for themselves via lucrative 'employment contracts,' 'severance agreements,' 'non-compete contracts' and/or 'consulting' agreements which were contemporaneously negotiated by defendants for their own benefit." Compl. at P 3.

Specifically, the complaint alleges that on August 8, 2000, Critical [*8] Path and PeerLogic issued a joint statement announcing that an acquisition would occur and stating that the acquisition did not impact Critical Path's "commitment to fourth quarter 2000 profitability." Compl. at P 26. The complaint alleges that defendants were provided with Critical Path financial information in the course of due diligence in preparation for the acquisition, and that defendants "failed to confirm the accuracy of the figures, assumptions or estimates provided by Critical Path." Compl. at P 27. It alleges that, on the day after the acquisition, Critical Path issued a release touting the strengths of the new combination. Compl. at P 28.

The complaint further alleges that the merger materials disseminated to PeerLogic shareholders incorporated false financial data provided by Critical Path to the PeerLogic board. Compl. at PP 31, 32. This information included Critical Path's financial statements, a statement for the combined companies for a one year period, and documents filed with the SEC stating that the financial statements were prepared in accordance with GAAP and fairly represented Critical Path's financial condition. Compl. at PP 31, 33. The complaint alleges that, [*9] by releasing these materials, PeerLogic's board exposed its shareholders to undisclosed risks and uncertainties. Comp. at P 33. The complaint also alleges that PeerLogic's board of directors falsely stated that the acquisition was in the best interests of the company and its shareholders. Compl. at P 33.

Finally, the complaint describes the loss of 55% of the value of Critical Path stock when, on January 19, 2001, Critical Path announced a loss for the forth quarter of 2000 and projected losses into 2001. Compl. at P 37. Critical Path formed a committee to investigate its financial disclosures, and on February 15, 2001, admitted that its fourth quarter 2000 results were false. Compl. at PP 38, 39. On April 5, 2001, Critical Path admitted that its third quarter 2000 revenues were overstated. Compl. at P 40. The complaint alleges that these third and forth quarter statements violated GAAP principles. Compl. at PP 42-44. Based on these factual allegations, the complaint asserts causes of action for breach of the fiduciary duties of due care and loyalty, and breach of the duty of candor and full disclosure, against PeerLogic CEO Gregerson and 100 Doe defendants. Compl. at PP 50-59.

[*10] The complaint thus "is based upon the statutory or common law" of California, which is the state in which PeerLogic was incorporated. In is undisputed that no federal question appears on the face of the complaint. The complaint seeks relief based on common law duties, not federal securities law. SLUSA establishes federal courts' exclusive jurisdiction over actions brought "to enforce any liability or duty created by [the Securities Exchange Act of 1934] or the rules and regulations thereunder." 15 U.S.C. § 78aa. Even though the complaint alleges false statements and omissions made by defendants in connection with the acquisition, plaintiff is not seeking to "enforce any liability or duty" arising under federal securities law. *See Klein v. Southwest Gas Corp.*, 1999 U.S. Dist. LEXIS 22979 (S.D. Cal. 1999) at *15-*16.

Defendants argue that the Court should look behind the claims to find that the "gravamen of the complaint is that Critical Path made misrepresentations to PeerLogic and its shareholders." Defs.'s Oppo. at 6:9-10. Although the factual basis for plaintiff's claims undeniably involves actions taken by Critical Path, the Court finds [*11] that, on the whole, the gravamen of the complaint concerns alleged wrongdoing by PeerLogic's board. Specifically, plaintiff alleges that Gregerson failed sufficiently to inquire into Critical Path's financial state, disseminated false information about the acquisition to

PeerLogic shareholders, and falsely advised them that the acquisition was in their "best interests," all to secure personal benefits from the transaction. Compl. at PP 2-3, 10, 32-34. The Court therefore rejects defendants' invitation to recast plaintiff's complaint as a federal securities action.

Plaintiff's claims, moreover, fall directly under the explicit exclusionary language of § 77p(d). Plaintiff and other former holders of PeerLogic stock claim that defendants breached their duties to PeerLogic shareholders, and that this breach occurred in defendants' communications concerning a proposed acquisition. Under SLUSA, such a claim is not removable. Defendants' argument to the contrary is essentially the same as their argument concerning the gravamen of the complaint, namely, that plaintiff's claims are fundamentally that she was harmed by Critical Path's alleged misstatements, not PeerLogic's. *See* Defs.'s [*12] Oppo. at 8:20-9:9.

The instant case is substantially similar to *Klein v. Southwest Gas Corp,* in which a district court remanded a shareholder class action suit alleging violations of fiduciary duties by Southwest Gas board members in connection with their decision to merge with ONEOK, Inc. *See Klein*, 1999 U.S. Dist. LEXIS 22979 at *2-*5. The Southwest Gas board rejected an unsolicited, higher bid from another company, and Southwest shareholders sought a temporary restraining order enjoining the defendants from completing the merger. 1999 U.S. Dist. LEXIS 22979 at *3. Plaintiffs alleged that the defendants breached their fiduciary duties by approving the allegedly inferior offer; breached their duty of candor by failing to disclose and/or misrepresenting facts about the existence and nature of the competing offer; and violated California statutory law by approving a merger providing for disparate payment to certain board member shareholders. 1999 U.S. Dist. LEXIS 22979 at *14. The court found that these claims fell under the exception laid out in § 77p(d). 1999 U.S. Dist. LEXIS at *19. *See, also, Gibson v. PS Group Holdings, Inc.*, 2000 U.S. Dist. LEXIS 3158 (S.D. Cal. 2000) (finding the action was [*13] a "covered class action," but that the claims fell under the § 77p(d) exemption). For the reasons described above, defendants' attempt to distinguish *Klein* based on their assertion that "the bulk of the Complaint is predicated on Critical Path's statements or omissions," is unpersuasive. *See* Defs.'s Oppo. at 9 n.6.

Finally, plaintiff requests that she be awarded fees and costs in connection with defendants' removal under 28 U.S.C. § 1447(c). Pl.'s Mot. At 11:4-12:3. An award of attorney's fees is not mandatory and is within the discretion of the court, "to be exercised based on the nature of the removal and the nature of remand." *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 446 (9th Cir. 1992). Under the circumstances, the Court finds that an award of fees and costs is unjustified, and plaintiff's request is DENIED.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to remand is hereby GRANTED and this action is REMANDED to the San Francisco Superior Court. Defendants' motion to dismiss is DENIED as moot.

**IT IS** [*14] **SO ORDERED.**

Dated: April 5, 2002

SUSAN ILLSTON

United States District Judge