**Tab 9**

LEXSEE 2007 US DIST LEXIS 14547

**REBECCA PROCTOR, REX BROOKS, JOHN DONOVAN, ROBERT NEEDLES, et al. on behalf of Siliconix, Inc., themselves, and on behalf of all minority shareholders of Siliconix, Inc., similarly situated, Plaintiffs, v. VISHAY INTERTECHNOLOGY, INC., VISHAY TEMIC SEMICONDUCTOR ACQUISITION HOLDINGS CORPORATION, SILICONIX, INC., ERNST & YOUNG, FELIX D. ZANDMAN, and DOES 1 through 20, inclusive, Defendants.**

Case Number C 06-04134 JF

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

2007 U.S. Dist. LEXIS 14547

February 13, 2007, Decided
February 13, 2007, Filed

**NOTICE:** [*1] NOT FOR CITATION

**SUBSEQUENT HISTORY:** Summary judgment granted by, Dismissed by Proctor v. Vishay Intertechnology, Inc., 2007 U.S. Dist. LEXIS 55112 (N.D. Cal., July 19, 2007)

**COUNSEL:** For Rebecca Proctor, on behalf of Siliconix, Inc., on behalf of herself, and on behalf of all minority shareholders of all minority shareholders of Siliconix, Inc. similarly situated, Plaintiff: Joseph Wood, LEAD ATTORNEY, San Francisco, CA; James A. Hennefer, Hennefer & Wood, San Francisco, CA.

For Vishay Intertechnology, Inc., Vishay Temic Cemiconductor Acquisition Holdings Corporation, Felix D. Zandman, Defendants: Daniel H. Bookin, LEAD ATTORNEY, Dhaivat H. Shah, O'Melveny & Myers LLP, San Francisco, CA; Alan R. Friedman, Jonathan M. Wagner, Norman C. Simon, Kramer Levin Naftalis & Frankel LLP, New York, NY US.

For Ernst & Young LLP, Defendant: Patrick Edward Gibbs, LEAD ATTORNEY, Latham & Watkins LLP, Menlo Park, CA; David Michael Friedman, Peter Alan Wald, Latham & Watkins, San Francisco, Ca; Karli E. Sager, Latham & Watkins LLP, San Francisco, CA.

**JUDGES:** JEREMY FOGEL, United States District Judge.

**OPINION BY:** JEREMY FOGEL

**OPINION**

ORDER [1] (1) DENYING MOTION TO REMAND AND (2) DENYING PLAINTIFF'S REQUEST FOR COSTS AND ATTORNEY'S FEES

   1  This disposition is not designated for publication and may not be cited.

[*2] [Docket No. 14]

**I. BACKGROUND**

Plaintiffs filed the original complaint in this action in the San Francisco Superior Court on August 12, 2002 on behalf of the minority shareholders of Siliconix, Inc. ("Siliconix"). Notice of Removal (hereinafter "Removal") Ex. B. The complaint brought (1) a shareholder's derivative action against Defendants for breach of fiduciary duty and waste of corporate assets and (2) a class action for breach of fiduciary duty. *Id.* It named Vishay Intertechnology, Inc. ("Vishay"); Vishay Temic Semiconductor Acquisition Holdings Corp.; Siliconix, Inc.; and Ernst & Young LLP as Defendants.

KPMG served as the long time auditor of Siliconix. Removal Ex. A P 4. In 1998, Vishay acquired 80.4% of Siliconix's stock. *Id.* After the merger of Siliconix and Vishay, Ernst & Young replaced KPMG as Siliconix's auditor. *Id.* P 3. Plaintiffs allege that Ernst & Young, as Siliconix's auditor, repeatedly breached its duty of care to Siliconix. *Id.* PP 5-6. Plaintiffs also allege that Ernst & Young conspired with and aided and abetted the other Defendants in "intentionally driving down the price of Siliconix so that Vishay could acquire the stock of Sili-

Case 3:07-cv-03332-PJH   Document 20-10   Filed 08/29/2007   Page 3 of 8

Page 2
2007 U.S. Dist. LEXIS 14547, *

conix's [*3] minority shareholders below the stock's true value." Id. P 7. Plaintiffs further allege that Ernst & Young aided and abetted the misappropriation of millions of dollars of Siliconix's sales commissions through the restructuring of Siliconix after the merger. Id. PP 7-8.

