1  Patrice L. Bishop (182256)
   STULL, STULL & BRODY
2  10940 Wilshire Boulevard
   Suite 2300
3  Los Angeles, CA  90024
   Tel:    (310) 209-2468
4  Fax:    (310) 209-2087

5  [Additional Counsel Appear
   on Signature Page]
6
   Counsel for Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS MYKITYSHYN, on Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> D. JAMES BIDZOS, WILLIAM L. CHENEVICH, DAVID J. COWAN, MICHELLE GUTHRIE, SCOTT G. KRIENS, LEN J. LAUER, ROGER H. MOORE, EDWARD A. MUELLER, GREGORY L. REYES, WILLIAM A. ROPER, JR., STRATTON D. SCLAVOS, LOUIS A. SIMPSON, VERISIGN, INC., <br><br> Defendants. | CASE NO. 07-CV-3332 PJH <br><br> **CLASS ACTION** <br><br> **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND ACTION PURSUANT TO 28 U.S.C. § 1447 FOR LACK OF SUBJECT MATTER JURISDICTION** <br><br> DATE: October 3, 2007 <br> TIME: 9 a.m. <br> JUDGE: HON. PHYLLIS J. HAMILTON <br> DEPT: COURTROOM 3, 17TH FLOOR |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND ACTION PURSUANT TO 28 U.S.C. § 1447 FOR LACK OF SUBJECT MATTER JURISDICTION**
**CASE NO. 07-CV-3332 PJH**
W:\STULL\VERISIGN3\PLD\Mykityshyn Remand Reply.wpd

Plaintiff Thomas Mykityshyn ("Plaintiff") respectfully replies to VeriSign, Inc.'s Opposition Brief (the "Opposition") to Plaintiff's Motion to Remand Action Pursuant to 28 U.S.C. § 1447 for Lack of Subject Matter Jurisdiction (the "Motion").   Plaintiff respectfully renews his request that this Court remand this action to Superior Court of California for the County of Santa Clara.

## I.     **INTRODUCTION**

The Securities Litigation Uniform Standards Act ("SLUSA") does not preempt this action from being filed in a California state court.  *See* 15 U.S.C. § 78bb(f).  Instead, because this action meets the requirements of an exception to SLUSA, a clause commonly referred to as the "Delaware carve-out," this action must be remanded to the Santa Clara County Superior Court.  *See* 15 U.S.C. §17bb(f)(3)(D).  ("[I]f the Federal court determines that the action may be maintained in State court pursuant to this subsection, the Federal court shall remand such action to such State court.")

Plaintiff's California State Complaint alleges that defendants breached their fiduciary duty of disclosure under Delaware law by making misrepresentations and failing to disclose material facts regarding their improper backdating of stock options in order to secure shareholder approval for the issuance of additional VeriSign, Inc. ("VeriSign" or the "Company") shares through amended stock option plans.  To date, the parties have only cited one case which is directly on point to the issue of remanding this action, *City of Ann Arbor Emples. Ret. Sys. v. Gecht*, 2007 U.S. Dist. LEXIS 21928 (N.D. Cal. Mar. 9, 2007), which held that the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. § 78bb(f), Delaware carve-out does apply to claims similar alleged to those alleged by Plaintiff, and therefore the action is not preempted by SLUSA. *Ann Arbor*, 2007 U.S. Dist. LEXIS 21928, *21.

Notably, since plaintiff's filed their Motion, but before defendant filed its Opposition, another court has ruled in favor of the plaintiff on the applicability of the Delaware carve-out to claims similar to those alleged by Plaintiff, *Indiana Elect'l. Workers Pension Trust Fund, IBEW v. Millard*, 2007 U.S. Dist. LEXIS 54203, at *3 (S.D. N.Y. July 26, 2007).[1]

---

[1]  *Indiana Elec'l.,* 2007 U.S. Dist. LEXIS 54203, was decided the day prior (June 24, 2007) to plaintiff's filing his Motion to Remand (June 25, 2007), and filed the day after (June 26, 2007) plaintiff's filing.