Plaintiffs claim that they filed the original complaint to "seek fair compensation for the assets Vishay drained from Siliconix." Memorandum of Points and Authorities in Support of Motion for Remand (hereinafter "Remand Memo.") 4. Plaintiffs assert that Defendants were not served with the original complaint because of resolution efforts through Siliconix and the Securities Exchange Commission ("SEC") procedures. Id. at 6-7. Plaintiffs allege that throughout 2003 and 2004, the minority Siliconix shareholders were unable to stop Vishay's misconduct or to recover Siliconix's losses outside the courtroom. Id. at 4. Thus, Plaintiffs filed the First Amended Complaint ("FAC") on January 10, 2005 in the Santa Clara Superior Court. Id.

Plaintiffs first served Ernst & Young on January 14, 2005. Removal P 6. Plaintiffs allege that as a result of their filing of the FAC, Vishay acted to prevent Plaintiffs' [*4] recovery by (1) making a tender offer on April 12, 2005, to acquire the shares of Siliconix minority shareholders (representing 19.6% of the total Siliconix shares); and (2) implementing a "freeze out merger" when it forced minority shareholders who did not accept the tender offer to sell their Siliconix shares at prices below the fair value which "would have existed 'but for' Vishay's looting of Siliconix." Remand Memo. 4-5. Plaintiffs allege that in the tender offer and "freeze out merger," Vishay did not make proper disclosure; or give shareholders' adequate notice of their rights. Id. As a result of the tender offer, several civil actions were filed in the Delaware Chancery Court and consolidated. Id. Plaintiffs in the Delaware case settled with Vishay on October 25, 2005, after Vishay agreed to increase its tender offer from 2.64 to 3.075 shares of Vishay common stock for each share of Siliconix common stock ("Delaware Settlement"). Id. Plaintiffs allege that the settlement ignores the "value of Siliconix lost to Vishay by Vishay's looting." Id.

On September 28, 2005, the Santa Clara Superior Court [2] sustained Ernst & Young's demurrer, holding that the FAC failed [*5] to allege sufficient facts that showed that Ernst & Young owed and breached a fiduciary duty or that a conspiracy existed. Notice of Removal Ex. D P 5. Plaintiffs filed their Second Amended Complaint ("SAC") in the state court on November 21, 2005. Id. P 9. In addition to the previously asserted claims for relief, Plaintiffs also asserted a claim for quasi appraisal against all parties. Id. P 10. On April 27, 2006, the state court again sustained Ernst & Young's demurrer, finding that there were insufficient allegations that Ernst & Young owed and breached a fiduciary duty or that a conspiracy existed. Id. P 11. Additionally, the state court dismissed Plaintiffs' claim for quasi appraisal relief without leave to amend for insufficient allegation of facts. Removal Ex. F, at 1.

2   All references hereinafter to the "state court" refer to the Santa Clara Superior Court.

Plaintiffs filed an SAC Amendment ("Amendment") in the state court on May 31, 2006. Defendants assert that Plaintiffs alleged for the [*6] first time that Ernst & Young repeatedly had made false or incomplete and misleading financial reports and statements regarding Siliconix. Removal P 13; Removal Ex. A P 9. On June 13, 2006, the Vishay Defendants [3] requested that the state court dismiss the action based on an order from the Delaware Chancery Court enjoining Plaintiffs from prosecuting this action in light of the Delaware Settlement. Remand Memo. 9. The state court refused to do so, remarking that "I think it is extraordinary for a court in one state to tell the parties in litigation in this state how the court basically ought to be ruling on the issue of whether or not settlement in that other state affects this litigation." Declaration of James A. Hennefer In Support of Motion to Remand P 37.

3   Vishay Intertechnology, Inc., Vishay Temic Semiconductor Acquisition Holdings Corporation, and Felix D. Zandman, the chairman, CEO, and controlling shareholder of Vishay.

On June 30, 2006, Defendants removed this action to this Court on the basis of [*7] 28 U.S.C. § 1331 and 28 U.S.C. § 1441(b). Defendants contend that this Court has original jurisdiction over the action based on 15 U.S.C. § 78bb(f)(1)-(2), the Securities Litigation Uniform Standards Act ("SLUSA"), since Plaintiffs' state court action is a "'covered class action' by a private party alleging 'an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security.'" Removal P 20.