2

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND ACTION PURSUANT TO 28 U.S.C. § 1447 FOR LACK OF SUBJECT MATTER JURISDICTION CASE NO. 07-CV-3332 PJH**
W:\STULL\VERISIGN3\PLD\Mykityshyn Remand Reply.wpd

1   According to the *Indiana Elect'l.* Court, the plaintiff's "Class Action Complaint . . . alleg[es]
2   that the defendants, who include officers and directors of L-3 and the corporation itself, breached
3   their fiduciary duty of disclosure under Delaware law by making misrepresentations and failing to
4   disclose material facts about a scheme of improperly backdating stock options and thereby
5   persuading shareholders to vote to authorize an increase in the number of shares available under L-
6   3's stock option plan by 6.5 million." *Indiana Elect'l.*, 2007 U.S. Dist. LEXIS 54203, at *2. After
7   analyzing the applicability of the Delaware carve-out, the Court held that:

> In sum, the defendants cannot escape the plain language of 15 U.S.C. § 78bb(f)3(A)(ii)(II)(bb). Because the plaintiff's allegations relate to communications concerning a shareholder vote to expand L-3's stock option plan, the "voting their securities" element of prong (II) [of SLUSA's Delaware carve-out] is satisfied.
>
> The Court has considered all of the defendants' remaining arguments with respect to prong (II) of the Delaware carve-out and finds them to be either moot or without merit. The Court concludes that the allegations in the Complaint meet every requirement to fall within prong (II) of the carve-out, and therefore the case is **remanded** to the state court pursuant to 15 U.S.C. § 78bb(f)(3)(D) and 28 U.S.C. § 1447(c).

*Indiana Elec'l.*, 2007 U.S. Dist. LEXIS 54203, at *25 (emphasis in original).

In light of *Ann Arbor* and *Indian Elect'l*, this case must be remanded.

**II.    ARGUMENT**

Defendant has failed to meet its burden of establishing that its removal of this action from the Santa Clara Superior Court to this United States District Court was proper at the time it was removed. *See Duncan v. Stuetzle* 76 F.3d 1480, 1485 (9th Cir 1996), *citing Harris v. Provident Life and Accident Ins. Co.*, 26 F.3d 930, 932 (9th Cir. 1994). Accordingly, this action must be remanded to state court.

///

///

### A. Because Plaintiff's Allegations Meet the Individual Prongs of SLUSA's Delaware Carve-Out, This Action May Be Maintained in the California State Court

As more fully alleged in plaintiff's Memorandum of Points and Authorities in support of his Motion, Plaintiff's state law claims involve both:

> (I) the purchase or sale of securities by the issuer or an affiliate of the issuer exclusively from or to holders of equity securities of the issuer; [and/]or
>
> (II) any recommendation, position or other communication with respect to the sale of securities of an issuer that –
>
>> (aa) is made by or on behalf of the issuer or an affiliate of the issuer to holders of equity securities of the issuer; and
>>
>> (bb) concerns decisions of such equity holders with respect to voting their securities, acting in response to a tender or exchange offer, or exercising dissenters' or appraisal rights.

15 U.S.C § 78bb(f)(3)(A)(ii). Accordingly, this Court must remand this action to the Santa Clara Superior Court. *See* 15 U.S.C. §17bb(f)(3)(D).[2]

As outlined in Plaintiff's moving papers, prong "(I)" of the Delaware carve-out applies to this litigation because it "involves" the transfer of stock from VeriSign (the "issuer") to the Company's stock option plans ("holders of equity securities of the issuer"), and thereby to certain of the Company's directors, officers and employees (also "holders of equity securities of the issuer"). *See* 15 U.S.C. §78bb(f)(3)(A)(ii)(I). Defendant's argument in that "no 'purchase or sale of securities by the issuer' is alleged to have occurred" is nonsensical considering it also argues in its Opposition that SLUSA applies because "the alleged misrepresentations or omissions were 'in connection with the purchase or sale' of VeriSign securities." *See* Opposition at 6:7, 10:3-4. Contrary to defendant's desire, it cannot have both. If SLUSA's preemption applies because Plaintiff alleges a purchase or sale of VeriSign securities, prong "(I)" of the Delaware carve-out

---

[2] SLUSA requires remand when a plaintiff's complaint satisfies either 15 U.S.C § 78bb(f)(3)(A)(ii)(I) or 15 U.S.C § 78bb(f)(3)(A)(ii)(II). Satisfaction of both clauses is not necessary. *Id*. *See also Indiana Elect'l*, 2007 U.S. Dist. LEXIS 54203, at *11 (The Court, finding that at argument the parties "focused on prong (II)" and that "prong (II) [was] dispositive," also found that it was "unnecessary to reach prong (I)" before remanding.)

must also apply because the action involves a purchase or sale of securities.  Logic cannot allow a finding that the complaint alleges a purchase or sale of securities for analysis under one part of SLUSA but not the second part (*i.e.* the Delaware carve-out clause), for the mere benefit of the removing defendant.