Plaintiffs filed the instant motion to remand on July 31, 2006. Notice of Motion and Motion to Remand (hereinafter "Remand") 1. Plaintiffs deny that the allegations, upon which removal was based, were first raised in the Amendment and maintain that Defendants' time within which to file a Notice of Removal had long since expired when Defendants removed the action. Id. at 2-3. Defendants filed their opposition to the motion on September 15, 2006. Defendants filed a request for judicial notice of the Delaware Settlement and Order for Injunction on the same date. Plaintiffs replied on September 22, 2006. The Court heard oral argument on October 6, 2006.

## II. DISCUSSION

Plaintiffs [*8] move to remand the action to the state court on the ground that removal was untimely and because SLUSA does not apply to the instant case. For the reasons discussed below, the Court will deny the motion.

### A. Timely Removal

#### 1. Legal Standard

In general, removal is proper when the federal court would have had jurisdiction had the claim originally been filed in federal court. 28 U.S.C. § 1441(a). A defendant must file for removal within thirty days of receipt of a copy of the initial pleading setting forth the claim upon which the removal action is based. 28 U.S.C. § 1446(b). If grounds for removal do not appear from the initial pleading, the time for removal is thirty days after receipt by defendant of a copy of the amended pleading, motion, order or other paper from which it appears that removal is proper. 28 U.S.C. § 1446(b). The right to remove belongs to multiple defendants jointly. Therefore, an action cannot be removed unless all defendants who may properly do so join in the removal notice. *Hewitt* v. *City of Stanton,* 798 F.2d 1230, 1232 (9th Cir. 1986); 28 U.S.C. 1446(a) [*9] . Removal may be improper due to (1) lack of subject matter jurisdiction in federal court or (2) defects in the removal proceedings. The removal statute is strictly construed against removal jurisdiction, and federal jurisdiction must be rejected if there is any doubt about the right of removal. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).

#### 2. Analysis

Plaintiffs contend that Defendants' removal is improper on three grounds. First, Plaintiffs allege that the Vishay Defendants' failure to file a formal joinder to Ernst & Young's Notice of Removal violates the procedural requirements of a proper removal. Second, Plaintiffs argue that the Amendment only clarifies facts tying Ernst & Young to the first and second claims for relief, and that the allegations made against Ernst & Young in the FAC and SAC put Ernst & Young on notice regarding the nature of the action and any grounds for removal. Plaintiffs assert that Ernst & Young was on notice of the claim against it not later than the service of the SAC on November 21, 2005, and that the time for removal had expired months before the Notice of Removal was filed on July 31, 2006. Third, Plaintiffs allege [*10] that Defendants waived their right of removal by taking actions to litigate the matter in state court.

#### i. Failure to File a Formal Joinder

Defendants maintain that the Vishay Defendants' stated consent to removal within the Notice of Removal satisfies the requirement that all Defendants join in the notice of removal. Alternatively, Defendants argue that the Ninth Circuit does not require a formal joinder and that any defect has been cured by the Vishay Defendants' filing of a formal joinder on September 15, 2006.

The Ninth Circuit has held that "a procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court." *Parrino* v. *FHP, Inc.,* 146 F.3d 699, 703 (9th Cir. 1998) (citing *Caterpillar, Inc.* v. *Lewis,* 519 U.S. 61, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996)). In *Parrino,* the Ninth Circuit allowed the procedural defect to be cured by a co-defendant's joining of the notice of removal almost two months after service of Parrino's complaint. *Id.* The Ninth Circuit described a remand on such procedural grounds as an "empty formality." *Id.* Ernst & Young's Notice of Removal [*11] stated that the Vishay Defendants had consented to removal. Upon learning Plaintiffs' allegations, the Vishay Defendants subsequently filed a formal joinder. The Court concludes that Defendants had adequately cured any procedural defect in the Notice of Removal.

#### ii. Failure to File Notice of Removal Within 30 Days

The thirty day period within which to remove begins to run only after a defendant receives a pleading that shows on its face the facts necessary for federal court jurisdiction. *Durham* v. *Lockheed Martin Corp.,* 445 F.3d 1247, 1250 (9th Cir. 2006) (holding that a federal officer defendant's thirty days to remove commences when the plaintiff discloses sufficient facts for federal officer removal, even if defendant was previously aware of a different basis for removal). As the Ninth Circuit states, "[a]fter *Harris,* we no longer require defendants to take this blind leap - we don't charge defendants with notice of removability until they've received a paper that gives them enough information to remove." *Id.* at 1251.