Prong "(II)" of the Delaware carve-out also applies to this litigation because Plaintiff's Complaint alleges that defendants breached their Delaware state law fiduciary duties by, *inter alia*, disseminating false and misleading proxy statements on April 22, 1999, April 12, 2001, April 3, 2002, April 16, 2003, April 26, 2004, April 26, 2005 and April 10, 2006, which, as more fully outlined in the Complaint, requested VeriSign shareholders vote their shares in favor of a proposal to dedicate an additional 47 million VeriSign shares to Company stock option plans through amendments to the 1998 Option Plans and adoption of the 2006 Plan.  Complaint, at ¶¶30-42; *See also* 15 U.S.C. §78bb(f)(3)(A)(ii)(I).  Indeed, as held by the *Indiana Elec'l* Court, "the alleged communications [to shareholders through proxy statements] were 'with respect to the sale of securities.'"  *Indiana Elec'l.*, 2007 U.S. Dist. LEXIS 54203, at *12-13 and *21.[3]  Accordingly, as in this litigation, "the allegations in the Complaint meet every requirement to fall within prong (II) of the carve-out."  *Id*., 2007 U.S. Dist. LEXIS 54203, at *25.

---

[3] *See also Ann Arbor*, 2007 U.S. Dist. LEXIS 21928:

> Here, there is more than a "tangential relationship between Defendants' allegedly fraudulent communications to shareholders and the prospective sale of securities at issue (*i.e.* stock option grants). [fn omitted] *Falkowski, 309 F.3d at 1130-31*.  The authorization sought by the allegedly misleading proxy statement has a "transaction nexus" with any further options grants. *In re Financial Corp. Of Am. Shareholder Litig.*, 796 F.2d at 1130.  The shareholder authorization was necessary predicate to any further option grants of backdated options, options contemplated by the complaint. [fn omitted] The complaint fairly implies the purpose of the misleading proxy solicitation was to facilitate further backdated options.  There is thus clear causal connection between the proxy statement and the anticipated transaction.

**B.  A Plaintiff May Maintain an Action in a California State Court, Against a Delaware Corporation Headquartered in California, Based on the Common Law of the State of Delaware**

Contrary to VeriSign's argument, the Delaware carve-out **does not** only apply to cases filed in a corporation's state of incorporation.  *See* Opposition at 7:1-2.[4]  Regrettably for defendants, this is not what SLUSA states.  *See* 15 U.S.C § 78bb(f)(3)(A).  What SLUSA does state, in relevant part, is:

> (A) Actions under State law of State of incorporation.
>
>   (i) Actions preserved. Notwithstanding paragraph (1) or (2), <u>a covered class action</u> described in clause (ii) of this subparagraph <u>that is based upon the statutory or common law of the State in which the issuer is incorporated</u> (in the case of a corporation) or organized (in the case of any other entity) **may be maintained in a State** or Federal **court** by a private party.
>
>   (ii) Permissible actions. A covered class action is described in this clause if it involves--
>
>     (I) the purchase or sale of securities by the issuer or an affiliate of the issuer exclusively from or to holders of equity securities of the issuer; or
>
>     (II) any recommendation, position, or other communication with respect to the sale of securities of an issuer that--
>
>       (aa) is made by or on behalf of the issuer or an affiliate of the issuer to holders of equity securities of the issuer; and
>
>       (bb) concerns decisions of such equity holders with respect to voting their securities, acting in response to a tender or exchange offer, or exercising dissenters' or appraisal rights.

15 U.S.C § 78bb(f)(3)(A) (emphasis added).

---

[4] Defendants offer the Court four cases in support of this argument.  Tellingly, the first two cases cited by defendant only state this assertion in dicta, without any analysis or support. *See In re WorldCom, Inc. Sec. Litig.*, 2003 WL 716243, at *15 n. 31 (S.D.N.Y. Mar. 3, 2003); *Drulias v. ADE Corp.*, 2006 U.S. Dist. LEXIS 43285, at *3 (D. Mass. June 26, 2006).  Moreover, the second two, cited in footnote attached to the argument, do not even address this assertion.  *See Friedman v. Alcatel Alsthom*, 752, A.2d 544, 556 (Del. Ch. 1999); *Proctor v. Vishay Intertechnology, Inc.*, 2007 U.S. Dist. LEXIS 14547, at 23 (N.D. Cal. Feb. 13, 2007).

1      Accordingly, pursuant to the **plain language of the statute,** "a covered class action," such as this one, "based upon the . . . common law of the State [of Delaware]," the state of VeriSign's incorporation, "may be maintained in a State [including California] or Federal court" by a "private" plaintiff.  *Id*. [5]

       Tellingly, in a futile attempt to distinguish it from this litigation, the one case cited by defendants which is directly on-point is dumped in a footnote on the last page of its Opposition. *See* Opposition at 14 fn. 12.  Contrary to defendant's assertions, *City of Ann Arbor Emples. Ret. Sys. v. Gecht*, 2007 U.S. Dist. LEXIS 21928 (N.D. Cal. Mar. 9, 2007), is directly on-point.  Further, as in this case, the *Ann Arbor* subject company, Electronics for Imaging, Inc., like defendant VeriSign, Inc., is a Delaware Corporation.  Despite this fact, the United States District Court for the Northern District of California court found the Delaware carve-out did apply to plaintiff's allegations, and, if diversity had not been an issue, the District Court would have remanded the case to the California state court.  The plaintiff had clearly chosen California as his venue because Electronics for Imaging, Inc.'s headquarters is based in California and, pursuant to the Delaware carve-out, the California state court was an appropriate court for the plaintiff's action.