Defendants assert that they were not aware of the basis of Plaintiffs' first and second claims for relief [*12] until the Amendment was filed on May 31, 2006. Although Plaintiffs contend that Defendants were on notice of the possible basis for removal from its allegations in the FAC and SAC, neither of these pleadings allege that Ernst & Young gave false opinions in its annual report or made false or intentionally incomplete and misleading statements regarding material facts at shareholder meetings. These allegations first appeared in the Amendment. Defendants could not have argued for removal on the basis of complete preemption under SLUSA until the Amendment.

Moreover, the state court twice sustained demurrers on the basis that Plaintiffs had set forth insufficient facts to link Ernst & Young to the first and second claims for relief. Plaintiffs' general, legally insufficient assertion that Ernst & Young breached its fiduciary duty to the minority Siliconix shareholders does not constitute sufficient notice to Defendants that they could remove pursuant to SLUSA. The Court thus concludes that the Notice of Removal was timely.

### iii. Waiver of Defendants' Right of Removal

According to the Plaintiffs, Defendants filed a demurrer and motion to compel arbitration on April 1, 2005; filed [*13] another demurrer on January 6, 2006; and filed a request to dismiss based on the injunction issued by the Delaware court on June 13, 2006. Plaintiffs argue that these actions constituted a waiver of Defendants' right to remove. The Ninth Circuit has explained that

> a party, generally the defendant, may waive the right to remove to federal court where, *after it is apparent that the case is removable,* the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum.

*Resolution Trust Corp.,* v. *Bayside Developers,* 43 F.3d 1230, 1240 (9th Cir. 1995) (holding that defendant's petition for rehearing filed in state court on the same date as the notice of removal did not waive defendant's right to remove) (emphasis added). The Ninth Circuit has also held that "a waiver of the right of removal must be clear and unequivocal" and that "in general, 'the right of removal is not lost by action in the state court short of adjudication on the merits." *Id.* (citing *Beighley* v. *F.D.I.C.,* 868 F.2d 776, 782 (5th Cir. 1989)). This Court has concluded [*14] that "it [was] apparent that the case [was] removable" only after the Amendment was filed on May 31, 2006. Defendants' only action in the state court after that date was a request to dismiss on the basis of the Delaware settlement agreement and injunction. This request for dismissal was an attempt to apply the Settlement Agreement to this action, not an effort to adjudicate the present action on the merits. Thus, Defendants' request for dismissal did not clearly and unequivocally waive their right of removal.

### B. Complete Preemption by SLUSA

### 1. Legal Standard

A plaintiff may remove an action from state court where federal law completely preempts the state law basis for the complaint. *See Holman* v. *Laulo-Rowe Agency,* 994 F.2d 666 (9th Cir. 1993). Complete preemption occurs where "Congress clearly manifested an intent to convert state law claims into federal question claims." *Id.* at 668. Complete preemption creates federal removal jurisdiction by "recharacterizing" the state law claim as a federal claim for purposes of the "well pleaded complaint" rule. *Metropolitan Life Ins. Co.* v. *Taylor,* 481 U.S. 58, 63-64, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987). [*15]

The Securities Litigation Uniform Standards Act [4] ("SLUSA") prohibits "private state-law 'covered' class actions alleging untruth or manipulation 'in connection with the purchase or sale' of a 'covered' security" and provides basis for their removal to federal court. *Kircher, et al.* v. *Putnam Funds Trust, et al.,* 126 S. Ct. 2145, 165 L. Ed. 2d 92 (2006) (citing 15 U.S.C. § 77p(b)-(c)). The Ninth Circuit has determined that SLUSA completely preempts covered state law claims. *Patenaude* v. *Equitable Life Assur. Soc. of U.S.,* 290 F.3d 1020, 1023-24 (9th Cir. 2002).

---

4   15 U.S.C. § 78bb.

---

An action must meet four requirements in order for SLUSA to apply: (1) the action must be a covered class action under SLUSA; (2) the action must purport to be based on state law; (3) defendants must be alleged to have misrepresented or omitted a material fact, or to have used or employed a manipulative or deceptive device or contrivance; and (4) defendants' [*16] alleged misrepresentation or omission must have occurred in connection with the purchase or sale of a covered security. 15 U.S.C. § 78bb(f)(1). SLUSA also contains certain exceptions. The exceptions relevant to the instant case are the "exclusively derivative" exception under 15 U.S.C. § 78bb(f)(5)(C), and the "Delaware carve-out" under 15 U.S.C. § 78bb(f)(3)(A)(ii)(II).