       Similarly, the company which is the subject of the litigation in *Indiana Elect'l.*, 2007 U.S. Dist. LEXIS 54203, L-3 Communications Holdings, Inc. ("L-3"), is also a Delaware Corporation. However, L-3's headquarters is in New York City.  Therefore, *Indiana Elect'l* filed its case in the New York State Supreme Court, New York County.  Accordingly, after completing its analysis and determining SLUSA's Delaware carve-out did apply to *Indiana Elect'l*'s claims, the United States District Court for the Southern District of New York "**remanded** [the action] to the New York State Supreme Court, New York County." *Indiana Elect'l.*, 2007 U.S. Dist. LEXIS 54203, *26 (emphasis in original).

---

[5]  Indeed, if Congress had intended for the law to be construed as argued by defendant, the statute could have easily stated that a case "may be maintained in [a court within the issuer's State of incorporation or organization] or a Federal court by a private party."  However, this is **not** the plain language of the statute.

1  For these same reasons, Plaintiff's Complaint was properly venued in the Santa Clara
2  Superior Court, and this action should be remanded to that Court.

3  **III.  CONCLUSION**

4  For the foregoing reasons, plaintiff respectfully requests the Court remand this action to the
5  Santa Clara Superior Court.

7  Dated: September 19, 2007                Patrice L. Bishop
                                            STULL, STULL & BRODY

                            By:          /s/
                                            Patrice L. Bishop
                                            10940 Wilshire Boulevard
                                            Suite 2300
                                            Los Angeles, CA  90024
                                            Tel:   (310) 209-2468
                                            Fax:   (310) 209-2087

                                            Jules Brody
                                            Aaron L. Brody
                                            STULL, STULL & BRODY
                                            6 East 45th Street
                                            New York, NY 10017
                                            Tel:   (212) 687-7230
                                            Fax:   (212) 490-2022

                                            Joseph H. Weiss
                                            WEISS & LURIE
                                            551 Fifth Avenue
                                            Suite 1600
                                            New York, NY 10176
                                            Tel:   (212) 682-3025
                                            Fax:   (212) 682-3010

                                            Counsel for Plaintiff

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND ACTION PURSUANT TO 28 U.S.C. § 1447 FOR LACK OF SUBJECT MATTER JURISDICTION**
**CASE NO. 07-CV-3332 PJH**
W:\STULL\VERISIGN3\PLD\Mykityshyn Remand Reply.wpd

# PROOF OF SERVICE

STATE OF CALIFORNIA )
)ss.:
COUNTY OF LOS ANGELES )

    I am employed in the county of Los Angeles, State of California, I am over the age of 18 and not a party to the within action; my business address is 10940 Wilshire Boulevard, Suite 2300, Los Angeles, CA 90024.

    On September 19, 2007, I served the document(s) described as **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND ACTION PURSUANT TO 28 U.S.C. § 1447 FOR LACK OF SUBJECT MATTER JURISDICTION** by placing a true copy(ies) thereof enclosed in a sealed envelope(s) addressed as follows:

| | |
|---|---|
| Jules Brody<br>Aaron L. Brody<br>STULL, STULL & BRODY<br>6 East 45th Street<br>New York, NY 10017<br>Tel:  (212) 687-7230<br>Fax:  (212) 490-2022<br><br>Counsel for Plaintiff | Joseph H. Weiss<br>WEISS & LURIE<br>551 Fifth Avenue<br>Suite 1600<br>New York, NY 10176<br>Tel:  (212) 682-3025<br>Fax:  (212) 682-3010<br><br>Counsel for Plaintiff |

I served the above document(s) as follows:

<u>xx</u>    BY MAIL. I am familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in an affidavit.

    I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

    Executed on September 19, 2007, at Los Angeles, California 90024.

| | |
|---|---|
| <u>PATRICE L. BISHOP</u><br>Type or Print Name | <u>      /s/      </u><br>Signature |

1

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND ACTION PURSUANT TO 28 U.S.C. § 1447 FOR LACK OF SUBJECT MATTER JURISDICTION**
**CASE NO. 07-CV-3332 PJH**
W:\STULL\VERISIGN3\PLD\Mykityshyn Remand Reply.wpd