### 2. Analysis

Defendants argue that this action meets each of SLUSA's four requirements. First, they contend that the action is a covered class action because SLUSA defines a "covered class action" as one in which "damages are sought on behalf of more than 50 persons or prospective class members." 15 U.S.C. § 78bb(f)(5)(B)(i)(I). Plaintiffs have sued on behalf of two classes, both of which consist of more than fifty prospective class members. [5] Second, Defendants assert that the action purportedly is based on state law claims. In particular, they contend that Plaintiffs' allegations of breach of fiduciary duty meet this requirement. Third, Defendants point to the allegations that Ernst & Young falsely opined in [*17] its an-

nual report and made false or misleading statements at shareholder meetings. Defendants contend that such allegations are consistent with SLUSA's requirement that Defendants are alleged to have misrepresented or omitted a material fact. Fourth, Defendants assert that the Siliconix minority shares at issue qualify as covered securities as they were listed on a national securities exchange prior to the merger.

> 5  The first class will consist of anyone who held Siliconix stock interest from March 2, 1998 to May 12, 2005, resulting in an estimated amount of 600 people. The second class, as a subset of the first, will consist of anyone who held Siliconix stock interest on May 12, 2005 and did not vote in favor of Vishay's tender off, resulting in an estimate of hundreds of prospective class members.

Plaintiffs do not argue that the instant case does not meet the requirements of SLUSA. However, they argue that the action is excepted from SLUSA under 15 U.S.C. § 78bb(f)(5)(C) because it [*18] contains a shareholder's derivative action as its first cause of action. As noted above, section 78bb(f)(5)(C) states that "the term 'covered class action' does not include an exclusively derivative action brought by one or more shareholders on behalf of a corporation." Plaintiffs have asserted both a shareholder's derivative action for harms suffered by Siliconix and class claims for harms alleged suffered by the minority shareholders of Siliconix. "[T]he common understanding of an 'exclusively derivative' action is an action that asserts only derivative claims." *Coykendall* v. *Kaplan,* 2002 U.S. Dist. LEXIS 22483, 2002 WL 319621237, at *3 (N.D. Cal. Aug. 1, 2002). The distinction between derivative and class action are well defined. *See Id.* (citing *Mallia* v. *PaineWebber, Inc.,* 889 F.Supp. 277, 282 (S.D. Tex. 1995)). Because Plaintiffs' SAC, which includes not only a shareholder's derivative action, but also two claims for relief on behalf of a class, is not exclusively a derivative action, the "exclusively derivative" exception does not apply in the instant case.

The parties also dispute whether or not the action falls within the "Delaware carve-out" exception of [*19] 15 U.S.C. § 78bb(f)(3)(A)(ii)(II). The "Delaware carve-out" permits a covered class action to remain in state court if it involves

> any recommendation, position, or other communication with respect to the sale of securities of an issuer that - (aa) is made by or on behalf of the issuer or an affiliate of the issuer to holders of equity securities of the issuer; and (bb) concerns decisions of such equity holders with respect to voting their securities, acting in response to a tender or exchange offer, or exercising dissenters' or appraisal rights.

15 U.S.C. § 78bb(f)(3)(A)(ii)(II). Plaintiffs assert that their second and third claims for relief fit within this description. [6]

> 6  Plaintiffs' second cause of action in the SAC is a class action for Defendants' breach of fiduciary duty. Plaintiffs' stated third cause of action in the SAC is a class action for quasi-appraisal.

Defendants argue that the asserted class claims based on Defendants' breach of [*20] fiduciary duty and quasi-appraisal do not fit within the description of the Delaware carve-out. They argue that the alleged material misstatements made in the financial reports did not relate to the Vishay tender offer, and that to the contrary, Plaintiffs have alleged misconduct occurred throughout the entirety of Ernst & Young's relationship with Siliconix. Such alleged misconduct may have had the effect of lowering the value of Siliconix minority shares in the tender offer, but Defendants argue that the Delaware carve-out encompasses only communications that concern shareholders' actual exercise of voting rights, not a long series of actions that may have had a delayed impact on the exercise of such rights. To interpret the exception otherwise, Defendants argue, would make the exception the rule. Plaintiffs, on the other hand, argue that both class claims fall precisely within the carve-out because the alleged misstatements and false reports ultimately resulted in the lowered value of Siliconix minority shares that were offered to the minority shareholders during the Vishay tender offer.

Other courts have applied the Delaware carve-out only when the alleged misstatements or omissions [*21] have been specifically related to the tender offer or merger. *See Lazar* v. *Gregerson,* 2002 U.S. Dist. LEXIS 6152, 2002 WL 535405, at *3 (N.D. Cal. April 8, 2002) (accepting misstatements in merger material distributed to shareholders as qualifying communication); *Greaves* v. *McAuley,* 264 F.Supp. 2d 1078, 1083 (N.D. Ga. 2003) (accepting press releases and SEC Form S-4 specifically regarding the merger as qualifying communication regarding recommendations to shareholders pursuant to merger agreement); *Alessi* v. *Beracha,* 244 F.Supp. 2d 354, 359 (D. Del. 2003) (accepting press release regarding the buy out program for minority shareholders as qualifying communication under the Delaware carve-out). Similarly, this Court concludes that the Delaware carve-out relates only to communications that are directly related to the exercise of shareholders' voting rights in the context of tender or exchange offers, or dis-

Case 3:07-cv-03332-PJH    Document 20-10    Filed 08/29/2007    Page 7 of 8

Page 6
2007 U.S. Dist. LEXIS 14547, *

senter or appraisal rights. A holding that communications made over an extended period of time and alleged to have some ultimate impact on a shareholder's decision also fall within the exception would render the exception far too broad.

In the Amendment, [*22] Plaintiffs group Ernst & Young's alleged misconduct into three categories: (1) false reporting regarding the Vishay Defendants' misappropriation of Siliconix's sales subsidiaries, (2) false reporting regarding Vishay Defendants' misappropriation of the SAP system, (3) false reporting regarding Siliconix's indebtedness to Comerica Bank, and (4) improper, ineffective and non-independent retention of Ernst & Young as Siliconix's auditor. Plaintiffs allege that Ernst & Young falsely reported that the restructuring of Siliconix's subsidiaries in 1999 had no impact on Siliconix's operating income in Siliconix's 1999 10(k). Plaintiffs also allege that Ernst & Young improperly omitted the Vishay Defendants' uncompensated use of Siliconix's accounting computer system ("the SAP system") from Siliconix's annual report. Plaintiffs further allege that Ernst & Young should have disclosed in Vishay or Siliconix's financial statements that Vishay had added Siliconix to Vishay's line of credit as a permitted borrower and guarantor without any compensation to Siliconix, but that it failed to do so. Finally, Plaintiffs allege that Ernst & Young improperly agreed to its retention by Vishay as auditor [*23] for Siliconix because Richard Grubb, the Chief Financial Officer of Vishay who is alleged to have retained Ernst & Young, was not a director or officer of Siliconix.

These acts of alleged communications took place over a period of approximately five years. No communication alleged by Plaintiffs was made specifically in relation to the tender offer and freeze-out merger. Therefore, because Ernst & Young's alleged communications do not fall within the scope of the Delaware carve-out, the carve-out does not apply to the present case. [7]

7 Defendants also point out that the SAC was filed on November 21, 2005, months before the April 12, 2006 tender offer. Plaintiffs filed the Amendment on May 31, 2006, asserting that Ernst & Young misconduct ultimately impacted the lowered value of the minority Siliconix stock in the tender offer. Defendants argue that Plaintiffs' allegations of Ernst & Young's alleged misconduct were not pled to specifically relate to the tender offer since Plaintiffs' claims against Ernst & Young did not change with the Amendment. Because it concludes that neither the "exclusively derivative" nor the "Delaware carve-out" SLUSA exceptions apply, the Court will not address this argument.

[*24] **C. Request for Attorneys Fees and Costs**

Plaintiffs request attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). When a motion for remand is granted, the Court may order the defendant to pay plaintiff its "just costs and any actual expenses . . . incurred as a result of the removal" at its own discretion. 28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 126 S.Ct. 704, 708-09, 163 L. Ed. 2d 547 (2005). However, as ordered herein, Defendants' removal of this action was proper. Accordingly, Plaintiffs' request for attorney's fees and costs will be denied.

**III. ORDER**

Good cause therefore appearing, IT IS HEREBY ORDERED that the instant motion to remand is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' request for attorney's fees and costs is DENIED.

DATED: February 13, 2007

JEREMY FOGEL

United States District Judge